UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDNA TAJONERA,** *et al* | * CIVIL ACTION: 13-0366, |
| | * c/w 13-0550, 13-2496, 13-5137, |
| | * 13-5508, 13-6022, 13-6099, 13-0366, 13-6413, |
| **VERSUS** | * 14-374 |
| | * |
| **BLACK ELK ENERGY OFFSHORE** | *APPLIES TO ALL CASES |
| **OPERATIONS, LLC,** *et al* | * |
| | * JUDGE NANETTE JOLIVETTE BROWN |
| | * |
| | * MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

## Plaintiff Renato Dominguez's Memorandum in Opposition to Motions to Consolidate All Cases for Trial

Plaintiff Renato Dominguez agrees with the Canencia Plaintiffs opposition (Doc. #222) to Black Elk's and Wood Group's motions to consolidate (Doc. # 206 and Doc. #207). Consequently, Dominguez adopts and incorporates the Canencia Plaintiffs' opposition memorandum for all purposes herein.

In addition to the reasons the Canencia Plaintiffs articulated for why a consolidated trial is improper, Dominguez would point out that each of the 46 plaintiffs have inherently individualized damage claims where drastically different types of proof will be required. For instance, Dominguez was severely burned in the explosion. The jury who determines his case will have to hear from burn specialists, mental health providers, vocational rehabilitation experts, and economists. These experts will only be testifying about Dominguez's injuries and how they have affected him. In contrast, other plaintiffs are the families of workers who were killed in the explosion. A different set of plaintiffs are asserting orthopedic injuries. The jury who determines these cases will have to hear from an entirely new group of doctors describing different types of injuries (both physical and mental) for plaintiffs with radically different

1

medical histories. There is no reason for a jury to have consider the effect Dominguez's burns have had on his life while at the same time contemplating how much a widow misses her dead husband or whether a plaintiff claiming orthopedic injuries suffered from a pre-existing injury, can return to work, etc.

A consolidated trial involving 46 plaintiffs would likely take months to resolve. Consolidating these cases for such a lengthy trial would severely burden the jury, the Court, and the parties. Indeed, it is difficult to imagine that a jury will even be able to remember much of the evidence presented at the beginning of the case when it comes time for deliberations. Instead, the Court should hold separate trials. Presumably, the results from the first trial(s) will allow the parties to re-evaluate their previous settlement postures making subsequent trials unnecessary. As a result, the Court should deny the motions to consolidate and hold separate trials.

## Conclusion

The Court should deny Black Elk's and Wood Group's motions to consolidate.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah Wexler*
Noah Wexler
Bar Roll No. 34995
Jason Itkin (*pro hac vice*)
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
**ATTORNEY FOR PLAINTIFF RENATO DOMINGUEZ**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are authorized to receive electronic service on this 25th day of March 2014.

*/s/ Noah Wexler*

_____

Noah Wexler