UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EDNA TAJONERA, et al.**  CIVIL ACTION

**VERSUS**  NO. 13-0366
c/w 13-0550, 13-5137, 13-2496, 13-5508, 13-6022, 13-6099, 13-6413, and 14-374

**BLACK ELK ENERGY OFFSHORE OPERATIONS, L.L.C., et al.**  SECTION: "G"(5)

## ORDER AND REASONS

This litigation arises out of an explosion that occurred on November 16, 2012 on the Black Elk Energy West Delta 32 Block Platform, located in the Gulf of Mexico approximately 17 miles southeast of Grand Isle, Louisiana. Before the Court are Motions to Dismiss filed by Black Elk Energy Offshore Operations, LLC ("Black Elk"),[1] Wood Group PSN, Inc. ("Wood Group"),[2] Shamrock Management, L.L.C. ("Shamrock"),[3] and Grand Isle Shipyard, Inc. ("Grand Isle")[4] (collectively, "Defendants"). In their motions, Defendants request that the Court dismiss the claims of Plaintiffs Roberto and Monica Corporal pursuant to Federal Rule of Civil Procedure 12(b)(6).[5] Having considered the pending motions, the memoranda in support, Plaintiffs' memorandum in opposition, the pleadings, and the applicable law, the Court will grant the motions.

---

[1] Rec. Doc. 97.

[2] Rec. Doc. 98.

[3] Rec. Doc. 102.

[4] Rec. Doc. 103.

[5] *See* Rec. Doc. 97; Rec. Doc. 98; Rec. Doc. 102; Rec. Doc. 103.

## I. BACKGROUND

On November 16, 2012, an explosion and fire occurred on the Black Elk Energy West Delta 32 Block Platform, located in the Gulf of Mexico approximately 17 miles southeast of Grand Isle, Louisiana.[6] Ellroy A. Corporal ("Decedent") was working on the platform that day and was killed by the explosion.[7]

On March 25, 2013, Plaintiff Mary Jean Corporal, individually and on behalf of the estate of Ellroy A. Corporal, and as next friend of EllJean Mae M. Corporal, a minor child, and Ellroy M. Corporal, Jr., a minor child, filed suit against Black Elk, the alleged operator of the platform,[8] as well as Wood Group , Shamrock, Grand Isle, Enviro-Tech Systems, LLC ("Enviro-Tech"), and Compass Engineering and Consultants, LLC ("Compass"), various offshore drilling services firms who were allegedly involved in work on the platform.[9] Mary Jean Corporal is the spouse of Decedent, and EllJean Mae M. and Ellroy M. Corporal, Jr. are the minor children of Decedent.[10] On November 14, 2013, Plaintiffs filed a Second Amended Complaint naming Roberto Corporal and Monica Corporal, parents of Decedent, as additional plaintiffs.[11]

In their Second Amended Complaint, Plaintiffs purport to assert the following causes of actions: (1) survival action for negligence pursuant to Louisiana Civil Code Article 2315.1;[12] (2)

---

[6] Rec. Doc. 83 at ¶28.

[7] *Id.* at ¶ 8.

[8] *Id.* at ¶ 14.

[9] Case No. 13-550, Rec. Doc. 1 at ¶ 1.

[10] *Id.*

[11] Rec. Doc. 83 at ¶ 1.

[12] *Id.* at ¶¶ 45–48.

2

wrongful death pursuant to Louisiana Civil Code Article 2315.2;[13] (3) negligence pursuant to Louisiana Civil Code Articles 2315 and 2316;[14] (4) strict liability pursuant to Louisiana Civil Code Article 2317.1;[15] and (5) punitive damages for gross negligence pursuant to Louisiana Civil Code Article 3546 and Texas Civil Practice and Remedies Code §§ 41.003(a)(3) and 71.004.[16]

On December 2, 2013, Black Elk filed its pending Motion to Dismiss.[17] Additional Motions to Dismiss were then filed by Wood Group on December 2, 2013;[18] Shamrock on December 3, 2013;[19] and Grand Isle on December 4, 2013.[20] On December 10, 2013, Plaintiffs filed a memorandum opposing all four Motions to Dismiss.[21] With leave of the Court, Black Elk, Wood Group, and Shamrock filed reply memoranda on December 17, 2013,[22] and Grand Isle filed a reply memorandum on December 19, 2013.[23]

---

[13] *Id.* at ¶¶ 49–51.

[14] *Id.* at ¶¶ 52–55.

[15] *Id.* at ¶¶ 56–58.

[16] *Id.* at ¶¶ 59–65.

[17] Rec. Doc. 97.

[18] Rec. Doc. 98.

[19] Rec. Doc. 102.

[20] Rec. Doc. 103.

[21] Rec. Doc. 110.

[22] Rec. Doc. 124 (Black Elk); Rec. Doc. 126 (Wood Group); Rec. Doc. 131 (Shamrock).

[23] Rec. Doc. 135.

## II. PARTIES' ARGUMENTS

### A. Defendants' Arguments in Support

In its motion, Black Elk argues that Roberto and Monica Corporal, as Decedent's parents, do not have a right of action for the death of their son under Louisiana's wrongful death and survival articles because Decedent is survived by his wife and children.[24] Pointing to Louisiana Civil Code Article 2315.1, Louisiana's survival action provision, and Louisiana Civil Code Article 2315.2, Louisiana's wrongful death provision, Black Elk avers that "[b]oth articles 2315.1 and 2315.2 provide that, 'the surviving father and mother of the deceased, or either of them *if he left no spouse or child surviving*' may assert claims for wrongful death and survival."[25] Black Elk further asserts that "Louisiana Courts have held that, in order for an inferior beneficiary, i.e., parent and/or sibling, to bring a cause of action for survival and/or wrongful death, the beneficiary must affirmatively negate the existence of primary beneficiaries in his or her pleadings."[26]

In their motions, Defendants Wood Group, Shamrock, and Grand Isle reiterate the arguments put forth by Black Elk.[27]

### B. Plaintiffs' Arguments in Opposition

In their opposition, Plaintiffs do not contend that Roberto and Monica Corporal have a right of action under Article 2315.1 or Article 2315.2.[28] However, they argue that "Defendants ignore the Corporals' claims for punitive damages arising under Texas law, which are authorized by La. Civ.

---

[24] Rec. Doc. 97-1 at p. 1.

[25] *Id.* at p. 3 (quoting La. Civ. Code Art. 2315.1(A)(2); La. Civ. Code Art. 2315.2(A)(2)) (emphasis in original).

[26] *Id.* (quoting *Brigg v. Phebus*, No. 12-2145, 2012 WL 5906873, at *3 (E.D. La. Nov. 26, 2012) (Barbier, J.)).

[27] *See* Rec. Doc. 98; Rec. Doc. 102; Rec. Doc. 103.

[28] *See* Rec. Doc. 110-1.

C. Art. 3546."[29] According to Plaintiffs, Article 3546 "allows a Louisiana court to award punitive damages if two of three criteria are met: (1) punitive damages are authorized by the state where the injury-causing conduct occurred; and/or (2) punitive damages are authorized by the state where the injury occurred; and/or (3) punitive damages are authorized by the state where the defendant is domiciled."[30] Plaintiffs maintain that they may bring a claim for punitive damages under Texas law because (1) "Black Elk and Wood Group are headquartered and domiciled in Houston" and (2) "[t]he conduct that caused the death of Mr. Corporal, including but not limited to decisions regarding safety policies, procedures, and protocol, occurred at Defendants' Houston, Texas headquarters."[31]

According to Plaintiffs, "Texas allows parents to recover damages for the death of a child due to gross negligence."[32] Further, "while Texas requires an award of actual damages as a prerequisite to an award of exemplary damages, those actual damages do not need to be awarded specifically to the Corporal parents in order for them to maintain a claim for exemplary damages."[33] Plaintiffs argue that "[i]nstead, Texas recognizes that the definition of 'claimant in a death case encompasses the estate of the deceased, his spouse, parents, and children. If any of those entities is awarded actual damages, any of them may be awarded exemplary damages."[34] In support of this proposition, Plaintiffs cite *Wackenhut Corrections Corp. v. de la Rosa*, a Texas Court of Appeals

---

[29] *Id.* at p. 2.

[30] *Id.*

[31] *Id.* at p. 3.

[32] *Id.* at p. 5 (citing Tex. Civ. Prac. & Rem. Code § 71.004(a)).

[33] *Id.*

[34] *Id.* (citing Tex. Civ. Prac. & Rem. § 41.001(1)).

5

opinion.[35] As summarized by Plaintiffs, in *Wackenhut Corrections*, an inmate was killed at a private corrections facility.[36] The jury awarded $27 million in actual damages to the children and parents of the deceased.[37] The jury awarded no actual damages to the estate of the deceased, but awarded $20.5 million in punitive damages to the estate.[38] According to Plaintiffs, the Court of Appeals upheld the award, reasoning that "[b]ecause the deceased's children recovered more than nominal damages the 'claimant' recovered damages and the 'zero damages rule' did not apply to the estate, allowing the estate to recover exemplary damages even if it was not awarded actual damages."[39]

## C. Defendants' Arguments in Further Support

In its reply, Black Elk notes that "Mr. and Mrs. Corporal focus their argument on their punitive damages claim asserted under Texas law" and contends that "a claim for recovery cannot independently survive the dismissal of the substantive tort claim upon which the damages could arguably be awarded."[40] Citing the Supreme Court's decision in *Chelentis v. Luckenbach*,[41] Black Elk distinguishes between rights and remedies, quoting "[a] right is a well founded or acknowledged claim; a remedy is the means employed to enforce a right or redress an injury."[42] Further, Black Elk maintains that *Wackenhut Corrections* "is inapplicable here because under Texas law the

---

[35] 305 S.W.3d 594 (Tex. Ct. App. 2011).

[36] Rec. Doc. 110-1 at p. 6.

[37] *Id.*

[38] *Id.*

[39] *Id.* at p. 7.

[40] Rec. Doc. 124 at p. 1.

[41] 247 U.S. 372 (1918).

[42] Rec. Doc. 124 at p. 3 n.6 (quoting *Chelentis*, 247 U.S. at 384).

[deceased's parents'] had a right to file a wrongful death claim."[43] Black Elk argues that "[t]o the contrary, Louisiana law does not provide Roberto and Monica Corporal with the same right. Thus, without a right, they are not entitled to any remedy under the law, including compensatory *or* punitive damages."[44]

Alternatively, Black Elk contends that "the requirements for adoption of Texas' punitive damages law through Article 3546 are not met."[45] According to Black Elk, "the state of the alleged injurious conduct, the state of the resulting injury, and the domicile of Black Elk and Wood Group are all Louisiana."[46] Black Elk maintains that "[u]ndisputedly, the state where Mr. Corporal died is Louisiana."[47] Further, Black Elk argues that although it is headquartered in Texas, it should be regarded as a Louisiana domiciliary because "'a juridical person that is domiciled outside this state, but which transacts business in this state, shall be treated as a domiciliary of this state.'"[48] Finally, Black Elk contends that "the allegations of the Second Amended Complaint fail to support Mr. and Mrs. Corporal's argument that the tortious conduct occurred in Texas."[49]

Wood Group reiterates the arguments set forth by Black Elk. Additionally, it asserts that "even if a Texas cause of action were somehow allowed, Section 26 of the Texas State Constitution

---

[43] *Id.* at p. 4.

[44] *Id.* (emphasis in original).

[45] *Id.*

[46] *Id.* at pp. 5–6.

[47] *Id.* at p. 6.

[48] *Id.* at p. 6 (quoting *Febre v. Old Navy, LLC*, No. 10-3381, 2011 WL 5038843, at *4 (E.D. La. Oct. 24, 2011) (Engelhardt, J.)).

[49] *Id.*

allows a claim for exemplary damages in a wrongful death action to be brought only by a 'surviving husband, widow, heirs of his or her body, or such of them as there may be . . . .'"[50]

Shamrock's and Grand Isle's replies incorporate the arguments made by Black Elk and Wood Group.[51]

### III. STANDARD ON A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[52] In considering a Rule 12(b)(6) motion, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[53] However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."[54] Once the well-pleaded factual allegations are identified, a court must "determine whether they plausibly give rise to an entitlement for relief."[55]

---

[50] Rec. Doc. 126 at p. 4.

[51] *See* Rec. Doc. 131; Rec. Doc. 135.

[52] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

[53] *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).

[54] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[55] *Id.* at 679.

## IV. LAW AND ANALYSIS

### A. Applicable Law

The parties appear to agree that Louisiana law applies to Plaintiffs' claims. In their Complaint, Plaintiffs state that "Louisiana civil law governs this matter,"[56] and in their Motions to Dismiss, the Defendants all look to Louisiana law in making their arguments. When applying Louisiana law, the Court must "attempt to discern how Louisiana's highest court would resolve the issues at hand."[57] Although that doctrine is equally applicable when a federal court is "[a]ddressing an unsettled area of Louisiana law," federal courts should "avoid creating new rights and remedies in Louisiana state law where [the court] lack[s] express statutory authority or clear directive from the Louisiana Supreme Court."[58]

### B. Whether Plaintiffs Have a Right of Action Under Louisiana Civil Code Articles 2315.1 and 2315.2

A threshold question in any litigation is whether the plaintiffs have standing to sue, or under Louisiana law, whether the plaintiffs have a "right of action."[59] As Maraist explains in the *Louisiana Civil Law Treatise*, a right of action is conceptually distinct from a cause of action:

> When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief for himself or herself is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit. The objection of no right of action

---

[56] Rec. Doc. 83 at ¶ 11.

[57] *In re Whitaker Const. Co. Inc.*, 411 F.3d 209, 209 n.4 (5th Cir. 2005) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

[58] *Id.*

[59] *See, e.g., Howard v. Admin. of Tulane Educ. Fund*, 2007-224 (La. 7/1/08); 986 So. 2d 47, 54 (explaining that before addressing the merits of plaintiffs' suit, the court "must first resolve the threshold issue of whether *plaintiffs* have a right of action, and therefore, standing, to sue") (emphasis in original).

should be distinguished from the objection of no cause of action, which applies when the law does not provide a remedy to anyone under the facts alleged in the petition.[60]

Said differently, "the objection of no right of action raises the question of whether plaintiff has legal interest in the subject matter of the litigation, assuming . . . that a valid cause of action is pleaded by the petition."[61]

Traditionally, under both the common law and civil law, when an individual died, any tort claims that he might have had were extinguished.[62] The survival action did not exist as a cause of action in Louisiana until the legislature added it to the Civil Code in 1855.[63] Similarly, under early Louisiana law, a deceased's relations were not permitted to recover damages they personally incurred as a result of the death.[64] The Louisiana legislature created the wrongful death cause of action by amendment to the Civil Code in 1884.[65] Although under current Louisiana law the survival action and the wrongful death action exist as viable causes of action, the right of action does not extend to all of a deceased's relations or acquaintances. Rather, the Civil Code bestows the right of action only to certain individuals.

---

[60] Frank L. Maraist, 1 *La. Civ. L. Treatise, Civil Procedure* § 6:7 (2d ed.).

[61] *Babineaux v. Pernie-Bailey Drilling Co.*, 262 So. 2d 328, 334 (La. 1972) (quoting *Bielkiewicz v. Rudsill*, 201 So. 2d 136, 142 (La. Ct. App. 1967)).

[62] *See* William E. Crawford, 12 *La. Civ. L. Treatise, Tort Law* § 5:1 (2d ed.) ("Early opinion in Louisiana and elsewhere was that delictual actions were buried with the deceased and did not survive, being considered personal to the parties. Death was thought to clear the books of tort actions as well as of penal ones.").

[63] *Id.*

[64] *See Hubgh v. New Orleans and Carrollton R. Co.*, 6 La. Ann. 495 (La. 1851) (The court held that a widow and her children could not sue for damages incurred as a result of the death of her husband. The court explained: "On general principles, the only private rights which laws recognize, and which constitutions are established to protect, are the rights of persons and the rights of property. The plaintiff and her children, in this case, do not complain of wrongs to their own persons, and it cannot be pretended that they had any rights of property in their husband or father. It appears to us, therefore, that without a special statute authorizing such actions, they cannot be maintained."); Crawford, 12 *La. Civ. L. Treatise, Tort Law* § 5:3 (discussing the *Hubgh* decision).

[65] Crawford, 12 *La. Civ. L. Treatise, Tort Law* § 5:3.

Louisiana Civil Code Article 2315.1 addresses survival actions and sets out a specific hierarchy governing who has the right of action:

> If a person who has been injured by an offense or quasi offense dies, the *right to recover all damages for injury* to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving. . . .[66]

In the case of wrongful death actions, Louisiana Civil Code Article 2315.2 bestows the right of action according to an identical hierarchy:

> If a person dies due to the fault of another, *suit may be brought by the following persons to recover damages* which they sustained as a result of the death:
>
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving. . . .[67]

Cognizant of this historical context, the Louisiana Supreme Court explained in *Kerner v. Trans-Mississippi Terminal Railroad Co.* that the articles of the Civil Code providing certain parties rights of action to recover survival damages or wrongful death damages must be strictly construed:

> A right of action for damages for personal injuries is not inheritable under the common law, and was not under the civil law. Unless a statute declares that such right of action shall survive in case of the death of the person injured, it is abated by his death, whether he dies as a result of the injury or from some other cause, and whether he has or has not instituted a suit to recover the damages suffered.

---

[66] La. Civ. Code Art. 2315.1(A) (emphasis added).

[67] La. Civ. Code Art. 2315.2(A) (emphasis added).

> There is no right of action at common law, and there was none under the Roman or the Spanish law, for damages caused by the wrongful or negligent killing of a human being, for the loss of his support, or for mental suffering inflicted upon any one surviving him, by his death. Therefore a statute that gives the right of action to survivors of the person injured, in case of his death, must be construed strictly, and not extended to any other survivors than those who were surely intended to be included and are in fact mentioned in the statute; and the rule applies as well to the right of action which the deceased person had for the injuries suffered by him as to the right of action for the damages suffered by the survivors mentioned in the statute.[68]

Applying Louisiana Civil Code Article 2315.1 and 2315.2 to the facts of this particular case, there is no dispute that Decedent is survived by his wife and two children. Therefore, under the plain language of Article 2315.1, Decedent's parents, Roberto and Monica Corporal, have no right of action to bring a survival claim. Further, under the plain language of Article 2315.2, Decedent's parents, Roberto and Monica Corporal, have no right of action to bring a wrongful death claim. As the Louisiana Supreme Court confirmed in *Jenkins v. Mangano Corp.*, "[w]hen a tort victim is survived by a child, the parents of the tort victim have no right to recover for the damages sustained by the victim or for their own damages for the victim's wrongful death."[69]

---

[68] *Kerner v. Trans-Mississippi Terminal R. Co.*, 104 So. 740, 741 (La. 1925); *see also Roche v. Big Moose Oil Field Truck Serv.*, 381 So. 2d 396, 399 (La. 1980) ("It is well-settled in the jurisprudence that the right of action created by Article 2315 may be extended only to the beneficiaries named in the statute and that the classes of beneficies must be strictly construed.").

[69] *Jenkins v. Mangano Corp.*, 2000-0790 (La. 11/28/2000); 774 So. 2d 101, 105; *see also, e.g., Briggs*, 2012 WL 5906873, at *3 ("Under Louisiana law, survival and wrongful death actions can be brought by a surviving parent only if the decedent 'left no spouse or surviving child.'"); *Trahan v. S. Pac. Co.*, 209 F. Supp. 334, 336–37 (W.D. La. 1962) (Putnam, J.) ("Article 2315 clearly gives a surviving parent the right to sue for the wrongful death of a child only 'if he left no spouse or child surviving.' The Courts of Louisiana have consistently held that a petition brought by one of the inferior beneficiaries must negative the existence of primary beneficiaries in order to state a right of action under this article."); *Smith v. Monroe Grocery Co.*, 171 So. 167, 169 (La. Ct. App. 1936) ("The jurisprudence of this state uniformly holds that for the mother and father to recover for the death of a child under the above-mentioned article [2315], they must allege and prove that such decedent was not survived by a spouse or child."); *Horrell v. Gulf & Valley Cotton Oil Co., Inc.*, 131 So. 709, 711 (La. Ct. App. 1930) ("[A]rticle 2315 of the Civil Code, under which this suit is brought, as amended by Act No. 120 of 1908, gives to the parents a right of action for the death of a child only in the absence of a surviving widow or children. Thus a petition which does not negative the existence of a widow and children fails to show a right of action in any of the more distant relatives.").

## C. Whether Plaintiffs May Recover Under Other Provisions of the Civil Code

Although Plaintiffs do not have a right of action under Article 2315.1 or Article 2315.2, the question then becomes whether they can nevertheless recover under a different provision of the Civil Code. In addition to Article 2315.1 and Article 2315.2, Plaintiffs' complaint purports to allege claims for (1) negligence pursuant to Louisiana Civil Code Articles 2315 and 2316;[70] (2) strict liability pursuant to Louisiana Civil Code Article 2317.1;[71] and (3) punitive damages for gross negligence pursuant to Louisiana Civil Code Article 3546 and Texas Civil Practice and Remedies Code §§ 41.003(a)(3) and 71.004.[72] However, as explained below, without the right of action to bring a survival claim or a wrongful death claims, Plaintiffs are not entitled to pursue the causes of action and the accompanying remedies set forth in these other provisions of the Code.

### 1. *Louisiana Civil Code Articles 2315 and 2316*

Louisiana Civil Code Article 2315 states that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[73] Further, it provides that "[d]amages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person."[74] Louisiana Civil Code Article 2316 addresses negligence, stating: "[e]very person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."

---

[70] Rec. Doc. 83 at ¶¶ 52–55.

[71] *Id.* at ¶¶ 56–58.

[72] *Id.* at ¶¶ 59–65.

[73] La. Civ. Code Art. 2315(A).

[74] La. Civ. Code Art. 2315(B).

13

Louisiana Civil Code Article 2315 does not create any right of action in addition to the survival action set forth in 2315.1 and the wrongful death action set forth in 2315.2. As the Fifth Circuit explained in *Dowell, Inc. v. Jowers*, under Article 2315, "two causes of action are given to the named beneficiaries, one the survived action, i.e., the action which the decreased had at the time of death; the other an action given by the Code to the named beneficiaries in their own right for the damages they suffer by reason of the death of their decedent."[75]

Similarly, Louisiana Civil Code 2316 does not create an additional right of action. As the Louisiana First Circuit Court of Appeal explained in *Young v. McCulliam*, "Article 2316 merely enlarges the provisions of Article 2315 so as to include acts of negligence, imprudence, or want of skill. They are to be read together and Article 2316 merely enlarges the rights granted to the parties named in Article 2315."[76]

Accordingly, as Defendants assert—and as Plaintiffs do not refute—Roberto and Monica Corporal have no right of action pursuant to Louisiana Civil Code Articles 2315 and 2316.

2.  *Louisiana Civil Code Article 2317.1*

Louisiana Civil Code Article 2317.1 provides that "[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the

---

[75] *Dowell, Inc. v. Jowers*, 166 F.2d 214, 219 (5th Cir. 1948); *see also Kelly v. Hartford Accident & Indem. Co.*, 294 F.2d 400, 402 (5th Cir. 1961) (quoting *Dowell, Inc.*); Crawford, 12 *La. Civ. L. Treatise, Tort Law* § 5:4 ("Article 2315, as amended, accomplishes two missions. On the one hand, it provides that rights of action or instituted actions for injuries suffered by the person before he died do not abate on his death but survive to designated persons. This is a survived action or right of action. . . . On the other hand, it (Article 2315 as amended) creates a new action, which, under Louisiana's jurisprudence as announced in the *Hubgh* case, did not exist prior to 1884, an action to recover damages suffered by the survivors of the victim as the result of his wrongfully caused death.").

[76] *Young v. McCullium*, 74 So. 2d 339, 340 (La. Ct. App. 1954) (rejecting argument that decedent's uncle had a right of action under Article 2316 where Article 2315 does not provide a survival action to an uncle).

14

damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care."[77] In *LaBorde v. Eagle Trucking Co.*, the Louisiana Second Circuit Court of Appeal specifically held that this article does not afford parents a right of action for wrongful death where they have no such right of action under Article 2315:

> Civil Code Art. 2315 begins Chapter 2 of Title V of Book III of the Civil Code. This chapter, entitled "Of Offenses and Quasi Offenses", includes the strict or custodial liability of CC 2317 as an offense or quasi offense. The right to recover damages if the injured person dies because of a CC 2317 offense or quasi offense is set forth in CC 2315, and because of the surviving spouse and child, these parents do not have the right or cause of action to recover for the wrongful death of their son.[78]

Accordingly, as Defendants assert—and as Plaintiffs do not refute—Roberto and Monica Corporal have no right of action pursuant to Louisiana Civil Code Article 2317.1.

> 3.  *Louisiana Civil Code Article 3546 and Texas Civil Practice and Remedies Code §§ 41.003(a)(3) and 71.004*

Louisiana Civil Code Article 3546 is a choice of law provision that, in certain circumstances, allows a plaintiff to look to another state's law regarding punitive damages. Under Article 3546:

> Punitive damages may not be awarded by a court of this state unless authorized:
>
> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or
>
> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.[79]

---

[77] La. Civ. Code Art. 2317.1.

[78] *LaBorde v. Eagle Trucking Co.*, 409 So. 2d 1266, 1268 (La. Ct. App.), *writ denied*, 413 So. 2d 506 (La. 1982).

[79] La Civ. Code Art. 3546.

15

Plaintiffs argue that in light of Article 3546, this Court should look to the punitive damages provision of Texas Civil Practice and Remedies Code § 41.003(a)(3), which states that exemplary damages "may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence."[80] Although Plaintiffs acknowledge that Louisiana Civil Code Articles 2315.1 and 2315.2 provide them no right of action for a survival or wrongful death claim, they assert that Texas Civil Practice and Remedies Code § 71.004 permits a cause of action by the deceased's parents even when a spouse or child survives, and that, even if the parents do not recover for the underlying claim, Texas law allows them to recover punitive damages.

Texas Civil Practice and Remedies Code § 71.004 provides:

(a) An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.

(b) The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.[81]

Plaintiffs' argument ignores the fundamental distinction between a right and a remedy. As explained in *Corpus Juris Secundum*, "[a] claim for punitive damages is not a separate claim or cause of action but merely a type of remedy or an element of a cause of action."[82] Accordingly, "punitive damages cannot be pleaded as an independent cause of action but rather must be requested

---

[80] Tex. Civ. Prac. & Rem. § 41.003.

[81] Tex. Civ. Prac. & Rem. § 71.004.

[82] Joseph Brasson, et al., 25A *C.J.S. Damages* § 226.

16

in conjunction with a cognizable cause of action."[83] That is, "before a plaintiff can recover punitive damages, he or she must first be entitled to legal or equitable relief."[84]

In *Babineaux v. Pernie-Bailey Drilling Co.*, the Louisiana Supreme Court opined on the distinction between an entitlement to relief and a form of relief, explaining that a right of action is a threshold issue in determining whether a party can obtain a specific remedy:

> There has been much discussion about the purpose of the exception of no right of action, and many attempts to differentiate that exception from the exception of no cause of action. One of the best statements of the definition of no right of action and of the basis of the distinction between it and no cause of action was given by the late Henry George McMahon: "The former (no cause of action) is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff; the latter (no right of action) is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally."[85]

In their Complaint, Plaintiffs plainly state that "Louisiana civil law governs this matter,"[86] and they assert claims pursuant to Louisiana law. Although Louisiana law does not provide parents with a right of action to recover damages in a survival action or wrongful death action where a spouse or child survives, Plaintiffs attempt to circumvent the standing issue by pointing to Louisiana's choice-of-law provision on punitive damages. However, without a right of action—or standing—Plaintiffs Roberto and Monica Corporal have no entitlement to any relief, let alone punitive damages. That is, in the language of *Babineaux*, the "question as to whether plaintiff

---

[83] *Id.*

[84] *Id.*

[85] *Babineaux*, 262 So. 2d at 333.

[86] Rec. Doc. 83 at ¶ 11.

belongs to the particular class in whose exclusive favor the law extends the remedy"[87] must be answered in the negative.

## V. CONCLUSION

Although the survival action and wrongful death action were not historically available in Louisiana, the legislature amended the Civil Code to afford a remedy to certain surviving relatives of a deceased individual. As the Louisiana Supreme Court explained in *Kerner v. Trans-Mississippi Terminal Railroad Co.*, because the survival action and the wrongful death action are creations of the legislature, "a statute that gives the right of action to survivors of the person injured, in case of his death, must be construed strictly, and not extended to any other survivors than those who were surely intended to be included and are in fact mentioned in the statute; and the rule applies as well to the right of action which the deceased person had for the injuries suffered by him as to the right of action for the damages suffered by the survivors mentioned in the statute."[88] Louisiana Civil Code Articles 2315.1 and 2315.2 establish a clear hierarchy governing who may bring a survival action and a wrongful death action. Those articles provide that where the deceased is survived by a spouse and/or children, the deceased's parents have no right to recover damages.[89] Without the right to recovery, the parents have no standing and cannot receive any damages, including punitive damages. In above-captioned matter, it is undisputed that Decedent is survived by his wife and two children. Accordingly,

---

[87] *Babineaux*, 262 So. 2d at 333.

[88] *Kerner*, 104 So. at 741; *see also Roche*, 381 So. 2d at 399 ("It is well-settled in the jurisprudence that the right of action created by Article 2315 may be extended only to the beneficiaries named in the statute and that the classes of beneficies must be strictly construed.").

[89] La. Civ. Code Art. 2315.1; La. Civ. Code Art. 2315.2.

**IT IS HEREBY ORDERED** that the Motions to Dismiss filed by Black Elk,[90] Wood Group Wood Group,[91] Shamrock,[92] and Grand Isle[93] are **GRANTED** and that all claims of Roberto Corporal and Monica Corporal against Black Elk, Wood Group, Shamrock, and Grand Isle are **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this 18th day of April, 2014.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[90] Rec. Doc. 97.

[91] Rec. Doc. 98.

[92] Rec. Doc. 102.

[93] Rec. Doc. 103.