**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDNA TAJONERA, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0366**<br>**c/w 13-0550, 13-5137, 13-2496, 13-5508, 13-6022, 13-6099, 13-6413, and 14-374** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, L.L.C., et al.** | **SECTION: "G"(5)** |

**ORDER**

Before the Court are the following three motions for summary judgment: (1) Defendant Black Elk Energy Offshore Operations, L.L.C.'s ("BEEOO") "Motion for Partial Summary Judgment Regarding Punitive Damages;"[1] (2) Wood Group PSN, Inc.'s ("Wood Group") "Motion for Partial Summary Judgment Regarding Punitive Damages;"[2] and (3) Shamrock Management, L.L.C.'s ("Shamrock") "Motion for Partial Summary Judgment."[3] Having considered the motions, the memoranda in support and in opposition, the record, the statements made at oral argument, and the applicable law, the Court will grant all three motions.

**I. Background**

On November 16, 2012, an explosion and fire occurred on the West Delta 32 Block Platform ("WD-32"), located in the Gulf of Mexico approximately 17 miles southeast of Grand Isle,

---

[1] Rec. Doc. 358.

[2] Rec. Doc. 376.

[3] Rec. Doc. 383.

Louisiana.[4] At all times relevant, WD-32 was owned by BEEOO.[5] Plaintiffs allege that Wood Group, Shamrock, Compass Engineering & Consultants, LLC ("Compass"),[6] Enviro Tech Systems, LLC ("Enviro Tech"),[7] and Grand Isle Shipyard, Inc. ("GIS") were contractors of Black Elk allegedly involved in work being done on the Platform that day.[8]

This litigation involves nine consolidated cases all arising out of the November 16, 2012 explosion. In cases 13-366 and 13-550, surviving spouses of workers allegedly killed during the explosion have brought negligence and wrongful death claims against BEEOO and its contractors.[9] In cases 13-5137, 13-5508, 13-6022, 13-6099, 13-6413, and 14-374, workers allegedly injured during the explosion have asserted negligence claims against BEEOO and its contractors.[10] In case 13-2496, GIS filed suit against BEEOO, Enviro Tech, Wood Group, and Compass claiming, among other things, that the defendants' "combined negligence, fault, and/or strict liability," was the cause of the explosion.[11]

Throughout this litigation, the parties have referred to the plaintiffs in the various cases as

---

[4] Rec. Doc. 590 at ¶ 8.

[5] Rec. Doc. 358-2 at ¶ 1.

[6] Compass was dismissed from this lawsuit on August 26, 2014. See Rec. Doc. 406.

[7] Enviro-Tech was dismissed from this lawsuit on September 19, 2014. See Rec. Doc. 477.

[8] Rec. Doc. 590 at ¶¶ 22-27..

[9] *See* Case No. 13-366, Rec. Doc. 1 (amended by Rec. Doc. 82); Case No. 13-550, Rec. Doc. 1 (amended by Case No. 13-366, Rec. Doc. 83).

[10] *See* Case No. 13-513, Rec. Doc. 1; Case No. 13-5508, Rec. Doc. 1; 13 Case No. 13-6022, Rec. Doc. 1 (transferred from the South District of Texas, Galveston Division by Case No. 13-6022, Rec. Doc. 40); Case No. 13-6413, Rec. Doc. 1; Case No. 14-374, Rec. Doc. 1 (transferred from the Southern District of Texas, Galveston Divsion by Case No. 14-374, Rec. Doc. 37).

[11] *See* Case. No. 13-2496, Rec. Doc. 1 at ¶ 11.

follows:

- 13-0366: Tajonera Plaintiffs
- 13-0550: Corporal Plaintiffs
- 13-5137: Canencia Plaintiffs
- 13-5508: Tamayo and Ilagan Plaintiffs
- 13-6022: Plaintiff Voclain
- 13-6413: Srubar and Gipson Plaintiffs
- 14-0374: Plaintiff Dominguez

Recognizing the number of individual plaintiffs spread out across each of these cases, the Court will continue with the parties' naming convention for simplicity.

On July 22, 2014, BEEOO filed a "Motion for Partial Summary Judgment Regarding Punitive Damages Claims," wherein it argues that punitive damages are not available in this case as a matter of law.[12] Memoranda in opposition were filed by Tamayo and Ilagan Plaintiffs,[13] Canencia Plaintiffs,[14] Corporal Plaintiffs,[15] and Plaintiff Voclain.[16] Additionally, a memoranda in support of BEEOO's motion was filed by Wood Group.[17]

On July 25, 2014, Wood Group filed its "Motion for Partial Summary Judgment Regarding

[12] Rec. Doc. 358.

[13] Rec. Doc. 417.

[14] Rec. Doc. 427.

[15] Rec. Doc. 434.

[16] Rec. Doc. 437.

[17] Rec. Doc. 456.

Punitive Damages," wherein it adopts and joins BEEOO's motion.[18] Memoranda in opposition were filed by Tamayo and Ilagan Plaintiffs,[19] Canencia Plaintiffs,[20] Corporal Plaintiffs,[21] and Plaintiff Voclain.[22] Wood Group filed a reply memorandum in further support of its motion on September 16, 2014.[23]

On August 1, 2014, Shamrock filed a "Motion for Partial Summary Judgment" that also adopts and joins BEEOO's July 22, 2014 motion.[24] Canencia Plaintiffs filed a memorandum in opposition;[25] no other parties have filed any memoranda with respect to Shamrock's motion.

On February 25, 2015, the Court heard oral argument on BEEOO's "Motion for Partial Summary Judgment Regarding Punitive Damages Claims."[26] At that time, the Court granted an oral motion made by counsel for Plaintiff Dominguez to dismiss his punitive damages claim against Shamrock.[27]

---

18 Rec. Doc. 376.

19 Rec. Doc. 418.

20 Rec. Doc. 429.

21 Rec. Doc. 434.

22 Rec. Doc. 437.

23 Rec. Doc. 462.

24 Rec. Doc. 383.

25 Rec. Doc. 430.

26 Rec. Doc. 358.

27 Rec. Doc. 608.

## II. Parties' Arguments

### *A. BEEOO's Arguments in Support of Partial Summary Judgment*[28]

BEEOO first argues that punitive damages are not available in this case under Louisiana law, which generally prohibits the award of such damages.[29] Next, BEEOO contends that this Court cannot apply Texas's punitive damages law in this case because Louisiana's choice of law rules are not considered substantive law pursuant to the Outer Continental Shelf Lands Act ("OCSLA").[30] BEEOO cites the Fifth Circuit's 1989 decision in *Wooton v. Pumpkin Air, Inc.* to support its argument that a state's choice of law rules have no relevance in an OCSLA case when a court is applying adjacent state law as surrogate federal law.[31] It is BEEOO's position that, based on *Wooton*, Texas's punitive damages law cannot apply in this case through Louisiana Civil Code Article 3546, because that Article is a conflict of laws provision.[32] Therefore, BEEOO argues, since punitive damages are unavailable under substantive Louisiana law, and since *Wooton* prevents this Court from applying Texas's punitive damages law, punitive damages are not available to Plaintiffs in this case.

### *B. Plaintiffs' Arguments in Opposition to Partial Summary Judgment*

Tamayo Plaintiffs contend that application of OCSLA jurisdiction does not mandate

---

[28] The Court notes that the motions for partial summary judgment submitted by Wood Group and Shamrock adopt BEEOO's arguments as stated herein, and do not add any additional or different argument or analysis. *See* Rec. Docs. 383-1; 376-1.

[29] Rec. Doc. 358-1 at pp. 4–5.

[30] *Id.*

[31] *Id.* at p. 5 (citing Wooton *v. Pumpkin Air, Inc.*, 869 F.2d 848 (5th Cir. 1989)).

[32] *Id.* at pp. 5–8.

application of the adjacent state's laws where injurious conduct occurred elsewhere.[33] In this case, they argue, the injurious actions – specifically, emails and phone communications between Monte Richard in BEEOO's Houston Office with platform workers – occurred in Texas.[34] Additionally, Tamayo Plaintiffs contend that Article 3546 is not a purely choice of law article, and that it "essentially stands in the shoes of Louisiana's substantive laws by providing a remedy under Louisiana law."[35] They argue that, under Article 13 and the principle of *in para materia*, Article 3546 should be considered substantive in nature.[36] Tamayo Plaintiffs contend that *Wooten* is distinguishable because it was decided before Article 3546 became effective.[37] Finally, Tamayo Plaintiffs state that whether Article 3546 is substantive in nature may be a matter of first impression before this Court, and there does not appear to be a reported OCSLA case on point.[38]

The Canencia Plaintiffs argue that Article 3546 is not strictly a choice of law provision because "[a]s Comment (f) to the article notes, only in rare instances will article 3546 be considered as applying a true 'choice of law.'"[39] Canencia Plaintiffs argue that because "there are not multiple states whose punitive damages laws may apply" in this case, "the argument that article 3546 is a

---

[33] Rec. Doc. 417 at p. 2 (citing *Apache Corp. v. Global SantaFe Drilling Co.*, 832 F. Supp. 2d 678 (W.D. La. 2010)). The Court notes that Plaintiff Michael Jude Voclain adopts by reference the arguments set forth in Tamayo Plaintiffs' memorandum in opposition to BEEOO's motion for partial summary judgment (see Rec. Doc. 437).

[34] *Id.* at pp. 4, 7.

[35] *Id.*

[36] *Id.* at pp. 4–5.

[37] *Id.* at p. 7.

[38] *Id.* at p. 5.

[39] Rec. Doc. 427 at p. 4.

choice of law article fails."[40] Accordingly, they argue, the Court apply Article 3546, which provides that:

> Punitive damages may not be awarded by a court of this state unless authorized:
>
> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or
>
> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.[41]

Cancencia Plaintiffs argue that "[i]n order to invoke Texas punitive damages law through article 3546, the Plaintiffs must show that injurious conduct occurred in Texas, by a party who is domiciled in Texas."[42] Accordingly, they appear to concede that the injury at issue did not occur in Texas. Canencia Plaintiffs contend that BEEOO and Wood Group are both domiciled in Texas and "are guilty of acts and omissions of gross negligence which occurred in Texas."[43] Therefore, they argue, Plaintiffs are entitled to punitive damages under Texas law, as applied through Article 3546.

Tajonera and Corporal Plaintiffs additionally filed a memorandum in opposition to BEEOO's motion, wherein they generally state the same arguments made by the other Plaintiffs and already summarized above.[44] They additionally contend, however, that "[n]one of the Defendants dispute that the requirements of Article 3546 have been met. As such, Louisiana law authorizes an award

---

[40] *Id.*

[41] *Id.* (citing La. Civ. Code art. 3546).

[42] *Id.* at p. 5.

[43] *Id.* at pp. 5–6.

[44] Rec. Doc. 434.

of punitive damages."[45] Additionally, Tajonera and Corporal Plaintiffs argue that deciding which state's punitive damage measure to apply relies on factual determinations that have not been made, and accordingly "the motion is premature."[46]

### *C. Wood Group's Arguments in Support of Partial Summary Judgment*

In support of BEEOO's motion, Wood Group argues that because OCSLA does not adopt the adjacent state's choice of law rules, this Court cannot apply Article 3546, which Wood Group characterizes as a choice of law rule.[47] In the alternative, Wood Group contends that Texas's punitive damages law could not be applied to this case even under an Article 3546 analysis because neither Plaintiffs' injuries nor the injurious conduct occurred in Texas.[48] Additionally, Wood Group contends that BEEOO should be treated as a Louisiana domiciliary pursuant to Louisiana Civil Code Article 3548 because it is a juridical person domiciled outside of Louisiana that transacts business here, and is alleged to have incurred a delictual obligation arising from its activities here.[49] Finally, Wood Group argues that, under a classic conflict of laws analysis pursuant to Article 3542, it is not "clearly evident" that the policies of Texas even arguably would be more impaired than the policies of Louisiana if Texas law is not applied."[50]

---

[45] *Id.* at p. 2.

[46] *Id.* at p. 6.

[47] Rec. Doc. 456 at p. 2.

[48] *Id.* at pp. 7–8.

[49] *Id.* at pp. 8–9.

[50] *Id.* at p. 9.

## III. Law and Analysis

### *A. Standard on a Motion for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[51] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[52] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[53] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[54]

### *B. Analysis*

The issue before this Court is whether punitive damages are available to Plaintiffs in this case as a matter of law. The parties do not dispute that this Court's jurisdiction over the pending lawsuit is based on the Outer Continental Shelf Lands Act ("OCSLA"), which provides comprehensive choice of law rules and federal regulation to a wide range of activity occurring beyond the territorial waters of the states on the outer continental shelf (the "OCS") of the United States.[55] Pursuant to OCSLA, the law to be applied to the OCS is exclusively the federal law of the United States.[56]

---

[51] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[52] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

[53] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[54] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[55] 43 U.S.C. § 1331

[56] *Rodrigue v. Aetna Cas. & Surety Co.*, 395 U.S. 352, 356–57 (1969).

However, because federal law might be inadequate to cope with the full range of potential legal problems arising on the OCS, OCSLA supplements "gaps" in federal law through the incorporation of the laws of the adjacent state.[57] Under incorporation, the law of the adjacent state is treated as "the law of the United States," but only to the extent that it is "applicable" and "not inconsistent with ... other Federal laws."[58]

The Fifth Circuit has instructed that OCSLA does not permit application of the adjacent state's choice of law rules to determine applicable substantive law.[59] In *Wooten v. Pumpkin Air, Inc.*, a passenger who was severely burned in a helicopter crash on a platform located on the OCS off the coast of Louisiana sought punitive damages against the manufacturers of the helicopter and its engines under Delaware, Pennsylvania, or Rhode Island law. Since punitive damages were not recoverable under Louisiana law under those circumstances, the issue was whether OCSLA's directive to apply Louisiana law "requires [the court] to apply the adjacent state's choice-of-law rules to determine the applicable substantive law or whether the statute mandates that the applicable substantive law shall be that of the adjacent state."[60] Noting that the United States Supreme Court has "concluded that OCSLA's language directing the application of the adjacent state's law is 'an explicit choice-of-law provision,'" the Fifth Circuit held that the appellants' claims were properly dismissed because punitive damages were not available under substantive Louisiana law.[61] This Court reads *Wooton* to instruct that OCSLA is itself a choice of law provision which preempts any

---

[57] *See id.*

[58] *Id.* (quoting 43 U.S.C. § 1333).

[59] *Wooton v. Pumpkin Air, Inc.*, 869 F.2d 848 (5th Cir. 1989)).

[60] *Id.* at 850.

[61] *Id.* at 852 (citing *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473 (1981)).

contrary choice of law provision found in state law.[62]

With this directive in mind, the Court returns to the issue of whether punitive damages are available to Plaintiffs in the present case. OCSLA is silent on the availability of tort damages, including punitive damages, so the court must look to the law of the adjacent state to determine whether such damages are available. It is undisputed that WD-32, located 17 miles off the coast of Grand Isle, Louisiana, is considered within the boundaries of Louisiana. Therefore, the substantive law of Louisiana will determine whether punitive damages are available in this case.

Louisiana has a general public policy against the award of punitive damages unless specifically provided for by statute.[63] Louisiana statutes permit punitive damages only for child pornography, drunk driving and sexual abuse of a child.[64] Plaintiffs have not alleged that BEEOO has committed any of these acts that would expose it to liability for punitive damages under Louisiana law. Accordingly, the substantive law of the adjacent state–here, Louisiana–does not authorize punitive damages under the facts here.

Notwithstanding Louisiana's general prohibition against punitive damages, Plaintiffs argue that this Court should apply Texas's punitive damage laws through Article 3546 of the Louisiana Civil Code. Considering that, as stated above, OCSLA instructs this Court to apply the *substantive* laws of the adjacent state, the Court must first determine whether Article 3546 is a substantive law of Louisiana.

---

[62] *Union Tex. Petr. Corp. v. PLT Eng'r, Inc.*, 865 F.2d 1043, 1050 (5th Cir. 1990) (citing *Matte v. Zapata Offshore Co.*, 784 F.2d 628 (5th Cir. 1986); *Wooton v. Pumpkin Air, Inc.*, 869 F.2d 848 (5th Cir. 1989); *Naquin v. Lin Bar Marine, Inc.*, No. 07-8782, 2009 WL 649895, at *2 (E.D. La. Mar. 9, 2009) (Zainey, J.); *BP Exploration & Prod., Inc. v. Callidus Technologies, L.L.C.*, No. 02-2318, 2003 WL 193450, at *2 (E.D. La. Jan. 27, 2003) (Zainey, J.).

[63] *Ross v. Conoco, Inc.*, 828 So.2d 546, 555 (La. 2002) (citing *Ricard v. State*, 390 So.2d 882 (La. 1980); *Killebrew v. Abbott Labs.*, 359 So.2d 1275 (La. 1978)).

[64] *See* La. Civ. Code arts. 2315.3; 2315.4; 2315.7 (2011).

Located in "Book IV. Conflict of Laws" of the Louisiana Civil Code, Article 3546 provides:

Punitive damages may not be awarded by a court of this state unless authorized:

(1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or

(2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

Accordingly, punitive damages may be awarded when they are "authorized under the law of the state or states with two or more of the following contacts: (a) place of the injurious conduct; (b) place of the resulting injury; and (c) place of the defendant's domicile."[65]

Plaintiffs contend that Article 3546 is substantive law, and not a conflict of laws provision. To support this argument, they rely solely on comment (f) to Article 3546, which states:

(f) Measure of punitive damages. This Article allows, but does not compel, the awarding of punitive damages in the cases which fall within its scope. The Article also does not establish the measure for punitive damages nor does it designate the state whose substantive law is to provide such measure. The former is a factual question whose resolution does not belong in a conflicts article. *The latter is a choice-of-law question only in the relatively rare cases in which, by legislation or precedent, the states enumerated in the article fix in advance, and do so differently, the recoverable measure of punitive damages.* In such cases, the choice from among the differing standards of punitive damages is left to the court and should be guided by the principles of Article 3542.[66]

Plaintiffs urge this Court to read the italicized portion of comment (f), above, as stating that Article 3456 is only a choice of law provision when the forum court is presented with more than one states' punitive damages law and must determine which to apply.[67] However, Plaintiffs read comment (f) out of context. According to comments (c) through (e), a court applying Article 3546 may determine

---

[65] *Arabie v. CITGO Petroleum Corp.*, 2010-2605 (La. 3/13/12, 25); 89 So.3d 307, 327.

[66] La. Civ. Code art. 3546, comment (f) (emphasis added).

[67] *See* Rec. Doc. 417 at p. 3.

that the conduct, injury, and/or domicile of the tortfeasor occurred in different states.[68] In such cases, the forum court must then determine which of those state's substantive law is to provide the measure of punitive damages. This Court reads comment (f) to contemplate such situations, and to direct the forum court to rely on Article 3542, Louisiana's general conflict of law rule, to determine which state's punitive damages law to apply.[69]

This Court has already held that Article 3546 is a choice of law provision,[70] as have recent decisions from the United States Court of Appeals for the Fifth Circuit, the Louisiana Supreme Court and other courts in this District.[71] Indeed, as stated above, the Article is located in "Book IV. Conflict of Laws" of the Louisiana Civil Code. Moreover, Professor Symeon Symeonides has explained the correct application of Article 3546 as follows:

> [A]rticle 3546 is a rule of choice-of-law, not of substantive law. As Brainerd Currie noted three decades ago, "[t]he choice-of-law rule is an odd creature among laws. It never tells what the result will be, but only where to look to find the result ...." Article 3546 was neither intended to, nor capable of, "altering the punitive damages

---

[68] *See* La. Civ. Code art. 3546, comments (c)-(e),

[69] Article 3542 provides:

> Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

[70] *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. 13-0366, 2014 WL 1600404 (E.D. La. Apr. 18, 2014) (Brown, J.).

[71] *See Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp., Inc.*, 292 F.3d 471, 488 (5th Cir. 2002) ("The specific article dealing with a conflict of law determination in relation to punitive damages is Louisiana Civil Code article 3546"); *Arabie v. CITGO Petroleum Corp*., 2010-2605 (La. 3/13/12, 18); 89 So.3d 307, 320; *Thigpen v. Florida Gas Transmission Co., L.L.C.*, No. 14-1415, 2014 WL 6606966, at *2 (E.D. La. Nov. 19, 2014) (Barbier, J.); *Naquin v. Lin Bar Marine, Inc*., No. 07-8782, 2009 WL 649895, at *2 (E.D. La. Mar. 9, 2009) (Zainey, J.); *New Orleans Assets, L.L.C. v. Carl E. Woodward, L.L.C.*, 278 F.Supp.2d 776, 780 (E.D. La.2003) (Feldman, J.).

> law of Louisiana." As stated in the cover page of the document that introduced this article to the Council of the Law Institute, "article 3546 does *not* change the substantive law of Louisiana on the issue of punitive damages .... It does *not* introduce punitive damages 'through the back door.' ... It does *not* favor punitive damages...." The task of the conflicts codifier is not to alter, favor, or disfavor a rule of substantive law, but rather to help delineate its operation at *the multistate level*.[72]

Plaintiffs have put forth no authority, nor can the Court locate any, suggesting that Article 3546 changes the rule articulated in *Wooton*.[73]

Plaintiffs essentially urge this Court to be the first to authorize a punitive damages award by construing Article 3546 as a provision of substantive state law under an OCSLA analysis. No court has apparently reached that conclusion since Article 3546 was promulgated in 1991, and this Court will not be the first. *Wooton* instructs that a state's conflict of law rules have no relevance in an OCSLA case when a federal court is applying adjacent state law as surrogate federal law. Applying *Wooton*, and noting the lack of contrary authority, the Court finds that Article 3546 is a choice of

---

[72] Symeon C. Symeonides, Louisiana's New Law of Choice of Law for Tort Conflicts: An Exegesis, 66 TUL. L. REV. 677, 742-43 (1992) (footnotes omitted) (emphasis in original).

[73] Plaintiffs cite *Apache Corp. v. GlobalSantaFe Drilling Co.*, 832 F.Supp.2d 678, 698 (W.D. La. 2010) aff'd sub nom. *Apache Corp. v. Global Santa Fe Drilling Co.*, 435 Fed. Appx. 322 (5th Cir. 2011) and *Evans v. TIN, Inc.*, No. 11-2067, 2012 WL 1499225, at *3 (E.D. La. Apr. 27, 2012) (Africk, J.) to support their argument that Article 3546 should be construed as substantive law. However, neither case is persuasive because neither addresses the application of Article 3546 or the availability of punitive damages under an OSCLA analysis.

law provision of the Louisiana Civil Code and is therefore inapplicable here. Therefore, punitive damages are not available to Plaintiffs in this case.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that BEEOO's "Motion for Partial Summary Judgment Regarding Punitive Damages,"[74] Wood Group's "Motion for Partial Summary Judgment Regarding Punitive Damages,"[75] and Shamrock's "Motion for Partial Summary Judgment"[76] are all **GRANTED.**

**IT IS FURTHER ORDERED** that, in accordance with the Court's order during the February 25, 2015 oral argument, Plaintiff Dominguez's claim for punitive damages against Shamrock is **DISMISSED.**[77]

**NEW ORLEANS, LOUISIANA**, this 27th day of February, 2015.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[74] Rec. Doc. 358.

[75] Rec. Doc. 376.

[76] Rec. Doc. 383.

[77] Rec. Doc. 608.