**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDNA TAJONERA, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0366**<br>**c/w 13-0550, 13-5137, 13-2496,**<br>**13-5508, 13-6022, 13-6099, 13-**<br>**6413, and 14-374** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS,**<br>**L.L.C., et al.** | **SECTION: "G"(5)** |

## ORDER

Before the Court is the United States of America's "Motion to Intervene and Stay Civil Proceedings," wherein the United States seeks "to intervene under Rule 24 of the Federal Rules of Civil Procedure for the limited purpose of staying the instant proceedings until the conclusion of an ongoing federal criminal investigation involving, among others, Black Elk Energy Offshore Operations, L.L.C., defendant herein, and the same facts, evidence, witnesses, and circumstances at issue in the instant civil suit."[1] Having considered the motion, the memoranda in opposition and in support, the record, and the applicable law, the Court will allow the government to intervene and will grant a limited 60-day stay in this matter.

## I. Background

The pending civil case and the nine civil cases consolidated with it arise out of a November 16, 2012 explosion that occurred on the West Delta 32 Block Platform ("WD-32"), an offshore oil production platform owned by Black Elk Energy Offshore Operations, L.L.C. ("BEEOO"). The explosion resulted in the deaths of three individuals, injury to others, and the spillage of 500 barrels

---

[1] Rec. Doc. 603.

1

of oil into the Gulf of Mexico.  Plaintiffs  allege that BEEOO, Wood Group PSN, L.L.C. ("Wood Group"), Shamrock Management, L.L.C. ("Shamrock"), Compass Engineering & Consultants, LLC ("Compass"),[2] Enviro Tech Systems, LLC ("Enviro Tech"),[3] and Grand Isle Shipyard, Inc. ("GIS") were contractors of BEEOO allegedly involved in work being done on the Platform that day.[4]

The United States filed the pending motion, along with a motion to expedite hearing,[5] on February 25, 2015.[6] The Court granted the motion to expedite hearing, set the motion for hearing on the briefs at 3:00 p.m. on February 27, 2015, and ordered that any memoranda in opposition to the motion be filed by noon on February 27, 2015.[7] The following parties have filed memoranda in opposition: D&R Resources, L.L.C. ("D&R");[8] Plaintiff Dominguez;[9] Corporal Plaintiffs;[10] Plaintiff Voclain;[11] Wood Group;[12] and Canencia Plaintiffs.[13] Additionally, Tamayo and Ilagan Plaintiffs[14]

---

[2] Compass was dismissed from this lawsuit on August 26, 2014. See Rec. Doc. 406.

[3] Enviro-Tech was dismissed from this lawsuit on September 19, 2014. See Rec. Doc. 477.

[4] Rec. Doc. 590 at ¶¶ 22-27.

[5] Rec. Doc. 605.

[6] Rec. Doc. 603.

[7] Rec. Docs. 607, 613.

[8] Rec. Doc. 614.

[9] Rec. Doc. 617.

[10] Rec. Doc. 619.

[11] Rec. Doc. 620.

[12] Rec. Doc. 621.

[13] Rec. Doc. 628 at p. 2.

[14] Rec. Doc. 622.

and Intervenor the Gray Insurance Company[15] adopt by reference the oppositions filed by D&R, Plaintiff Dominguez, Plaintiff Voclain, the Tajonera and Corporal Plaintiffs, and Wood Group. Plaintiff Jordan Major[16] and the Srubar Plaintiffs[17] adopt by reference the oppositions filed by D&R, Plaintiff Dominguez, Plaintiff Voclain, and  the Tajonera and Corporal Plaintiffs. BEEOO adopts all other oppositions filed in response to the pending motion.[18] Finally, GIS filed a "Memorandum of No Opposition" to the pending motion, wherein it states that it joins the government in seeking a stay of the civil proceedings.[19]

## II. Parties' Arguments

### A.    *United States' Arguments in Support*

The United States contends that intervention and a stay are appropriate here because BEEOO, Wood Group, GIS, Chris Srubar, and Curtis Dantin are subjects of  "a federal criminal investigation involving the exact same set of facts, circumstances, witnesses, and evidence relating to this case and the other consolidated cases arising from the explosion."[20]  The United States argues that pursuant to Federal Rule of Civil Procedure 24(b), an applicant may intervene with leave of court when the applicant "has a claim or defense that shares with the main action a common question of law or fact." The United States notes that federal courts have the authority to stay civil

---

[15] Rec. Doc. 624.

[16] Rec. Doc. 623.

[17] Rec. Docs. 635, 630.

[18] Rec. Doc. 627.

[19] Rec. Doc. 629.

[20] Rec. Doc. 603-1 at p. 3.

3

proceedings pending the outcome of an ongoing criminal investigation.[21] The United States cites *Campbell v. Eastland*, where the Fifth Circuit set out guidelines for district courts to follow when deciding whether to stay a civil proceeding pending the result of an ongoing criminal investigation of prosecution:

> There is a clearcut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. [B]ut these distinctions do not mean that a civil action and a criminal action involving the same parties and some of the same issues are so unrelated that in determining good cause for discovery in the civil suit, a determination that requires the weighing of effects, the trial judge in the civil proceeding should ignore the effect discovery would have on a criminal proceeding that is pending or just about to be brought. The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.[22]

The United States argues that the *Campbell* court advised district courts to remember the differences and policy objectives in civil and criminal discovery; specifically, the Fifth Circuit cautioned that criminal defendants should not be able to benefit from the more liberal discovery available in civil matters.[23]

The United States notes that district courts within the Fifth Circuit have recognized several factors in considering whether to stay a civil proceeding: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether defendants have been indicted; (3) the private interests of the plaintiff in

---

[21] *Id.* at p. 5 (citing *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)).

[22] *Id.* at p. 6 (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)).

[23] *Id.* at p. 6.

proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of the burden on the defendants; (5) the interests of the courts; and (6) the public interest."[24]

Concerning the first factor, the United States acknowledges that the similarities in the facts and issues between the civil and the criminal matter is the most important factor in determining whether to grant a stay.[25] The United States contends that "[h]ere, there is a common nucleus of operative facts in both the civil and criminal matters."[26] Attached to the pending motion, the United States has appended the sealed declaration of a Department of Interior-Officer of Inspector General Special Agent, who states that the parties, witnesses, evidence, and operative events are nearly identical in the two parallel proceedings.[27]

With regard to the second factor, the United States argues that "while the criminal matter relating to this case has yet to ripen to an indictment, investigation into potential criminal violations has been ongoing and is still an active investigation."[28] The United States notes that the fact that a criminal investigation is ongoing does not foreclose the availability of a stay in the civil matter.[29] Moreover, "the applicability of the Speedy Trial Act guarantees that the criminal trial will occur

---

[24] *Id.* at pp. 7–8 (citing *Heller Healthcare Fin., Inc. v. Boyes*, No. 300-1335, 2002 WL 1558337, at * 2 (N.D. Tex. July 15, 2002)).

[25] *Id.* at p. 9 (citing *Waste Mgmt. of La., LLC, v. River Birch, Inc.*, No. 11-2405, 2012 WL 520660, at * 4 (E.D. La. Feb. 15, 2012) (Brown, J.)).

[26] *Id.* at p. 8.

[27] Rec. Doc. 603-4.

[28] Rec. Doc. 603-1 at p. 9.

[29] *Id.* at p. 10 (citing *Wehling v. CBS*, 608 F.2d 1084, 1089 (5th Cir. 1979)).

quickly after indictment."[30]

In connection with the third factor, the United States avers that the prejudice to plaintiffs based on a delay of the civil proceedings will not be substantial.[31] The United States explains that Plaintiffs may be victims in the criminal proceedings and therefore entitled to restitution under 18 U.S.C. § 3663.[32] Further, the United States maintains that Plaintiffs may actually benefit from the stay because they would have the benefit of the information gathered during the criminal investigation.[33] Additionally, the United States notes that the Court may require the government to periodically provide *in camera* status updates of the progress of the criminal matter to ensure the government's need for the stay is still valid.[34]

Next, the United States avers that the interests of the defendants would be served by the stay, because any defendant who has criminal exposure would be able to address criminal liability first, prior to any civil liability.[35]

In addressing the fifth and sixth factors, the United States argues that as the role of the prosecutor is to serve both private victims and the general public, the criminal case is entitled to precedence over the civil litigation.[36] The United States avers that the parties have noticed the deposition of Keith King, one of the Special Investigators of the Bureau of Safety and

---

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.* at p. 11.

[34] *Id.*

[35] *Id.*

[36] *Id.* at pp. 11–12 (citing *In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989)).

Environmental Enforcement ("BSEE") who was involved in the investigation of the cause of the explosion.[37] The United States explains that if King's deposition is allowed to proceed, the subjects of the criminal matter will be afforded an opportunity to secure sworn testimony of an investigator regarding matters that are currently the subject of criminal investigation.[38] Therefore, according to the United States, even though discovery in this matter is otherwise close to completion, the public interest lies with law enforcement and the need to prevent civil discovery rules from being used to otherwise circumvent criminal discovery rules.[39] Finally, concerning the sixth factor, the United States argues that the interests of judicial economy counsel in favor of a stay in the civil proceeding pending the outcome of the ongoing criminal matter, because the criminal matter may streamline the civil litigation by eliminating certain evidentiary issues.[40]

**B.**     ***Arguments in Opposition***

In opposition to the government's motion, D&R Resources argues that "it seems only fair to assume that the investigation began shortly after the incident" two years ago, and that the depositions of most, if not all, fact witnesses have already been taken.[41] D&R Resources contends that it seems unnecessary to stay these proceedings in their entirety if the United States seeks only or primarily to prevent the parties from taking the deposition of the BSEE Special Investigator.[42]

---

[37] *Id.* at p. 12.

[38] *Id.* (citing *United States v. One 2008 Audi R8 Coupe Quatro*, 866 F.Supp.2d 1180, 1184 (C.D. Cal. 2004)).

[39] *Id.*

[40] *Id.* at p. 12 (citing *Waste Management*, 2012 WL 520660, at * 5).

[41] Rec. Doc. 614 at p. 1.

[42] *Id.* at p. 2.

D&R also states that "unless the Government can assure the Court that indictments are on the near horizon, the Court–and the parties–have no reason to believe that the requested stay might not last another two (2) years."[43]

Plaintiff Dominguez argues that the United States' motion should be denied first because all targets of the criminal investigation have already been deposed and have refused to invoke their Fifth Amendment rights.[44] Next, Plaintiff Dominguez contends that, considering the amount of discovery already completed in the civil case, it is "far too late" for the United States to use a stay to prevent potential criminal defendants from receiving an advantage in the criminal proceedings.[45] Finally, Plaintiff Dominguez states that all of the civil plaintiffs seek closure and finality, and the stay would severely undercut this important judicial junction by prolonging the civil case.[46]

Tajonera and Corporal Plaintiffs contend that, at this late stage of the litigation, the stay would serve only to delay the deposition of Keith King, prevent the Court from ruling on pretrial and discovery motions, and prevent the trial from proceeding.[47] According to Tajonera and Corporal Plaintiffs, "the Defendants have not only engaged in extensive discovery, they have received portions of the BSEE investigative file, such as audio recordings, photos, transcripts, interview summaries, and Investigative Activity Reports, *from the Government.*"[48] According to Plaintiffs, Brian Salerno, Director of BSEE expressly authorized the deposition of King and limited King's

---

[43] *Id.* at pp. 2–3.

[44] Rec. Doc. 617 at p. 1.

[45] *Id.*

[46] *Id.*

[47] Rec. Doc. 619 at p. 2.

[48] *Id.* (emphasis in original).

testimony to "BSEE's investigation of the November 16, 2012 incident, it findings, conclusions, and its recommendations."[49] The Tajonera and Corporal Plaintiffs additionally state that the deposition was known to attorneys in the Department of the Interior and the Department of Justice, one or more of whom will be present at the deposition. "The very fact that Director Salerno and the Solicitor of the Department of the Interior expressly authorized this deposition undermines the U.S. Attorney's argument that the deposition is not in the public interest."[50] Additionally, they argue that because the King deposition is already limited to a publicly-available BSEE document, the deposition will not harm the criminal investigation.[51]

Tajonera and Corporal Plaintiffs state that they are willing to forego King's deposition if necessary to keep their June 22, 2015 trial date.[52] In lieu of that deposition, they seek a ruling on the admissibility of the BSEE report, and "[d]epending on the evidentiary ruling of this Court, the Tajoneras could then decide whether the deposition of Mr. King is necessary."[53] Finally, they aver that they will be prejudiced by a continuance of the trial, which has already been continued twice.[54]

Plaintiff Voclain argues that the United States has not sought intervention as a matter of right, and "[t]hus, at best the Government's request to intervene in these matters is permissive, and based on some court decisions that permit government intervention for the sole reason of staying

---

[49] *Id.* at p. 4.

[50] *Id.* at p. 5.

[51] *Id.* at p. 5 (emphasis omitted).

[52] *Id.* at p. 6.

[53] *Id.*

[54] *Id.* at p. 7.

a civil matter."[55] Plaintiff Voclain argues that the present case is distinguishable from *Campbell* because, here, "extensive civil discovery has already been conducted, and the governmental branch responsible for the investigation of the explosion already produced the material it used in support of its public report."[56] Plaintiff Voclain additionally states that the present case is unlike *River Birch* because "all business entities who are criminal subjects already submitted to 20(b)(6) depositions, and the individual criminal subjects have already submitted to their personal deposition[s]."[57] He additionally contends that:

> the broad and encompassing stay the Government seeks would not only prevent the Court from ruling on those motions, but it would also prevent the parties from meeting with the Magistrate Judge for settlement conferences, from otherwise entering into private settlement discussions, the binding of settlements, and having the Court enter conditional orders of dismissals on agreed settlements and compromises.[58]

Wood Group argues first that the United States' intervention is untimely because the events underlying this case occurred 27 months ago, and BSEE issued its report more than 15 months ago.[59] According to Wood Group, in determining the timeliness of a motion to intervene, the Court must consider four factors: (1) how long the potential intervenor knew or should have known of her stake in the case; (2) the prejudice, if any, the existing parties may suffer because the potential intervenor failed to intervene when her stake in the case was known; (3) the prejudice, if any, the potential intervenor may suffer if the court does not let her intervene; and (4) any unusual circumstances that

---

[55] Rec. Doc. 620 at p. 2.

[56] *Id.*

[57] *Id.* at p. 3.

[58] *Id.* at p. 5.

[59] Rec. Doc. 621 at p. 2.

weigh in favor or against timeliness.[60]  With respect to the first factor, Wood Group contends that the intervention is untimely because United States has known about the incident for more than two years.[61] Next, Wood Group argues that the parties will be prejudiced if the pending motion, though Wood Group does not provide an explanation for this conclusion.[62]

Wood Group additionally argues that "other than the Government's bald assertion that it has submitted sealed materials demonstrating that the same parties, witnesses and evidence are involved in both proceedings, it has utterly failed to demonstrate how the matters are 'identical.'"[63]  Next, any ongoing criminal investigation would not be prejudiced by allowing the civil litigation to proceed because, according to Wood Group, "discovery is, essentially, complete in this case."[64] However, Wood Group contends, Plaintiffs would be prejudiced by a stay because the United States has provided no timeframe for when its investigation may be complete, when it will make a decision concerning potential indictments, or when it will "get its case(s) to trial."[65] Moreover, Defendants will be prejudiced by a stay because "[i]f the government is allowed to intervene and stay proceeding [sic], any hope of resolution will be pushed years into the future," such that attorneys, witnesses, and experts may become unavailable for trial.[66] Finally, Wood Group argues that a stay of the entire litigation would not protect public interest or judicial interest, and that "there is no

---

[60] *Id.* (citing *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001)).

[61] *Id.* (citing *Warren v. Gellar*, 2013 WL 1455688 at *8 (E.D. La. Apr. 9, 2013) (Brown, J.)).

[62] *Id.*

[63] *Id.* at p. 4.

[64] *Id.* at p. 5.

[65] *Id.* at p. 7.

[66] *Id.*

greater advantage to allowing a criminal matter (in which there is no current indictment) to precede the civil litigation."[67]

Finally, according to the Canencia Plaintiffs, "the ship has already sailed, discovery is virtually completed and all that's left is trial of the case."[68] Canencia Plaintiffs state that they have fully cooperated with the Department of Justice's criminal investigation, and that it is unreasonable that the United States has filed the Declaration of the Department of Interior-Officer of Inspector General Special Agent under seal.[69] Canencia Plaintiffs contend that this consolidated action "clearly should not be stayed" because the parties are ready for trial, the vast majority of discovery is completed, the government cannot and has not demonstrated any prejudice if the case is to continue to trial, Plaintiffs will be prejudiced by further delay in obtaining their relief, and the reason for the length of delay has been unexplained.[70]

## C.   *United States' Arguments in Further Support*

In further support of its motion, the United States contends, first, that "the government requests the stay of the civil proceedings in this matter *now* because it is *now* that there is concern that the criminal investigation will be affected if the civil litigation continues to proceed."[71] With respect to the scheduled deposition of Keith King, the United States concedes that, as noted by Tajonera Plaintiffs, "the Department of the Interior independently responded to a *Touhy* request and provided the civil litigants with portions of the investigative file for their discovery and requested

---

[67] *Id.* at pp. 8–9.

[68] Rec. Doc. 628 at p. 2.

[69] *Id.*

[70] *Id.* at p. 5 (citing *Day v. Apoliona,* 505 F.3d 963, 965 (9th Cir. 2007)).

[71] Rec. Doc. 635 at p. 2 (emphasis in original).

that any testimony given by Keith King be limited to his investigation, not the criminal investigation."[72] However, the government argues, "the fact that the explosion and the findings of the BSEE investigation are the subject of the Department of Justice's criminal investigation and the interest of the Department of Justice in preserving the integrity of their investigation weighs in favor of a stay of the proceedings which would include a stay of the deposition of Keith King."[73] The United States reavers that "there are parties to this deposition that are subjects of the criminal investigation and will be in a position to question this witness pre-trial, an opportunity that would otherwise not be afforded to them outside the civil proceeding."[74] Additionally, the government states that Plaintiffs would not be prejudiced in not taking the deposition of King because the BSEE report is a public document, and "they are privy to reports of interview."[75]

The United States next contends that a stay is warranted despite the amount of discovery that has already been conducted and despite the fact that no party has invoked their Fifth Amendment privilege in the course of civil discovery.[76] The government notes that the majority of parties opposing its motion do not yet have a trial date, and that discovery is not yet closed.[77] Specifically, the United States avers that, in addition to the King deposition, Plaintiffs stated at oral argument that they may depose other witnesses.[78] According to the United States, "if discovery continues, the June

---

[72] *Id.*

[73] *Id.* at pp. 2–3.

[74] *Id.* at p. 3.

[75] *Id.*

[76] *Id.*

[77] *Id.*

[78] *Id.*

22, 2015 trial date, which only involves the Tajonera Plaintiffs, may not go forward as scheduled."[79] The government suggests that the Court may require periodic updates from the government to ensure that the continued stay is warranted.[80]

Finally, the United States reavers that the most important factor in a Court's six factor analysis in determining whether to grant a stay is whether the civil and criminal matters are similar. Here, according to the government, the matters are identical.[81] Moreover, the United States contends that both the Court's interests in judicial economy and the public interest, "which lie with law enforcement over the prosecution of a private civil claim," favor granting the pending motion.[82] Accordingly, the United States contends, "the continuation of this case with any additional discovery, the Court's rulings, and this matter's eventual trial date would irreparably damage the criminal investigation."[83]

### III.  Law and Analysis

#### A.    *The United States' Motion to Intervene*

Rule 24(a) states:

On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Thus, a party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the

---

[79] *Id.*

[80] *Id.*

[81] *Id.*

[82] *Id.* at p. 5.

[83] *Id.* at pp. 5–6.

potential intervenor asserts a "direct, substantial [and] legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest.[84]

As to permissive intervention, Rule 24(b) provides in pertinent part:

(1)     In General. On timely motion, the court may permit anyone to intervene who:
  (A)     is given a conditional right to intervene by a federal statute; or
  (B)     has a claim or defense that shares with the main action a common question of law or fact.
***
(3)     Delay or Prejudice. In exercising its *discretion*, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.[85]

"Federal courts should allow intervention where 'no one would be hurt and greater justice could be attained.'"[86]

Whether characterized as "of right" or "permissive," intervention by the United States in this matter under Rule 24 is appropriate. The Fifth Circuit has recognized the prosecution's interest in intervening in civil proceedings to stay discovery and protect a criminal investigation.[87] Moreover, other sections of this Court have found that when evidence demonstrates that the civil action and the criminal investigation include identical subject matter, the United States has carried its burden to

---

[84] *See  In re Lease Oil Antitrust Litig*., 570 F.3d 244, 247, 250 (5th Cir. 2009) (quotation omitted).

[85] Fed. R. Civ. P. 24(b)(1), (3) (emphasis added).

[86] *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

[87] *Campbell*, 307 F.2d at 478.

show that it has a right to intervene pursuant to Rule 24.[88]   Here, the United States has come forward with such evidence and affirmed that the subject of the criminal investigation and the civil lawsuit are identical and share common questions of law and fact. Therefore, the United States has demonstrated that intervention is appropriate.

Several Plaintiffs argue that the pending motion should be denied because it was not timely filed. "[T]he requirement of timeliness applies whether intervention is sought as a matter of right or as a matter of discretion."[89] "The  concept of 'timeliness' in connection with motions for leave to intervene is a flexible one, which is left to the sound discretion of the trial court."[90] "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner."[91] In *John Doe No. 1 v. Glickman*,[92] the Fifth Circuit acknowledged that:

> Th[is] analysis is contextual; absolute measures of timeliness should be ignored." *Espy*, 18 F.3d at 1205. A court should ignore "[h]ow far the litigation has progressed when intervention is sought[,] ... the amount of time that may have elapsed since the institution of the action ... [, and] the likelihood that intervention may interfere with orderly judicial processes." *Stallworth*, 558 F.2d at 266.[93]

Instead, a Court must consider four factors to determine timeliness: (1) how long the potential intervener knew or reasonably should have known of her stake in the case into which she

---

[88] *See, e.g.*, *Sw. Recovery Group, LLC v. BP Am., Inc.*, 278 F.R.D. 162, 167 (E.D. La. 2012).

[89] 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1916 at 527–28 (3d ed. 2007).

[90] *Id.* at 529 (citing *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).

[91] *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

[92] 256 F.3d 371 (5th Cir. 2001).

[93] *Id.* at 375 (alternations in original).

seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervener failed to intervene when she knew or reasonably should have known of her stake in that case; (3) the prejudice, if any, the potential intervener may suffer if the court does not let her intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness.[94] However, "[t]hese factors are a framework and 'not a formula for determining timeliness.' A motion to intervene may still be timely even if all the factors do not weigh in favor of a finding of timeliness."[95]

With regard to the first factor,  the evidence does indicate whether the United States knew, or should have known, of its stake in this matter for some time, but failed to take action. The United States has also failed to provide an explanation for its delay. Therefore, this factor weighs in favor of finding the pending motion untimely. Second, considering that the first trial in this matter is set for June 22, 2015, the United States' delay in seeking intervention presents a risk of prejudice to the existing parties.  Third, the United States has represented that its criminal investigation is underway, and that the Court's rulings on the pending dispositive motions may impede that investigation. The Court agrees that further action with respect to those motions may prejudice the grand jury proceedings against various parties to this litigation. The Court finds that this factor weighs in favor of a finding that the motion is timely. With respect to the final timeliness factor, the United States has not provided any evidence or argument to demonstrate "unusual circumstances" as to why it delayed filing this motion. As such, this factor does not weigh in favor of a finding of timeliness.

Considering that the civil litigation and criminal investigation concern identical subject

---

[94] *Id.* at 376.

[95] *Id.* (internal citations omitted).

matter, the Court will exercise its discretion to allow the United States to intervene in the pending litigation. The Court is aware of the prejudice that granting a stay of the entire case, as requested by the government, may  impart on the original parties.[96]  However, any potential prejudice to the original parties will be cured in the ways that follow.

**B.       The United States' Motion for a Stay**

There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[97] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[98] When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[99] It is well recognized that a district court "may stay a civil proceeding during the pendency of a parallel criminal proceeding."[100]  Indeed, a district court may sometimes  stay a civil action "until the criminal case or the likelihood of a criminal case is ended."[101]

Although the Fifth Circuit has determined that a stay may be warranted where "special circumstances" exist to prevent a party from suffering substantial and irreparable prejudice,[102] courts

---

[96] *Espy*, 18 F.3d at1205.

[97] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[98] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[99] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also*, *Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[100] *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[101] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996))).

[102] *First Fin. Grp.*, 659 F.2d at 668; s*ee also, United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).

within the Fifth Circuit have looked to six factors to determine whether the civil action should be stayed.[103]   These factors are:

1.   The extent to which the issues in the criminal case overlap with those presented in the civil case;

2.   The status of the criminal case, including whether the defendant has been indicted;

3.   The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

4.   The private interests of and burden on the defendant;

5.   The interests of the courts; and

6.   The public interest.[104]

## C.   *Application of Factors for Issuance of a Stay*

### 1.   **The extent to which the issues in the criminal case overlap with those presented in the civil case**

Where there exists overlap between the civil and criminal proceedings, courts often feel compelled to grant a stay.[105] Many courts have found that "the similarity of the issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."[106] Having reviewed the Declaration of the Department of Interior-Officer

---

[103] *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test); *see also, Lebouef v. Global X-Ray and Testing Corp.*, No. 07-5755, 2008 U.S. Dist. LEXIS 6470, at *4 (E.D. La. Jan. 29, 2008) (Barbier, J.) ("To determine whether special circumstances exist, the court must 'balance the competing constitutional and procedural interests of the parties,' as illustrated through the six-factor test . . . .") (citation omitted).

[104] *Alcala*, F.Supp. 2d at 399.

[105] *Astoria Entm't, Inc. v. Edwards*, No. 98-3359, 1999 U.S. Dist. LEXIS 6040, at *3 (E.D. La. Apr. 22, 1999) (Duval, J.).

[106] *See, e.g., Dominguez v. Hartford Fin. Servs. Grp.*, 530 F. Supp.2d 902, 906-07 (S.D. Tex. 2008).

of Inspector General Special Agent, which was filed under seal, the Court is convinced that the subject matter of this suit is "identical" or very similar to the nature of the criminal investigation. Therefore, this factor weighs in favor of issuing a stay.

### 2.        Status of Criminal Proceedings

Even when there are not yet criminal charges filed, "this fact does not militate against the granting of a stay of discovery."[107] In fact, some district courts within this Circuit have found that "when the government seeks a stay of civil discovery, the justification for obtaining a stay is often strongest before an indictment is handed down."[108] The United States has indicated that the investigation is ongoing and that Grand Jury proceedings have commenced. The Court finds that the parallel civil litigation could disrupt the progress of the criminal investigation, and therefore this factor weighs in favor of a stay.

### 3.        Plaintiffs' Interest

Plaintiffs contend that they would be prejudiced by a stay, considering that the first trial in this matter is set to commence on June 22, 2015. The Court agrees that the government's requested stay presents a high risk of prejudice to Plaintiffs, who have a strong interest in the resolution of this matter. Therefore, this factor weighs against the issuance of a stay under the terms set forth in the United States' motion.

### 4.        Defendants' Interest

The United States contends that, to the extent GIS, Wood Group, and BEEOO have criminal exposure, a stay of the civil case would allow those parties to properly address any criminal

---

[107] *SEC v. Offill*, No. 07-1643, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008).

[108] *Id.* at * 2-3.

culpability first, prior to any civil liability.[109] GIS has not opposed the government's motion.[110] Wood Group contends that it will be prejudiced by a stay because it is eager for its day in court and is entitled to resolution of the pending claims.[111] Additionally, Wood Group argues that a stay would push any hope of a resolution of this matter "years into the future," and that witnesses and experts may be unavailable at that time.[112] BEEOO adopts the memoranda of opposition filed by other parties to this litigation and does not add any different or additional arguments.[113] The Court agrees that the stay requested by the government, which is apparently unconditional and for unlimited duration, presents a high risk prejudicing the defendants in this litigation, who are entitled to resolution of this matter. However, the concerns raised by defendants can be addressed by limiting the scope of the stay.

### 5. The Court's Interest

"The Court has interests in judicial economy and expediency,"[114] and granting a stay serves those interests because "conducting the criminal proceedings first advances the judicial economy."[115] If a stay were not granted, it is almost certain that duplicative legal findings would occur. Furthermore, allowing the criminal suit to proceed first may "streamline" this matter. There exists the possibility that collateral estoppel or *res judicata* will affect some or all of the overlapping

---

[109] Rec. Doc. 603-1 at p. 11.

[110] Rec. Doc. 629.

[111] Rec. Doc. 621 at p. 7.

[112] *Id.*

[113] Rec. Doc. 627.

[114] *Doe*, 2012 U.S. Dist. LEXIS 12454, at *6.

[115] *Offill*, 2008 WL 958072, at *3.

21

issues.[116] At the same time, the Court is aware that the first trial in this matter is scheduled to commence on June 22, 2015, and that motions practice is complete.  On balance, this factor also weighs in favor of granting a stay.

### 6.     The Public Interest

The Fifth Circuit has recognized that the public interest in law enforcement efforts though criminal investigation and prosecution is substantial:

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.[117]

One of Plaintiffs' main contentions is that a stay would delay the resolution of the first case proceeding to trial. While the Court recognizes this as a valid concern, Fifth Circuit precedent advises that this interest is subservient to law enforcement's prerogative in this situation. The Court finds that a narrowly-tailored stay would not substantially harm Plaintiffs' interests, and will therefore grant the pending motion subject to the following conditions.

### D.     Scope of the Stay

"The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of the litigation, which includes authority to control the scope and pace of discovery."[118] Here, the Court is persuaded that a limited stay is warranted to protect the integrity of the criminal

---

[116] *Emich Motors Corp. v. Gen Motors Corp.,* 340 U.S. 558, 568 (1951) ("It is well established that a prior criminal conviction may work as estoppel.") (citations omitted).

[117] *Campbell*, 307 F.2d at 487.

[118] *In re Ramu Corp.*, 903 F.2d at 318.

proceedings. Therefore, the Court will grant the government a limited 60-day stay in this matter and will administratively close the case for that period.

The 60-day stay will be subject to several conditions. First, within 60 days of the date of this Order, the government must file a status report *in camera* to apprise the Court of the status of its criminal investigation. The Court will not continue the stay absent good cause.

Additionally, the Court will allow the March 6, 2015 deposition of Keith King to go forward. As stated above, the BSEE Director and the Solicitor of the Department of the Interior apparently authorized the deposition, which will cover only "BSEE's investigation of the November 16, 2012 incident, it findings, conclusions, and its recommendations."[119] It appears, therefore, that the deposition will be narrowly tailored to cover only the subject matter of a publically-available BSEE document. Moreover, Tajonera and Corporal Plaintiffs have represented that one or more government attorneys will be present at the deposition.[120]

The government has failed to sufficiently explain why it now seeks to prevent a deposition that it apparently consented to in the first place. Moreover, the government has not explained why the limitations stated above are insufficient to protect the integrity of the ongoing criminal investigation. The Court finds this lack of candor to be concerning. Considering that the deposition is already limited to a publically-available document and that safeguards are in place to protect the government's interests, the Court does not agree with the United States that the deposition will harm the ongoing criminal investigation.[121]

---

[119] *Id.* at p. 4.

[120] *Id.* at p. 5.

[121] *Id.* (emphasis omitted).

Finally, the parties are ordered to continue mediation and settlement discussions with the Magistrate Judge assigned to this matter throughout the duration of the stay.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion to Intervene and Stay Civil proceedings[122] is **GRANTED.** Motions practice in this matter will be stayed for **60 days**, at which time the United States is ordered to file an *in camera* status report informing the Court of the status of the federal criminal investigation into the events that form the basis of Plaintiffs' complaint.

**IT IS FURTHER ORDERED**  that the March 6, 2015 deposition of Keith King may proceed as scheduled.

**IT IS FURTHER ORDERED** that the parties continue to participate in mediation and settlement negotiations with the Magistrate Judge assigned to this matter during the stay.

**IT IS FURTHER ORDERED** that this case is administratively closed. When the stay is lifted,  the Court will resolve the motions currently pending in this matter and will decide if a continuance of the trial date is necessary.

**NEW ORLEANS, LOUISIANA**, this  __2nd__  day of March, 2015.

                    **NANNETTE JOLIVETTE BROWN**
                    **UNITED STATES DISTRICT JUDGE**

---

[122] Rec. Doc. 603.

24