UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDNA TAJONERA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF AVELINO TAJONERA, DECEASED, AND AS NEXT FRIEND OF MAVERICK TAJONERA AND EDRIAN TAJONERA, MINOR CHILDREN, AND JADE TAJONERA | * * * * * * * | CIVIL ACTION No. 13-0366 c/w 13-0550, 13-2496, 13-5137, 13-5508, 13-6022, 13-6099, 13-6413, 14-0374 and 14-1714 SECTION "G" (5) |
| VERSUS | * * | JUDGE NANNETTE JOLIVETTE BROWN |
| BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC | * * | MAGISTRATE JUDGE MICHAEL NORTH |

**APPLIES TO Civil Action No. 13-cv-0550**

**WOOD GROUP PSN, INC.'S ANSWER AND CROSS-CLAIMS
IN RESPONSE TO THIRD AMENDED COMPLAINT
OF MARY JEAN CORPORAL, *ET AL***

NOW COMES defendant, Wood Group PSN, Inc., and files this Answer to the Third Amended Complaint of Mary Jean Corporal, Individually and on Behalf of the Estate of Ellroy A. Corporal, Deceased, and as Next Friend of EllJean Mae M. Corporal, Ellroy M. Corporal, Jr., and Roberto Corporal and Monica Corporal ("Corporal Plaintiffs").

FIRST DEFENSE

The Third Amended Complaint fails to state a cause of action upon which relief can be granted.

1

SECOND DEFENSE

Defendant avers that the Corporal Plaintiffs' injuries, if any, resulted in whole or in part, from the negligence of their decedent, Ellroy A. Corporal, which is pled in bar and diminution of recovery herein.

THIRD DEFENSE

Defendant avers that the Corporal Plaintiffs' damages, if any, resulted in whole or in part, from the voluntary assumption of the risk by their decedent, Ellroy A. Corporal, which is pled in bar and diminution of recovery herein.

FOURTH DEFENSE

Defendant avers that the Corporal Plaintiffs' injuries, if any, resulted from the fault of third parties, including, but not limited to, the decedent's alleged employer, D&R Resources, Inc., for whom defendant is not legally responsible.

FIFTH DEFENSE

Defendant specifically denies the applicability of joint and several or solidary liability.

SIXTH DEFENSE

Defendant specifically avers any and all terms, releases and contractual undertakings contained in the contracts between the various parties, including, but not limited to, the contract between the decedent's alleged supplier, Grand Isle Shipyard, Inc., and Black Elk Energy Offshore Operations, LLC.

SEVENTH DEFENSE

The Third Amended Complaint is barred by prescription, preemption and/or laches.

AND NOW, answering separately the allegations of the Third Amended Complaint, Wood Group PSN, Inc. ("WGPSN" or "defendant") responds as follows:

1.

Defendant denies the allegations of paragraph 1 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

2.

Except to admit that Black Elk Energy Offshore Operations, LLC has appeared in this matter, defendant denies the allegations of paragraph 2 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

3.

Except to admit that Wood Group PSN, Inc. has appeared in this matter, has offices located at 17000 Katy Freeway, Suite 150, Houston, Texas 77094, has the registered agent identified in the paragraph, and conducts business in the State of Louisiana, defendant denies the allegations of paragraph 3 of the Third Amended Complaint.

4.

Except to admit that Enviro-Tech Systems, LLC has appeared in this matter, defendant denies the allegations of paragraph 4 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

5.

Except to admit that Compass Engineering & Consultants, LLC has appeared in this matter, defendant denies the allegations of paragraph 5 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

6.

Except to admit that Shamrock Management, LLC has appeared in this matter, defendant denies the allegations of paragraph 6 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

7.

Except to admit that Grand Isle Shipyard, Inc. has appeared in this matter, defendant denies the allegations of paragraph 7 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

8.

Defendant denies the allegations of paragraph 8 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

9.

Except to admit that the platform is a fixed platform located on the continental shelf off the coast of Louisiana and is attached to the seabed, defendant avers that the allegations of paragraph 9 of the Third Amended Complaint state conclusions of law requiring no answer.

10.

Defendant avers that the allegations of paragraph 10 of the Third Amended Complaint state conclusions of law requiring no answer.

11.

Defendant avers that the allegations of paragraph 11 of the Third Amended Complaint state conclusions of law requiring no answer.

12.

Defendant avers that the allegations of paragraph 12 of the Third Amended Complaint state conclusions of law requiring no answer.

13.

Defendant avers that the allegations of paragraph 13 of the Third Amended Complaint state conclusions of law requiring no answer.

14.

Wood Group PSN, Inc. avers that the allegations of paragraph 14 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

15.

Wood Group PSN, Inc. avers that the allegations of paragraph 15 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

16.

Wood Group PSN, Inc. avers that the allegations of paragraph 16 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

17.

Wood Group PSN, Inc. avers that the allegations of paragraph 17 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

18.

Wood Group PSN, Inc. avers that the allegations of paragraph 18 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

19.

Wood Group PSN, Inc. avers that the allegations of paragraph 19 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

20.

Wood Group PSN, Inc. avers that the allegations of paragraph 20 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

21.

Wood Group PSN, Inc. avers that the allegations of paragraph 21 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

22.

Except to admit that Wood Group is a production services company that provides operational personnel for offshore platforms and had certain personnel on the platform at the time of the explosion, defendant denies the allegations of paragraph 22 of the Third Amended Complaint.

23.

Wood Group PSN, Inc. avers that the allegations of paragraph 23 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

24.

Wood Group PSN, Inc. avers that the allegations of paragraph 24 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

25.

Wood Group PSN, Inc. avers that the allegations of paragraph 25 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

26.

Wood Group PSN, Inc. avers that the allegations of paragraph 26 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

27.

Insofar as the allegations of paragraph 27 pertain to Wood Group PSN, Inc., said allegations are denied.

28.

Except to admit that on or about November 16, 2012 an explosion and fire occurred on the Black Elk Energy Offshore Operations, LLC West Delta 32 Block Platform located in the Gulf of Mexico, defendant denies the remaining allegations of paragraph 28 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

29.

Defendant admits the allegations of paragraph 29 of the Third Amended Complaint.

30.

Defendant denies the allegations of paragraph 30 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

31.

Defendant denies the allegations of paragraph 31 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

32.

Wood Group PSN, Inc. avers that the allegations of paragraph 32 of the Third Amended Complaint do not pertain to it; accordingly, no response is required.

33.

Defendant denies the allegations of paragraph 33 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

34.

Defendant denies the allegations of paragraph 34 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

35.

Insofar as the allegations of paragraph 35 deny fault on the part of Ellroy A. Corporal, said allegations are denied.  Insofar as the allegations assert negligence on the part of Wood Group PSN, Inc., said allegations are denied.  Insofar as the allegations pertain to defendants other than Wood Group PSN, Inc., no response is required.

36.

Except to admit that, initially after the explosion, two workers were reported missing and their bodies were ultimately recovered, defendant denies the allegations of paragraph 36 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

37.

Defendant denies the allegations of paragraph 37 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

38.

Defendant avers that the allegations of paragraph 38 state conclusions of law requiring no answer.  Insofar as an answer may be required, defendant denies the allegations of paragraph 38 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

39.

Insofar as the allegations of paragraph 39 of the Third Amended Complaint may pertain to Wood Group PSN, Inc., said allegations are denied. Insofar as the allegations pertain to defendants other than Wood Group PSN, Inc., no response is required.

40.

Insofar as the allegations of paragraph 40 of the Third Amended Complaint pertain to Wood Group PSN, Inc., said allegations are denied. Insofar as the allegations pertain to defendants other than Wood Group PSN, Inc., no response is required.

41.

Insofar as the allegations of paragraph 41 of the Third Amended Complaint pertain to Wood Group PSN, Inc., said allegations are denied. Insofar as the allegations pertain to defendants other than Wood Group PSN, Inc., no response is required.

42.

Insofar as the allegations of paragraph 42 of the Third Amended Complaint pertain to Wood Group PSN, Inc., said allegations are denied. Insofar as the allegations pertain to defendants other than Wood Group PSN, Inc., no response is required.

43.

Insofar as the allegations of paragraph 43 of the Third Amended Complaint pertain to Wood Group PSN, Inc., said allegations are denied. Insofar as the allegations pertain to defendants other than Wood Group PSN, Inc., no response is required.

44.

Insofar as the allegations of paragraph 44 of the Third Amended Complaint pertain to Wood Group PSN, Inc., said allegations are denied. Insofar as the allegations may pertain to defendants other than Wood Group PSN, Inc., no response is required.

45.

Defendant incorporates, re-alleges and re-avers its responses to all prior allegations as if fully set forth herein.

46.

Defendant avers that the allegations of paragraph 46 of the Third Amended Complaint state conclusions of law requiring no answer.

47.

Defendant incorporates, re-alleges and re-avers its responses to all prior allegations as if fully set forth herein.

48.

Defendant avers that the allegations of paragraph 48 of the Third Amended Complaint state conclusions of law requiring no answer.

49.

Defendant avers that the allegations of paragraph 49 of the Third Amended Complaint state conclusions of law requiring no answer.  Insofar as a response may be required, defendant denies the allegations of paragraph 49 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

50.

The allegations of paragraph 50 require no response from Defendant. Insofar as a response may be required, defendant denies the allegations of paragraph 50 of the Third Amended Complaint for lack of information sufficient to justify a belief therein.

51.

Defendant incorporates, re-alleges and re-avers its responses to all prior allegations as if fully set forth herein.

52.

Defendant avers that the allegations of paragraph 52 of the Third Amended Complaint state conclusions of law requiring no answer.

53.

Defendant avers that the allegations of paragraph 53 of the Third Amended Complaint state conclusions of law requiring no answer. To the extent the allegations assert fault on the part of Wood Group, PSN, said allegations are denied.

54.

Defendant incorporates, re-alleges and re-avers its responses to all prior allegations as if fully set forth herein.

55.

Insofar as the allegations of paragraph 55 pertain to Wood Group PSN, Inc., said allegations are denied. Insofar as the allegations of paragraph 55 pertain to other defendants, no response is required from Wood Group PSN, Inc.

56.

Insofar as the allegations of paragraph 56 pertain to Wood Group PSN, Inc., said allegations are denied. Insofar as the allegations of paragraph 56 assert fault against other defendants, no response is required from Wood Group PSN, Inc. Insofar as the allegations assert comments by Black Elk's CEO, John Hoffman, defendant avers that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 56 of the Third Amended Complaint.

57.

Insofar as the allegations of paragraph 57 assert fault on the part of Wood Group PSN, Inc., said allegations are denied. Insofar as the allegations assert fault against other defendants, no response is required from Wood Group PSN, Inc. Insofar as the allegations state conclusions of law, no answer is required.

58.

Defendant incorporates, re-alleges and re-avers its responses to all prior allegations as if fully set forth herein.

59.

Defendant avers that the allegations of paragraph 59 of the Third Amended Complaint state conclusions of law requiring no answer.

60.

To the extent that the allegations of paragraph 60 pertain to and/or assert fault on the part of Wood Group PSN, Inc., said allegations are denied. To the extent the allegations assert fault against other defendants, no response is required from Wood Group PSN, Inc.

61.

Defendant incorporates, re-alleges and re-avers its responses to all prior allegations as if fully set forth herein.

62.

Defendant avers that the allegations of paragraph 62 of the Third Amended Complaint state conclusions of law requiring no answer.

63.

Except to admit that Wood Group PSN, Inc. has offices in Houston, Texas, defendant denies the allegations of paragraph 63 of the Third Amended Complaint.  Insofar as the allegations of paragraph 63 state conclusions of law, no answer is required.

64.

Insofar as the allegations of paragraph 64 assert fault on the part of Wood Group PSN, Inc., said allegations are denied.  Insofar as the allegations of paragraph 64 assert fault against other defendants, no answer is required from Wood Group PSN, Inc.  Insofar as the allegations of paragraph 64 state conclusions of law, no answer is required.

65.

Defendant avers that the allegations of paragraph 65 of the Third Amended Complaint state conclusions of law requiring no answer.  Insofar as the allegations of paragraph 65 of the Third Amended Complaint assert fault on the part of Wood Group PSN, Inc., said allegations are denied.  Insofar as the allegations of paragraph 65 assert fault against other defendants, no answer is required from Wood Group PSN, Inc.

66.

Defendant avers that the allegations of paragraph 66 of the Third Amended Complaint state conclusions of law requiring no answer.

67.

Defendant incorporates, re-alleges and re-avers its responses to all prior allegations as if fully set forth herein.

68.

Insofar as the allegations of paragraph 68, including sub-parts a through h and second sub-parts a through f, of the Third Amended Complaint assert fault on the part of Wood Group PSN, Inc., said allegations are denied. Insofar as the allegations of paragraph 68, including all sub-parts, assert fault against other defendants, no answer is required from Wood Group PSN, Inc.

69.

Defendant denies the allegations of paragraph 69 of the Third Amended Complaint.

70.

Defendant avers that the allegations of paragraph 70 of the Third Amended Complaint state conclusions of law requiring no answer.

## CROSS-CLAIM AGAINST BLACK ELK

1. Wood Group PSN, Inc., the successor in interest to Wood Group Production Services, Inc., is a Nevada corporation with offices located at 17000 Katy Freeway, Houston, Texas 77094 ("Wood Group").

2. Upon information and belief, cross-defendant, Black Elk Energy Offshore Operations, LLC, is a corporation organized and existing under the laws of the State of Texas with its headquarters located at 11451 Katy Freeway, Houston, Texas 77079 ("Black Elk").

3. On or about November 16, 2012, an explosion and fire occurred on the Black Elk West Delta 32 Block Platform, a site in the Gulf of Mexico operated by Black Elk.

4. As a result of the incident, a number of claims have been asserted against various parties, including Wood Group PSN, Inc. and/or Wood Group Production Services, Inc.

5. On the aforesaid date, there was in full force and effect a Master Service Agreement (the "Agreement") governing the relationship between Black Elk and Wood Group which included, among other provisions, indemnity and insuring obligations.

6. Pursuant to the terms of the aforesaid Agreement, Black Elk is obligated to release, defend, protect, indemnify and hold Wood Group harmless from and against any claims resulting from damage to, loss or destruction of any equipment or property owned, leased, rented, or hired by any member of the Black Elk Group (said term including claims by Grand Isle Shipyard) as well as for personal or bodily injury to or death of any member of Black Elk Group (including, but not limited to, employees of Grand Isle Shipyard and/or its subcontractors as well as the employees of other contractors of Black Elk). Accordingly, Wood Group is entitled to indemnity for all such claims presented, or to be presented, in this and/or any other litigation arising out of or relating to the aforesaid incident.

7. In addition to the foregoing, the Agreement in question requires that Black Elk have its underwriters name Wood Group as an additional insured against whom subrogation is waived with regard to all insurance policies maintained by Black Elk. To the extent Black Elk failed to do so, it has breached the contract and caused damage thereby to Wood Group.

8. A further provision of the Agreement provides that, if the work to be performed or rendered under the Agreement was subject to the Louisiana Oilfield Indemnity Act, Black Elk was required to submit an invoice to Wood Group for the additional cost of the aforesaid naming and waiving. Black Elk failed to comply with this obligation of the Agreement and, accordingly, has breached the contract, and if said Act is held applicable, caused damage thereby to Wood Group.

9. To date, claims subject to the aforesaid allegations have been asserted in the matters entitled: "*Edna Tajonera, et al v. Black Elk Energy Offshore Operations, LLC*" (bearing Civil Action No. 2:13-CV-0366 on the docket of the United States District Court for the Eastern District of Louisiana); "*Corporal, et al v. Black Elk Energy Offshore Operations, LLC*" (bearing Civil Action No. 2:13-CV-0550 on the docket of the United States District Court for the Eastern District of Louisiana); "*Grand Isle Shipyard, Inc. v. Black Elk Energy, LLC, et al*" (bearing Civil Action no. 2:13-CV-2496 on the docket of the United States District Court for the Eastern District of Louisiana); "*Canencia, et al v. Black Elk Energy, LLC, et al*" (bearing Civil Action No. 2:13-CV-5137 on the docket of the United States District Court for the Eastern District of Louisiana); *"Tamayo, et al. v. Black Elk Energy, LLC, et al"* (bearing Civil Action No. 2:13-cv-05508 on the docket of the United States District Court for the Eastern District of Louisiana); "*Major v. Grand Isle Shipyard, Inc., et al*" (bearing Civil Action No. 2:13-cv-06099 on the docket of the United States District Court for the Eastern District of Louisiana); *"Voclain v. Black Elk Energy, LLC, et al."* (bearing Civil Action No. 2:13-cv-6022 on the docket of the United States District Court for the Eastern District of Louisiana); *"Dominguez v. Black Elk Energy, LLC, et al"* (removed from the County Court at Law, Galveston County, State of Texas to the United States District Court for the Southern District of Galveston); "*Grand Isle Shipyard,*

*Inc. v. Black Elk Energy, LLC, et al*" (bearing Civil Action No. 2:14-cv-1714 on the docket of the United States District Court for the Eastern District of Louisiana). Wood Group is entitled to defense and indemnity for all such claims as well as for any claims to be asserted in the future arising out of the aforesaid incident.

## CROSS-CLAIM AGAINST GRAND ISLE SHIPYARD

1. Wood Group PSN, Inc., the successor in interest to Wood Group Production Services, Inc., is a Nevada corporation with offices located at 17000 Katy Freeway, Houston, Texas 77094 ("Wood Group").

2. Upon information and belief, Grand Isle Shipyard, Inc. ("GIS"), is a corporation organized and existing under the laws of the State of Louisiana and is authorized to do and is doing business in the State of Louisiana.

3. On or about November 16, 2012, an explosion and fire occurred on the Black Elk West Delta 32 Block Platform, a site in the Gulf of Mexico owned and operated by Black Elk.

4. As a result of the incident, a number of claims have been asserted against various parties, including Wood Group PSN, Inc. and/or Wood Group Production Services, Inc.

5. Upon information and belief, Grand Isle Shipyard, Inc. entered into a Master Service Agreement with Black Elk, which contained various obligations with regard to standards of performance, indemnification agreements and insuring obligations. GIS subsequently breached said contract and said breach caused damage to Wood Group.

6. Pursuant to the aforesaid agreement, GIS agreed to indemnify and hold harmless a number of parties, including Wood Group, from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees. Wood Group has sustained such damages and is entitled to indemnity from GIS.

7. Further, pursuant to the aforesaid agreement, GIS agreed to name Wood Group as an additional assured on its insurance policies and to have its underwriters waive subrogation against Wood Group.

8. Pursuant to the aforesaid contract, Wood Group avers it is entitled to contractual and tort indemnity from GIS and that, if it is liable for any damages, which is specifically denied, Wood Group is entitled to recover against GIS for any amounts Wood Group may be compelled to pay in judgment or settlement, together with legal interest thereon, as well as all attorneys' fees and costs incurred in connection with the defense of this matter and the defense of all other claims arising out of the occurrence that is subject of the principal claim as well as those damages associated with the enforcement of the aforesaid contract.

9. In addition, if GIS failed to procure the required insurance coverages, and/or failed to have Wood Group named as an additional assured on its insurance policies, or if GIS otherwise failed to fulfill its contractual obligations, then GIS breached its contract, causing damage to Wood Group and entitling Wood Group to recover against GIS any sums for which Wood Group may be required to pay.

10. To the extent GIS has failed to fulfill any of its obligations under its agreement which would have inured to the benefit of Wood Group, it is in breach of contract and Wood Group has sustained damages as a result thereof.

WHEREFORE, defendant prays for dismissal of this action, with prejudice, at plaintiffs' cost. In addition, Wood Group prays that it be granted judgment against Black Elk Energy Offshore Operations, LLC and judgment against Grand Isle Shipyard, Inc., *in solido*, for all amounts it shall be required to pay, and/or pay, by way of judgment, settlement, attorneys' fees and costs together with interest and all other recoverable costs.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

_____
HAL C. WELCH, T.A. (La. Bar No. 13344)
C. KIEFFER JOHNSON (La. Bar No. 31206)
MARNE A. JONES (La. Bar No. 32522)
601 Poydras Street, Suite 2200
New Orleans, Louisiana 70130-6097
Telephone: (504) 586-1241
FAX: (504) 584-9142
Email: hwelch@bmpllp.com
kjohnson@bmpllp.com
mjones@bmpllp.com

Attorneys for Defendant, Wood Group PSN, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing has been filed with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 27th day of March, 2015.

_____