## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EDNA TAJONERA, et al.**                          **CIVIL ACTION**

**VERSUS**                                          **NO. 13-0366**
                                                    **c/w 13-0550, 13-5137, 13-2496,**
                                                    **13-5508, 13-6022, 13-6099, 13-**
                                                    **6413, and 14-374**

**BLACK ELK ENERGY OFFSHORE OPERATIONS,**   **SECTION: "G"(5)**
**L.L.C., et al.**

### ORDER

On February 25, 2015, the Magistrate Judge assigned to this case imposed sanctions on Robert Reich ("Reich"), attorney for Grand Isle Shipyards, Inc. ("GIS"),[1] for reasons that were articulated by the Magistrate Judge in a separate Order and Reasons issued on March 3, 2015.[2] Before the Court  is GIS's  "Objection to Magistrate Judge's Order and Reasons."[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will sustain GIS's objections and remand the Magistrate Judge's order imposing sanctions for additional proceedings below.

### I. Background

#### A.    *February 25, 2015 Proceedings*

On February 6, 2015,  Black Elk Energy Offshore Operations, L.L.C. ("BEEOO") filed a "Motion for Protective Orders or, Alternatively, an Order Establishing Deposition Limitation."[4] The

---

[1] Rec. Doc. 583.

[2] Rec. Doc. 638.

[3] Rec. Doc. 645.

[4] Rec. Doc. 583.

1

motion, which was referred to the Magistrate Judge assigned to this case, sought certain protections concerning the length and scope of questioning in a follow-up deposition of BEEOO's CEO, John Hoffman, along with an allocation of time among the parties for an upcoming seven-hour deposition of another witness, Keith King ("King").[5] In its motion, BEEOO represented that during Hoffman's first deposition, GIS attorney Robert Reich employed "harassing and argumentative deposition tactics" intended "to delay and frustrate depositions in this case."[6] Without a protective order establishing limitations on Hoffman's follow-up deposition, according to BEEOO, "Mr. Hoffman will be subjected to another full day of repetitive, argumentative, and time-wasting questions solely for the purpose of harassing him."[7] Although BEEOO cited several instances of Reich's conduct during the Hoffman deposition which it believed to be inappropriate, BEEOO did not seek sanctions against Reich in its motion for a protective order.

On February 25, 2015, the Magistrate Judge held oral argument on BEEOO's "Motion for Protective Orders or, Alternatively, an Order Establishing Deposition Limitation."[8] In a Minute Entry following that hearing, the Magistrate Judge allotted time among the parties for the Hoffman and King depositions.[9] In addition, the Magistrate Judge stated as follows:

> As was the case previously with respect to the deposition of Mr. Arendt, Black Elk's present motion was largely precipitated by the conduct of counsel for GIS, Mr. Reich. In this Court's view, that conduct was in clear violation of the District Judge's Order of April 9, 2014 (rec. doc. 247) and the Federal Rules and is therefore sanctionable. Those sanctions will be assessed via a separate order to be issued by

---

[5] Rec. Doc. 583; Rec. Doc. 583-1 at p. 1.

[6] Rec. Doc. 583-1 at p. 6.

[7] *Id.* at p. 9.

[8] Rec. Doc. 583.

[9] Rec. Doc. 616 at p. 2.

the undersigned. At the continuation of Mr. Hoffman's deposition, a total of one hour will be allotted to the two parties who did not have an opportunity to question him previously and a total of one hour will be allotted to the parties who previously had an opportunity to question him, with the exception of Mr. Reich, who is prohibited from participating in the follow-up deposition. Questioning shall not be harassing or repetitive and, in keeping with the District Judge's minute entry of April 8, 2014, the parties with aligned interests should coordinate their questioning to streamline the process.[10]

**B.**     ***March 3, 2015 Order and Reasons***

On March 3, 2015, the Magistrate Judge ordered Reich "to attend ten (10) hours of continuing legal education in 2015 over and above what he is required to attend as a member of the Louisiana bar, all of which must be in the area of professionalism or ethics and offered either by the Federal Bar Association or the Louisiana State Bar Association."[11] The Magistrate Judge determined that, since BEEOO's motion for a protective order concerned Reich's conduct during a deposition, and because his deposition conduct had been the subject of at least one previous motion, it is properly analyzed pursuant to Rule 30, which provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence."[12] Rule 30(d)(2), according to the Magistrate Judge, provides that: "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any

---

[10] Rec. Doc. 616.  On April 8, 2014, during a status conference in this matter, certain counsel represented to the Court that attorneys have engaged in harassing and repetitive questioning during depositions, and requested that the Court issue an order proscribing such conduct. The Document instructed that prior to a deposition, parties with aligned interests in the case should decide which questions to pose to the witness and should designate lead counsel; other counsel may ask additional, non-repetitive questions after the initial questions, if necessary. The Court further instructed that all counsel should conduct themselves professionally. On April 9, 2014, the Court issued an Order requiring counsel to conduct themselves professionally at all times, and further ordering that during depositions, counsel shall not engage in harassing or repetitive questioning. *See* Rec. Docs 245, 247.

[11] Rec. Doc. 638 at p. 11.

[12] *Id.* at p. 3.

party—on a person who impedes, delays, or frustrates the fair examination of the deponent."[13] The Magistrate Judge found that Reich's conduct during the Hoffman deposition violated Rule 30, as well as the Louisiana Rules of Professional Conduct, and that "[t]he impact of his sub-standard conduct in this case is exacerbated by the numerous occasions on which he has been sanctioned by other judges of this district for similar – and in some cases identical – conduct."[14] The Magistrate Judge cites three cases from other sections of this district court where Reich's conduct during depositions or discovery has been found to be sanctionable.[15]

With respect to Reich's conduct during the Hoffman deposition, the Magistrate Judge cites an exchange which "involves Reich's asking Hoffman the same improper question some seven times over four pages of transcript."[16] During this exchange, Reich asks Hoffman repeatedly, and over BEEOO's objections, variations of the question "would you like to apologize to the families for the casualty and for the death of their loved ones?"[17] The Magistrate Judge determined that this initial question was unprofessional, offensive, and that Reich was "completely out of line" for asking it.[18] Characterizing this question as "nothing more than a premeditated stunt with no legitimate objective," the Magistrate Judge stated that "[s]tanding alone, the Court finds this conduct violates the Code of Professionalism of the Louisiana State Bar Association, which requires, in part, that

---

[13] *Id.* at p. 4.

[14] *Id.*

[15] *Id.* (*citing Bordelon Marine, Inc. v. F/V KENNY BOY*, 2011 WL 164636 (E.D. La. Jan. 9, 2011) (Wilkinson, M.J.); *Landers v. Kevin Gros Offshore, L.L.C.*, No. 08-CV-1293, 2009 WL 2046587 at *4 (E.D. La. July 13, 2009) (Shushan, M.J.); *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, No. 12-CV-2071, 2014 WL 2155242 at *2 n. 17 (E.D. La. May 21, 2014) (Vance, J.) (affirming Magistrate Judge Wilkinson's order assessing sanctions)).

[16] *Id.* at p. 6 (*citing* Tr. at 195–98).

[17] Tr. at 195.

[18] *Id.* at p. 9.

4

counsel conduct themselves with 'dignity, civility, courtesy and a sense of fair play.'"[19] The Magistrate Judge next notes that Reich proceeded to ask the improper question six more times, and, in doing so, repeatedly argued with the witness and demanded a "yes or no" answer to the question.[20] This conduct, according to the Magistrate Judge, was a violation of both the Federal Rules of Civil Procedure and this Court's April 9, 2014 Order that "counsel shall not engage in harassing or repetitive questioning."[21]

Additionally, the Magistrate Judge notes that "in the 73 pages of transcript in which he questioned Hoffman, Reich objected to the responsiveness of an answer an astonishing 22 times. The Court's review of these objections reveals that they are almost uniformly invalid and are simply a tool employed by Reich to set up his demands for 'yes or no' answers."[22] Also, the Magistrate Judge points to the "countless" times where Reich interrupts Hoffman "while he attempts to answer Reich's often vague and compound questions."[23] The Magistrate Judge found this to be "a deliberate tactic employed in furtherance of Reich's intentionally combative deposition strategy."[24] Moreover, the Magistrate Judge found that Reich's conduct had previously caused a party in this case to seek relief in a discovery motion before the Court.[25] Accordingly, the Magistrate Judge found Reich's conduct to be sanctionable pursuant to Rule 30, and ordered Reich to attend an additional ten hours

---

[19] *Id.*

[20] *Id.* at pp. 9–10 (*citing* Tr. 195-98).

[21] *Id.* at p. 10 (*citing* Rec. Doc. 247).

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] Rec. Doc. 638 at pp. 1–2.

of Continuing Legal Education  above and beyond the hours required by membership to the Louisiana Bar. It is from that order that GIS now appeals.

### C.      Procedural Background

GIS filed the pending "Objection to Magistrate Judge's Order and Reasons" on March 17, 2015.[26] BEEOO filed a memorandum in opposition on March 24, 2015,[27] and GIS filed a memorandum in further support for its motion on April 7, 2015.[28]

## II. Parties' Arguments

### A.      GIS's Arguments

GIS contends that the Magistrate Judge imposed sanctions without providing counsel for GIS adequate notice or a meaningful opportunity to be heard.[29] Moreover, according to GIS, the sanction requiring counsel for GIS to attend an additional ten hours of CLE, "above and beyond the hours required by membership to the Louisiana Bar, is overly burdensome, clearly erroneous, and contrary to the law."[30]

GIS argues, first, that "[w]hen considering sanctions against an attorney, the Court must provide the attorney with due process."[31] According to GIS, due process ordinarily requires the Court to provide the person subject to sanctions with notice of: (1) the reason for the sanctions; (2)

---

[26] Rec. Doc. 645.

[27] Rec. Doc. 648.

[28] Rec. Doc. 655.

[29] Rec. Doc. 645-2 at p. 2.

[30] Id.

[31] Id. at p. 3 (citing GMAC Bank v. HTFC Corp., 252 F.R.D. 253, 259 (E.D. Pa. 2008)).

the form of the sanctions; and (3) the legal rule authorizing the sanctions.[32]  When the notice does not sufficiently provide an opportunity for the person subject to sanctions to mount a meaningful defense, according to GIS, then the notice is invalid.[33] In this case, GIS contends, BEEOO's motion requested relief in the form of a protective order or, alternatively, an order establishing deposition limitations, but "[n]o sanctions were requested in that motion. In the absence of any sanctions requested, counsel for GIS was not given notice at all, much less notice that would allow him to mount a meaningful defense at the hearing."[34] It appears to be GIS's position that because the purpose of the February 25, 2015 hearing was to address the discovery-related issues raised in BEEOO's motion, "the Magistrate Judge thereafter *sua sponte* imposed sanctions beyond the scope of the requested relief and outside of the notice provided to counsel for GIS, in violation of the notice requirements of procedural due process."[35]

GIS also argues that the Magistrate Judge employed a standard of "sanctionable conduct" that was "vague, unclear, and not readily ascertainable."[36] Referring to the deposition of John Hoffman, GIS contends that the Magistrate Judge's Order and Reasons "notes that only a particular line of questioning was mentioned in Black Elk's motion," but that these questions "were necessary, proper, and not sanctionable under Rule 30."[37] GIS argues that the Hoffman questions were "relevant, legitimate, and served a definite purpose. These questions were designed to gauge whether

---

[32] *Id.*

[33] *Id.*

[34] *Id.* at p. 4.

[35] *Id.*

[36] *Id.*

[37] *Id.*

or not Black Elk is at fault. Counsel for GIS was attempting to obtain a responsive answer, necessary to the defense of GIS, in light of new information provided to the deponent."[38] GIS avers that plaintiffs' counsel joined it in objecting to the responsiveness of Hoffman's answers, and that "[j]oining in that objection operates to tacitly adopt the line of questioning, and demonstrates the value of such testimony to more than one party to these proceedings."[39] Moreover, "[b]y joining in the objection, that attorney essentially engaged in the same line of questioning for which counsel for GIS has been sanctioned, yet only counsel for GIS was penalized."[40]

Next, GIS argues that the Magistrate Judge further exceeded the scope of requested relief by "including the deposition of Steve Arendt in his review and consideration for the *sua sponte* sanctions."[41] According to GIS, no parties requested sanctions in relation to the Arendt deposition.[42] GIS contends that the Magistrate Judge erroneously "seeks to sanction counsel for GIS well after the fact, and through sanctions never requested by any party involved."[43] GIS additionally states that the Magistrate Judge failed to identify any specific conduct at the Arendt deposition that would be "worthy of these sanctions."[44]

GIS summarizes its arguments as follows:

The Magistrate Judge focuses his review primarily on counsel for GIS. Limiting the

---

[38] *Id.* at pp. 4–5.

[39] *Id.* at p. 5.

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.*

review of Hoffman's deposition in this manner unfairly prejudices counsel for GIS and overlooks conduct by other counsel involved in the Hoffman deposition. In particular, the Magistrate Judge takes offense to twenty two objections to responsiveness by counsel for GIS, while allowing the nearly seventy form objections by counsel for Black Elk, and an additional thirty-five form objections by counsel for Wood Group PSN, Inc.[45]

As an example of "additional conduct" by other attorneys present for the Hoffman deposition which, according to GIS, "could be subject to sanction," GIS contends that counsel for Wood Group "engaged in an argument on the record with the court reporter, who was simply attempting to preserve an accurate record of the proceedings," but that this conduct "has gone unnoticed and unsanctioned."[46]

Finally, GIS contends that the Magistrate Judge erroneously relied on *Bordelon Marine v. F/V KENNY BOY* in issuing the sanctions at issue.[47] In *Bordelon*, according to GIS, a different Magistrate Judge in this district court found certain objections made during a deposition to be sanctionable, but "overlooked unprofessional and sanctionable behavior by other attorneys participating in that deposition."[48] It appears to be GIS's position that the conduct in *Bordelon* was "more outrageous" than the conduct at issue here, and that accordingly *Bordelon* is distinguishable from the instant case.

## B.    *BEEOO's Arguments in Opposition*

In opposition, BEEOO argues that the Magistrate Judge "acted well within his authority under Federal Rule of Civil Procedure 30(d)(2) and his inherent authority when he sanctioned Reich

---

[45] *Id.* at pp. 5–6.

[46] *Id.* at p. 6.

[47] *Id.* (*citing Bordelon Marine v. F/V KENNY BOY*, 2011 WL 164636 (E.D. La. Jan. 9, 2011)).

[48] *Id.* at pp. 6–7.

for violating [this Court's] April 9, 2014 Order."[49] First, BEEOO contends that the deposition of Steve Arendt lasted over 8.5 hours, including 7 hours of testimony, of which "more than two" consisted of repetitive and harassing questions from Reich.[50] According to BEEOO, its counsel decided to conclude the Arendt deposition at that time, but "[b]efore an agreement could not [sic] be reached with D&R that adequately protected Mr. Arendt during the follow-up deposition, D&R filed a Motion to Compel against Black Elk seeking the production of Mr. Arendt and sanctions."[51] BEEOO avers that it filed an opposition explaining its reluctance to produce Arendt again, "without any protections from the court," and arguing that the deposition "could have been completed in one day but for the argumentative, repetitive, harassing, and irrelevant questioning by Reich that delayed and frustrated the fair examination of Mr. Arendt."[52] BEEOO also contends that it argued that sanctions should be imposed against GIS for Reich's violation of Rule 30(d)(2).[53]

With respect to the October 31, 2014 deposition of John Hoffman, BEEOO contends that the deposition lasted nearly eight hours, with nearly seven hours of testimony.[54] According to BEEOO, "[t]he deposition involved several heated exchanges, all involving Reich."[55] BEEOO submits that it agreed to produce Hoffman for a second day of deposition testimony, but filed a motion for a

---

[49] Rec. Doc. 648 at p. 1.

[50] *Id.* at p. 3.

[51] *Id.*

[52] *Id.* (*citing* Rec. Doc. 568).

[53] *Id.*

[54] *Id.* at p. 4.

[55] *Id.*

protective order on February 6, 2015, "seeking parameters" for the second day of testimony.[56] In that motion, according to BEEOO, it "provided an example of the type of repetitive and harassing questions that Reich has continued to ask of all Black Elk (and other) witnesses in this case."[57] BEEOO acknowledges that it did not request sanctions against Reich or GIS in that motion.[58] BEEOO additionally avers that, at the February 25, 2015 hearing before the Magistrate Judge, Reich did not object to the imposition of sanctions or request additional time to brief the issue.[59]

Turning to GIS's argument that the imposition of sanctions violates Reich's due process rights, BEEOO argues that notice and an opportunity to be heard are required only where the potential sanctions include suspension or disbarment, or where sanctions are imposed pursuant to Federal Rule of Civil Procedure 11.[60] According to BEEOO, "there is nothing with Rule 30, 18 U.S.C. § 401, or the case law discussing the Court's inherent authority that provides the same due process considerations."[61] BEEOO contends that Rule 30(d)(2) imposes no limitation on the Court's *sua sponte* authority to issue sanctions for deposition conduct.[62] Moreover, according to BEEOO, the advisory committee notes to Rule 30 suggest that courts may issue sanctions without a motion from a party.[63] BEEOO additionally argues that "the United States Supreme Court has noted that

---

[56] *Id.* (*citing* Rec. Doc. 583).

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] *Id.* at p. 9.

[61] *Id.*

[62] *Id.* (*citing Sec. Nat. Bank of Sioux City, Iowa v. Abbott Labs.*, 299 F.R.D. 595, 599 (N.D. Iowa 2014) *rev'd sub nom. Sec. Nat. Bank of Sioux City, IA ex rel. JMK v. Day*, No. 14-3006, 2015 WL 5042248 (8th Cir. Aug. 27, 2015)).

[63] *Id.*

courts generally may act *sua sponte* in imposing sanctions under the Rules."[64]

### C.     GIS's Arguments in Further Support

In further support of its motion, GIS first contends that BEEOO "acknowledges the contentious nature of the depositions that have been conducted in this matter, but fails to honestly relate to the Court the central role that counsel for Black Elk has played in creating that contentious environment."[65] According to GIS, BEEOO "without question shoulders much of the blame for the manner in which these depositions have unfolded, as a result of their own improper conduct."[66] Specifically, GIS represents that counsel for BEEOO made more than 1,400 objections during the depositions in this matter, and that these objections "have served to impede delay, and frustrate the examination of deponents."[67] According to GIS,

> While the many form objections of counsel for Black Elk are technically concise, they violate Rule 30 by failing to alert the examiner to the question's alleged defect, and do not allow the examiner any basis from which [to] rephrase the question. When an objector merely parrots the general language of the rule, that attorney's conduct creates difficulty in determining whether the objection was proper, or frivolous, as is most often the case here.[68]

GIS avers that "[t]hese numerous objections are damaging to both the spirit and the letter of the Federal Rules."[69]

GIS argues that BEEOO lodged nearly 100 objections during the deposition of John

---

[64] *Id.*

[65] Rec. Doc. 655 at p. 2.

[66] *Id.*

[67] *Id.* at p. 3.

[68] *Id.* (*citing Sec. Nat. Bank of Sioux City, Iowa v. Abbott Labs.*, 299 F.R.D. 595, 603 (N.D. Iowa 2014) *rev'd sub nom. Sec. Nat. Bank of Sioux City, IA ex rel. JMK v. Day*, No. 14-3006, 2015 WL 5042248 (8th Cir. Aug. 27, 2015)).

[69] *Id.* at p. 4.

Hoffman, "many without any valid basis under the rules."[70] Specifically, GIS points to several deposition excerpts to support its argument that BEEOO's counsel employed a "strategy of shielding himself behind purported objections to form, while concealing the true disruptive purpose of those objections," including the following:

> Schneider:  Do you believe Black Elk bears any responsibility in the deaths occurring from the explosion that occurred on West Delta 32 platform on November 16, 2012?
> Talley:     Object to the form.[71]

According to GIS, "[t]he questions to which Talley objects to, and all too frequently, are rarely deficient in any ascertainable way as to form, and further, were necessary questions for the proper representation of the respective clients of the various counsel participating in this matter."[72]

GIS also argues that BEEOO's counsel was "even more zealous" during the deposition of Kenneth Anthony. According to GIS, BEEOO's counsel made nearly 1,100 objections "in the continuance of Black Elk's campaign to prevent the fair examination of deponents in this matter."[73] These objections, GIS contends, "rarely have any valid basis and are lodged simply for the sake of objecting, with little other discernable purpose."[74] Moreover, according to GIS, these objections were "improper speaking objections in violation of Rule 30, which serve to suggest answers and unnecessarily delay depositions."[75] GIS also argues that BEEOO's counsel "makes a frequent

---

[70] *Id.* at p. 5.

[71] *Id.* at p. 5 (*citing* Deposition of John Hoffman, at 12:24–13:3).

[72] *Id.* at p. 6.

[73] *Id.* at p. 7.

[74] *Id.*

[75] *Id.* at p. 7 (*citing* Deposition of Kenneth Anthony, at 82:11–19; 247:7–22; 101:23–25; 454:24–455:6).

practice of refusing to allow the examiner to complete his question before lodging an objection," and that "[t]his behavior is certainly not the type that Rule 30 was intended to protect."[76]

Next, GIS contends that BEEOO's counsel lodged more than 200 objections during the deposition of Don Moss, and that these objections were "designed purely to frustrate fair examination of the deponent."[77] GIS also points to two portions of the Moss deposition wherein BEEOO's counsel allegedly "interrupted and spoke over the answers of the deponent and the questions of the examiner while making his constant improper objections to form."[78] According to GIS, these "[e]xcessive and unnecessary objections and interruptions give good cause to impose sanctions, and are the hallmark of counsel for Black Elk's repeated conduct in violation of Rule 30.

GIS additionally argues that "[c]ounsel for Wood Group has also lodged repeated and unnecessary objections during the depositions in this matter, easily exceeding 1,400 in number, and contributed equally along with counsel for Black Elk in creating the contentious environment of these depositions."[79] GIS points to the depositions of Kenneth Anthony and Clyde Self, wherein, according to GIS, counsel for Wood Group demonstrated inappropriate conduct that "undoubtedly served to delay and impede these depositions, and are worthy of their share of blame for the contentious environment that has been created as a result."[80]

---

[76] *Id.* at p. 9.

[77] *Id.* at pp. 9–10 (citing Deposition of Don Moss, at 132:14-18, 161:23-162:1, 261:1-4, 311:10-13).

[78] *Id.* at p. 10 (citing Deposition of Don Moss, at 168:6-12, 269:3-11).

[79] *Id.* at p. 12.

[80] *Id.* at pp. 12–14.

### III. Law and Analysis

*A.*    ***Applicable Law***

With certain exceptions not applicable here, a Magistrate Judge may hear and determine any pretrial matter pending before a district court.[81] When objections are raised to such a ruling, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law."[82]  Under this highly deferential standard, the court will reverse only when "on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed."[83]

In this case, the Magistrate Judge imposed sanctions on Reich pursuant to Federal Rule of Civil Procedure 30(d)(2), which authorizes courts to impose "appropriate" sanctions on any "person who impedes, delays, or frustrates the fair examination of the deponent."[84] "The meaning of 'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted as [t]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule."[85] "Many courts have construed Rule 30(d) (2) to apply to circumstances where a party's conduct at a deposition warranted remedial action."[86]

*B.*    ***Analysis***

At issue is whether the Magistrate Judge erred in *sua sponte* imposing sanctions on Reich,

---

[81] 28 U.S.C. § 636(b)(1)(A).

[82] Fed. R. Civ. P. 72(a).

[83] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[84] Fed. R. Civ. P. 30(d)(2).

[85] *Howell v. Avante Servs., LLC*, No. 12–293, 2013 WL 824715, at *5 (E.D. La. Mar. 6, 2013) (internal quotation marks omitted).

[86] *S. La. Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, Nos. 11–2715 & 12–0379, 2013 WL 1196604, at *8 (E.D. La. Mar. 22, 2013) (citing cases).

without first providing him notice or an opportunity to be heard.

GIS first argues, without citing any legal authority, that the Magistrate Judge erred in imposing sanctions *sua sponte.* However, courts may impose Rule 30(d)(2) sanctions on their own accord in order to deter ongoing and future misconduct.[87] Additionally,  the advisory committee notes to Rule 30 provide that the provisions of Rule 30(d) are generally "congruent" with Rule 26(g), which expressly allows courts to impose sanctions "on [their] own" motion.[88] Accordingly, to the extent that GIS argues that the Magistrate Judge was plainly erroneous in imposing sanctions *sua sponte*, as opposed to in response to a motion seeking such relief, the Court finds this argument to be without merit.

Next, GIS contends that the imposition of sanctions violate Reich's constitutional right to due process because he was not first provided with notice and a meaningful opportunity to be heard. BEEOO contends that neither notice nor a hearing is required for the imposition of sanctions under Rule 30(d)(2) and, regardless, that  the Magistrate Judge "orally notified Reich at the February 25, 2015 hearing that his conduct warranted sanctions and allowed him an opportunity to defend himself in Court; the actual Order was not issued until March 3, 2015. Reich had ample time to file a response with the Court or at least request an opportunity to file a pleading with the Court to address these issues, but he did not."[89]

As the record demonstrates, the Magistrate Judge decided on February 25, 2015 to sanction

---

[87] *Sec. Nat. Bank of Sioux City, IA ex rel. JMK v. Day*, No. 14-3006, 2015 WL 5042248, at *5 (8th Cir. Aug. 27, 2015) (*citing* Joe E. Estes, Discovery, 29 F.R.D. 191, 297 (1962);  William W. Schwarzer, Sanctions Under the New Federal Rule 11—A Closer Look, 104 F.R.D. 181, 197 (1985)).

[88] See Fed. R. Civ. P. 30(d)(2), advisory committee notes (1993 amendments); see also Fed. R. Civ. P. 26(g)(3).

[89] Rec. Doc. 648 at p. 10.

Reich. The March 3, 2015 order provided the reasons for that decision and an articulation of the sanction to be imposed, but it appears that the actual decision to impose sanctions was made on February 25, 2015.  The Court is not persuaded that the February 25, 2015 hearing on BEEOO's motion for a protective order regarding the length and scope of the follow-up deposition of John Hoffman was sufficient to provide Reich with either notice or a meaningful opportunity to be heard on the separate issue of sanctions. Reich was not ordered to show cause as to why sanctions should not be imposed, provided with a hearing on the issue, or given notice of the type of sanctions contemplated by the Magistrate Judge.  Accordingly, Reich had no prior opportunity to raise the arguments presently before this Court.

In support of imposing sanctions against Reich, both the Magistrate Judge and BEEOO cite *Security Nat. Bank of Sioux City, Iowa v. Abbott  Laboratories*, a district court case from the Northern District of Iowa. In that case, the district court noticed an attorney's improper deposition conduct during the course of reviewing portions of  the transcripts that the parties sought to have admitted into evidence at trial.[90] The court observed that the attorney "proliferated hundreds of unnecessary objections and interruptions during the examiner's questioning," and found that most of the objections lacked merit and often influenced how the witnesses responded to questions.[91] The district court ordered the attorney to show cause why sanctions under Rule 30(d)(2) should not be imposed, and later issued a separate order requiring her to identify a good faith basis for every

---

[90] *Sec. Nat. Bank of Sioux City, Iowa v. Abbott Labs.*, 299 F.R.D. 595 (N.D. Iowa 2014) *rev'd sub nom. Sec. Nat. Bank of Sioux City, IA ex rel. JMK v. Day*, No. 14-3006, 2015 WL 5042248 (8th Cir. Aug. 27, 2015).

[91] *Abbott Labs.*, 299 F.R.D. at 600.

objection she made during the deposition.[92] Although no parties filed a Rule 30(d) motion, the district court sanctioned the attorney for obstructionist deposition tactics after the conclusion of the jury trial.[93]  The sanction fashioned by the district court in *Abbott Labs.* required the attorney to produce a training video demonstrating appropriate deposition conduct.[94]

However, the district court decision in *Abbott Labs.* was reversed by the United States Court of Appeals for the Eighth Circuit on August 27, 2015, in part because "no advance notice was given of the unusual nature of the sanction being considered."[95] The Eighth Circuit observed that:

> It is well established that before sanctions are imposed under a federal rule or the court's inherent power, the intended recipient is to be given notice that sanctions against her are being considered and an opportunity to be heard. These requirements also apply when district courts impose sanctions on their own motion, although additional process may be due depending on the type and severity of the sanction ultimately imposed.[96]

The Eighth Circuit found that the attorney had no real notice of the unusual nature of the sanction that the district court had in mind. Specifically, "[w]hile the trial judge did provide defense counsel advance notice of his reasons for considering sanctions under Rule 30(d)(2), nothing was mentioned about their unusual nature requiring counsel to produce and distribute an instructional video addressing the impropriety of unspecified form objections, witness coaching, and excessive interruptions."[97] "Any opportunity to be heard would be of little value without notice of the nature

---

[92] *Id.*

[93] *Id.* at 611.

[94] *Id.* at 610-11.

[95]  *Sec. Nat. Bank of Sioux City, IA ex rel. JMK v. Day*, No. 14 3006, 2015 WL 5042248, at *6--7 (8th Cir. Aug. 27, 2015).

[96] *Id.* at * 7 (*citing*, e.g. Manual for Complex Litigation § 10.155).

[97] *Id.* at *8.

of a potential sanction, for only with that information can a party respond in a cogent way."[98]

The Court finds the Eighth Circuit's reasoning to be persuasive here. The Court notes that in *Abbott Labs.*, the district court ordered the attorney to show cause why Rule 30(d)(2) sanctions should not be imposed, accordingly providing her with some, albeit insufficient, notice and an opportunity to be heard. Such was not the case here, where Reich was provided with no notice that Rule 30(d)(2) sanctions were being considered, nor a meaningful opportunity to defend. Moreover, in support of its appeal of the Magistrate Judge's order, GIS cites numerous examples of deposition conduct by other parties which, it argues, should have been considered by the Magistrate Judge. However, since GIS was not provided with a meaningful opportunity to be heard on the issue of sanctions, these arguments were never considered by the Magistrate Judge and are before this Court for the first time on appeal.

Finally, both the Magistrate Judge and BEEOO point to other instances where Reich has been sanctioned by magistrate judges in this district court. However, Reich's previous conduct in other cases is not at issue here. Moreover, in each case cited by the Magistrate Judge or BEEOO, opposing counsel filed a motion for sanctions, which was granted only after notice was given and a hearing was held on the matter.[99] Here, in contrast, no motion for sanctions was filed, no notice of the contemplated sanctions was ever given, and no hearing on the issues of sanctions was held.

---

[98] *Id.*

[99] *See Howard v. Offshore Liftboats, LLC*, No. 13-4811, 2015 WL 965976, at *1 (E.D. La. Mar. 4, 2015) (North, M.J.) *aff'd*, 2015 WL 3796458 (E.D. La. June 18, 2015) (Morgan, J.) (granting plaintiff's motion for sanctions after holding oral argument); *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, No. 12-2071, 2014 WL 2155242, at *1 (E.D. La. May 22, 2014) (Vance, J.) (affirming magistrate judge's order granting plaintiff's motion for sanctions pursuant to Rule 37(a)(5)(B), which was issued after holding oral argument on the matter); *Bordelon Marine, Inc. v. F/V KENNY BOY*, No. 09-6221, 2011 WL 164636, at *1 (E.D. La. Jan. 19, 2011) (Knowles, M.J.) (granting plaintiff's motion for sanctions pursuant to Rule 30(d)(2) after holding oral argument); *Landers v. Kevin Gros Offshore, L.L.C.*, 2009 WL 2046587, at *1 (E.D. La. July 13, 2009) (Shushan, M.J.) (granting plaintiff's motion for sanctions after holding a telephone conference with the parties).

For the foregoing reasons, the Court finds that Reich was not afforded notice and a meaningful opportunity to be heard before the sanctions were imposed. Accordingly, GIS's objections are sustained, and this matter is remanded to the Magistrate Judge for further proceedings.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that GIS's objections are **SUSTAINED.**

**IT IS FURTHER ORDERED** that the "Order and Reasons"[100] is **REMANDED** to the Magistrate Judge to provide Reich with notice and a meaningful opportunity to be heard.

**NEW ORLEANS, LOUISIANA**, this ___2nd___ day of September, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[100] Rec. Doc. 638.