**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**EDNA TAJONERA, et al.**                                    **CIVIL ACTION**

**VERSUS**                                                           **NO. 13-0366
c/w 13-0550, 13-5137, 13-2496,
13-5508, 13-6022, 13-6099, 13-
6413, and 14-374**

**BLACK ELK ENERGY OFFSHORE OPERATIONS,**    **SECTION: "G"(5)**
**L.L.C., et al.**

<u>**ORDER**</u>

Before the Court is Wood Group PSN, Inc.'s ("Wood Group") and Grand Isle Shipyard

L.L.C.'s ("GIS") "Motion to Stay Civil Proceedings,"[1] wherein Wood Group and GIS seek to stay

the instant proceedings pending the outcome of parallel criminal charges against Wood Group,

Black Elk Energy Offshore Operations, L.L.C. ("BEEOO"), GIS, GIS supervisor Curtis Dantin,

Compass Engineering and Consultants, LLC ("Compass") contract superintendent Don Moss, and

Wood Group lead production operator Chris Srubar.[2] Having considered the motion, the memoranda

in opposition and in support, the record, and the applicable law, the Court herein denies the motion

to stay proceedings.

**I. Background**

The pending civil case and the nine civil cases consolidated with it arise out of a November

16, 2012 explosion that occurred on the West Delta 32 Block Platform ("WD-32"), an offshore oil

production platform owned by BEEOO. The explosion resulted in the deaths of three individuals,

---

[1] Rec. Doc. 755.

[2] Rec. Doc. 603.

1

injury to others, and the spillage of 500 barrels of oil into the Gulf of Mexico. Plaintiffs allege that BEEOO, Wood Group, Shamrock Management, L.L.C. ("Shamrock"), Compass,[3] Enviro Tech Systems, LLC,[4] and GIS were contractors of BEEOO allegedly involved in work being done on the Platform that day.[5]

On November 19, 2015, the federal government filed a criminal indictment charging BEEOO, GIS, Wood Group, GIS supervisor Curtis Dantin ("Dantin"), Compass contract superintendent Don Moss ("Moss"), and Wood Group lead production operator Chris Srubar ("Srubar") with various felony and misdemeanor counts.[6] BEEOO and GIS were each charged with three felony counts of involuntary manslaughter, eight felony counts under the Outer Continental Shelf Lands Act ("OCSLA"), and one misdemeanor count under the Clean Water Act.[7] Dantin, a plaintiff in the civil case, was charged with eight felony counts under the OCSLA, and one misdemeanor count under the Clean Water Act.[8] Wood Group and Srubar, who is also a plaintiff in the civil litigation, were each charged with six felony counts under the OCSLA and one misdemeanor count under the Clean Water Act.[9] Moss was charged with three felony counts under the OCSLA, and one misdemeanor count under the Clean Water Act.[10] All criminal defendants are

---

[3] Compass was dismissed from this lawsuit on August 26, 2014. *See* Rec. Doc. 406.

[4] Enviro-Tech was dismissed from this lawsuit on September 19, 2014. *See* Rec. Doc. 477.

[5] Rec. Doc. 590 at ¶¶ 22-27.

[6] Rec. Doc. 755-2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

set to be arraigned on December 9, 2015.[11]

Throughout this litigation, the parties have referred to the plaintiffs in the various cases as follows:

- 13-0366: Tajonera Plaintiffs

- 13-0550: Corporal Plaintiffs

- 13-5137: Canencia Plaintiffs

- 13-5508: Tamayo and Ilagan Plaintiffs

- 13-6022: Plaintiff Voclain

- 13-6413: Srubar and Gipson Plaintiffs

- 14-0374: Plaintiff Dominguez

Recognizing the number of individual plaintiffs spread out across each of these cases, the Court will continue with the parties' naming convention for simplicity.

Wood Group filed the pending motion, along with a motion to expedite hearing,[12] on November 25, 2015.[13] The Court initially denied the motion to expedite hearing on November 30, 2015.[14] On December 2, 2015, Wood Group sought reconsideration of the order denying expedited hearing and re-urged the Court to grant its request for a stay.[15] The Court, in an exercise of its broad discretion, set the motion for hearing on the briefs at 10:00 a.m. on December 4, 2015, and ordered

---

[11] Rec. Doc. 755-3.

[12] Rec. Doc. 756.

[13] Rec. Doc. 603.

[14] Rec. Doc. 757.

[15] Rec. Doc. 761.

3

that any memoranda in opposition to the motion be filed by 9:00 a.m. on December 4, 2015.[16] The following parties have filed memoranda in opposition to Wood Group and GIS's motion to stay: Gipson Plaintiffs,[17] Canencia Plaintiffs,[18] Plaintiff Dominguez,[19] Tamayo and Ilagan Plaintiffs,[20] Corporal Plaintiffs,[21] and BEEOO.[22] GIS has filed a memorandum joining in Wood Group's motion and adopting in whole Wood Group's arguments requesting that the Court stay the instant proceedings.[23]

## II. Parties' Arguments

### A.   Wood Group and GIS's Arguments in Support

Wood Group urges the Court to stay the civil proceedings, pending resolution of the criminal case.[24] GIS filed a response to Wood Group's motion, joining and adopting in whole Wood Group's arguments.[25] Wood Group and GIS note that district courts within the Fifth Circuit have recognized several factors in considering whether to stay a civil proceeding: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case,

---

[16] Rec. Doc. 772.

[17] Rec. Doc. 773.

[18] Rec. Doc. 774.

[19] Rec. Doc. 775.

[20] Rec. Doc. 776.

[21] Rec. Doc. 777.

[22] Rec. Doc. 778.

[23] Rec. Doc. 779.

[24] Rec. Doc. 755.

[25] Rec. Doc. 779.

4

including whether defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of the burden on the defendants; (5) the interests of the courts; and (6) the public interest."[26]

Wood Group and GIS assert that the first factor is the most important factor in determining whether a stay should be granted.[27] They argue that there is a common nucleus of operative facts in both the consolidated civil and criminal cases.[28] Wood Group and GIS contend that "[t]he overlap between the consolidated civil and criminal cases creates special circumstances which expose [them] to the risk of prejudice in the criminal case if both are allowed to proceed together."[29] According to Wood Group and GIS, the risk of prejudice is particularly acute because it does not have a Fifth Amendment privilege against self-incrimination.[30] Wood Group and GIS note that "the discovery process in the civil case has already yielded work product that the Government may attempt to offer as an admission at any criminal trial e.g., deposition testimony given by Chris Srubar, Philip Broussard, and Danny Gipson, all employees of WGPSN, and Curtis Dantin, an employee of GIS."[31] Wood Group and GIS assert that "[i]f the civil case proceeds on its current schedule, the process of further streamlining the case to make it ready for trial (for example, by stipulations) will only

---

[26] Rec. Doc. 755-1 at p. 3 (citing *Heller Healthcare Fin., Inc. v. Boyes*, No. 300-1335, 2002 WL 1558337, at * 2 (N.D. Tex. July 15, 2002); *SEC Mutuals.com, Inc.*, 2004 WL 1629929, at *3 (N.D. Tex. Jul. 20, 2004); *Frierson v. City of Terrell*, 2003 WL 21355969, at *2 (N.D. Tex. Jun. 6, 2003).

[27] *Id.*

[28] *Id.* at p. 3.

[29] *Id.*

[30] *Id.* at p. 4.

[31] *Id.* at p. 4.

increase the number of alleged admissions the Government may choose to offer at any criminal trial."[32] Wood Group and GIS argue that if the civil case proceeds the Government will be able to obtain information about its defenses beyond the scope of what it could obtain under Rule 16 of the Federal Rule of Criminal Procedure.[33]

As to the second factor, Wood Group and GIS note that they has been indicted, and [t]he 'strongest case' for staying civil proceedings is that in which a defendant must simultaneously defend against criminal and civil cases arising from the same incident."[34] Wood Group and GIS assert that "the Government should not be permitted to gain a greater tactical advantage than it would have if the civil case was not pending."[35]

Addressing the third and fourth factors, Wood Group and GIS acknowledge that the plaintiffs in the civil case have an interest in resolving the civil litigation quickly.[36] However, Wood Group and GIS argue that the plaintiffs will not be substantially prejudiced by a relatively brief delay pending resolution of the criminal proceedings.[37] Wood Group and GIS note that under the Speedy Trial Act, a trial date in the criminal matter will be set within 70 days of its December 9, 2015 arraignment.[38] In the event that the criminal case is continued, Wood Group and GIS assert that this

---

[32] *Id.*

[33] *Id.*

[34] *Id.* at p. 5 (citing *SEC v. Dresser Indus.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980)).

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

Court could reconsider whether to continue the stay.[39]

As to the fifth and six factors, Wood Group and GIS contend that the interests of the Court and the public will be advanced by the stay.[40] In support of its position, Wood Group and GIS rely on *Campbell v. Estland*, where the Fifth Circuit stated, "'[t]he very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first,' and '[a]dministrative policy gives priority to the public interest in law enforcement.'"[41] Wood Group and GIS assert that judicial economy will likely be served by a stay because "[t]he parties have not yet had to contend with the possibility that witnesses who were willing to testify or give depositions before the criminal charges were returned will now invoke their Fifth Amendment privileges."[42] According to Wood Group and GIS, "[t]he very brief delay contemplated by this motion is insignificant when balanced against the confusion and duplication that will inevitably result if the criminal and civil cases proceed simultaneously."[43]

In its motion for reconsideration of the Court's order denying its motion for expedited hearing on the motion to stay, Wood Group raises several additional arguments in support of its motion to stay.[44] GIS also joined the arguments asserted by Wood Group in the motion for reconsideration.[45] Wood Group and GIS assert that three critical depositions of liability experts

---

[39] *Id.* at p. 6.

[40] *Id.*

[41] *Id.* (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)).

[42] *Id.* at 7.

[43] *Id.*

[44] Rec. Doc. 761-1 at p. 1.

[45] Rec. Doc. 779.

remain, which will explore Wood Group's alleged negligence in connection with the November 16, 2012 incident.[46] Wood Group and GIS argue that these depositions will be used by the Government against it, "putting [them] at a significant disadvantage as compared to other criminal indictees, and giving the United States a significant advantage it does not ordinarily enjoy."[47] Wood Group and GIS aver that they are "concerned that if the civil trial proceeds before the criminal trial, the civil trial could be stymied and impeded by witnesses who may refuse to testify and the briefing of extraneous issues."[48] Wood Group and GIS also cite *Waste Management of Louisiana, LLC v. River Burch, Inc.*, wherein this Court previously granted a stay of a civil case pending resolution of criminal proceedings.[49]

## B.    *Arguments in Opposition*

Srubar and Gipson Plaintiffs,[50] Canencia Plaintiffs,[51] Plaintiff Dominguez,[52] Tamayo and Ilagan Plaintiffs,[53] Corporal Plaintiffs,[54] and BEEOO[55] all filed oppositions to the motion to stay. Srubar and Gipson Plaintiffs note that Plaintiff, Christopher Srubar, was indicted in the criminal

---

[46] *Id.* at pp. 1–2.

[47] *Id.* at p. 2.

[48] *Id.* at p. 4.

[49] *Id.* at 4 (citing *Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, No. 11-2405, 2012 WL 520660, at *5 (E.D. La. Feb. 15, 2012)).

[50] Rec. Doc. 773.

[51] Rec. Doc. 774.

[52] Rec. Doc. 775.

[53] Rec. Doc. 776.

[54] Rec. Doc. 777.

[55] Rec. Doc. 778.

case.[56] However, Srubar and Gipson Plaintiffs assert that any prejudice in proceeding with the civil case has already occurred because their depositions have been taken.[57] Accordingly, Srubar and Gipson Plaintiffs urge the Court to deny the motion to stay or, alternatively, allow settlement negotiations to continue.[58]

According to the Canencia Plaintiffs, "the ship has already sailed discovery is virtually completed – all fact witnesses have been heard from, and only a few experts remain to be deposed."[59] Canencia Plaintiffs note that when the Government earlier moved to stay these proceedings, Wood Group opposed the stay, arguing that a stay would prejudice Wood Group.[60] Canencia Plaintiffs note that none of Wood Group's witnesses have invoked the Fifth Amendment.[61] Canencia Plaintiffs assert that Wood Group cannot show how it will be prejudiced because discovery has been virtually completed.[62] Canencia Plaintiffs argue that allowing Wood Group "to stay the action without the ability to show evidence of prejudice is contrary to the law and could potentially prejudice these Plaintiffs who already have waited far too long for their day in court."[63]

Plaintiff Dominguez notes that Wood Group previously opposed the Government's motion

---

[56] Rec. Doc. 773 at p. 1.

[57] *Id.*

[58] *Id.* at pp. 1–2.

[59] Rec. Doc. 774 at p. 2.

[60] *Id.*

[61] *Id.*.

[62] *Id.* at p. 4 (citing *Day v. Apoliona,* 505 F.3d 963, 965 (9th Cir. 2007)).

[63] *Id.* at p. 5.

to stay these proceedings.[64] Plaintiff Dominguez asserts that the criminal and civil matters are not identical because the Government has not indicted "all potentially contributorily negligent plaintiffs and defendants."[65] Plaintiff Dominguez asserts that "Wood Group's main reason for seeking a stay is so it may keep its defense strategy secret from the Government."[66] However, according to Plaintiff Dominguez, "that genie is already out of the bottle" because discovery is nearly complete.[67] Plaintiff Dominguez argues that a stay at this stage would harm the plaintiffs' interests in a speedy resolution.[68] Moreover, Plaintiff Dominguez notes that at least two of the criminal defendants oppose a stay.[69] Finally, Plaintiff Dominguez avers that proceeding to trial in the civil case is in both the Court and the public's interest.[70]

Tamayo and Ilagan Plaintiffs also point to the fact that Wood Group previously opposed the Government's request for a stay in this case.[71] Moreover, Tamayo and Ilagan Plaintiffs note that criminal defendants BEEOO and Christopher Srubar oppose a stay.[72] Finally, Tamayo and Ilagan Plaintiffs assert that "all discovery has been conducted and completed in this civil matter and Wood Group cannot claim that this is a situation where the civil case will continue to unfold the facts and

---

[64] Rec. Doc. 775 at p. 3.

[65] *Id.*

[66] *Id.* at p. 4.

[67] *Id.*

[68] *Id.* at p. 5.

[69] *Id.* at p. 6.

[70] *Id.* at pp. 6–7.

[71] Rec. Doc. 776 at p. 1.

[72] *Id.* at p. 2.

testimony outside of the criminal case."[73] Therefore, Tamayo and Ilagan Plaintiffs urge the Court to deny Wood Groups request for a stay or, alternatively, defer ruling until the eve of the civil trial.[74]

Tajonera and Corporal Plaintiffs contend that, at this late stage of the litigation, the stay would serve only to delay the few remaining expert witness depositions, prevent the Court from ruling on pretrial and discovery motions, halt settlement discussions, and prevent the trial from proceeding.[75] Tajonera and Corporal Plaintiffs note that "Wood Group has already produced documents, produced a corporate representative for deposition, had employees deposed, filed agreed facts, and hired and produced its experts."[76] Tajonera and Corporal Plaintiffs assert that the risk of the Government obtaining information through discovery in the civil proceedings has passed.[77] To the extent that Wood Group is concerned about the effect of stipulations, Tajonera and Corporal Plaintiffs argue that Wood Group is not obligated to make any stipulations.[78] Tajonera and Corporal Plaintiffs assert that they will be prejudiced by a continuance of trial.[79] They note that it is unlikely the criminal trial will occur within 70 days of arraignment.[80] Finally, they aver that the interests of the Court and the public will be advanced by resolving this case.[81]

---

[73] *Id.*

[74] *Id.* at p. 3.

[75] Rec. Doc. 777 at p. 2.

[76] *Id.*

[77] *Id.* at p. 3.

[78] *Id.* at p. 3.

[79] *Id.* at p. 4.

[80] *Id.*

[81] *Id.*

BEEOO, which was indicted in the criminal case, also opposes the Motion to Stay.[82] BEEOO notes that liability discovery in this case is nearly complete, with the exception of depositions of liability experts, whose reports have been released.[83] Moreover, BEEOO notes that Wood Group's defense strategy has been outlined in its liability expert's report, the expert's deposition, Wood Group's corporate deposition, the deposition testimony of Wood Group's employees and in the preliminary Pretrial Order.[84] BEEOO asserts that "any arguable damage to Wood Group stemming from this civil proceeding has already been done."[85] BEEOO argues that the issues in the criminal and civil proceedings are not identical "[b]ecause the fault of fewer than all potentially culpable parties to the civil suit will be the focus of the criminal case."[86] BEEOO contends that any concerns Wood Group has about the effect of stipulations are unfounded because Wood Group would not be required to stipulate to anything that could be used against it in the criminal case.[87] BEEOO contends that the fact that Wood Group has been indicted should be given little weight because Wood Group and its employees have already been deposed in the civil suit.[88] BEEOO avers that "another stay of the case will do nothing but needlessly protract this litigation, causing the parties and the Court to expend additional time and costs for more years to come."[89] BEEOO asserts that Wood Group has

---

[82] Rec. Doc. 778 at p. 1.

[83] *Id.*

[84] *Id.*

[85] *Id.* at p. 2.

[86] *Id.* at p. 4.

[87] *Id.* at p. 5.

[88] *Id.* at p. 6.

[89] *Id.* at p. 8.

only asserted the possibility of prejudice, and has not shown the specific harm it will suffer if the civil case proceeds.[90]

### III.  Law and Analysis

*A.*   *Legal Standard*

There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[91] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[92] When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[93] Although it is not required to do so, a district court "may stay a civil proceeding during the pendency of a parallel criminal proceeding,"[94] or  "until the criminal case or the likelihood of a criminal case is ended."[95] Therefore, although "[t]he simultaneous prosecution of civil and criminal actions is generally unobjectionable,"[96] a stay of a pending civil action may be appropriate "when there is a real and appreciable risk of self-incrimination."[97]

---

[90] *Id.* at p. 10.

[91] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[92] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[93] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also*, *Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[94] *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[95] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996))).

[96] *First Fin. Grp.*, 659 F.2d at 667.

[97] *Brumfield v. Shelton*, 727 F.Supp. 282, 284 (E.D. La. 1989) (Mentz, J.) (citing *Kordel*, 391 U.S. at 8–9).

However, whether to stay a civil action pending resolution of a related criminal proceeding is a matter left to the court's discretion,[98] and the Fifth Circuit has determined that such a stay may be warranted only where "special circumstances" exist such that a party would suffer substantial and irreparable prejudice otherwise.[99]  Therefore, the "the mere possibility of prejudice" to the criminal defendant arising from discovery in the civil case does not necessarily warrant a stay.[100]  The burden to show that a stay is warranted rests on the movant,[101] and in determining whether a civil action should be stayed due to a criminal matter, courts within the Fifth Circuit have looked to six factors.[102]  These factors are:

1.      The extent to which the issues in the criminal case overlap with those presented in the civil case;

2.      The status of the criminal case, including whether the defendant has been indicted;

3.      The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

4.      The private interests of and burden on the defendant;

5.      The interests of the courts; and

---

[98] *Kordel*, 397 U.S. at 12 n.27.

[99] *First Fin. Grp.*, 659 F.2d at 668; *see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).

[100] *In re Ramu Corp.*, 903 F.2d at 320.

[101] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[102] *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test); *see also Lebouef v. Global X-Ray and Testing Corp.*, No. 07-5755, 2008 U.S. Dist. LEXIS 6470, at *4 (E.D. La. Jan. 29, 2008) (Barbier, J.) ("To determine whether special circumstances exist, the court must 'balance the competing constitutional and procedural interests of the parties,' as illustrated through the six-factor test . . . .") (citation omitted).

14

6.      The public interest.[103]

## B.      *Analysis*

### 1.      The extent to which the issues in the criminal case overlap with those presented in the civil case

Where there exists overlap between the civil and criminal proceedings, courts often feel compelled to grant a stay.[104] Many courts have found that "the similarity of the issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."[105] Having reviewed the indictments, the Court is convinced that the subject matter of this suit is "identical" or very similar, albeit broader, to the nature of the criminal proceedings.

Overlap between civil and criminal cases is an important factor specifically because such overlap increases the risk of a defendant's self-incrimination in civil proceedings.[106] As numerous opposing parties point out, that "ship has already sailed."[107] Discovery in this case is almost entirely complete, with only three liability experts left to be deposed remaining at the time Wood Group's motion for reconsideration was filed on December 2, 2015.[108] However, Wood Group stated that two of the liability experts were scheduled for depositions on December 3, 2015, and Wood Group

---

[103] *Alcala*, F.Supp. 2d at 399.

[104] *Astoria Entm't, Inc. v. Edwards*, No. 98-3359, 1999 U.S. Dist. LEXIS 6040, at *3 (E.D. La. Apr. 22, 1999) (Duval, J.).

[105] *See, e.g., Dominguez v. Hartford Fin. Servs. Grp.*, 530 F. Supp.2d 902, 906–07 (S.D. Tex. 2008).

[106] *See S.E.C. v. AmeriFirst Funding, Inc.*, No. 07-1188, 2008 WL 866065, at *2 (N.D. Tex. Mar. 17, 2008) (citing *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)); *Librado v. M.S. Carriers, Inc.*, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002).

[107] Rec. Doc. 774 at p. 2; *see also* Rec. Docs.775 at p. 1; 776 at p. 2; 777 at p. 2; 778 at p. 1.

[108] Rec. Doc. 761-1 at p. 1.

originally asked for an expedited submission date of December 10 or 11—after the depositions would have been taken.[109] Furthermore, because the remaining depositions are of expert witnesses, their reports have already been released.[110] It is disingenuous for Wood Group and GIS to argue now that proceedings must be immediately stayed after the vast majority of discovery has been completed and only two depositions—the content of which can be anticipated by the published expert reports—remain.

Although Wood Group and GIS argue that their strategy and tactics would be irreparably harmed if they must defend themselves simultaneously in civil and criminal proceedings, it is clear that any such damage has already been done.[111] Civil litigation in this matter has been pending for nearly three years, and liability discovery is almost complete. The parties have filed a joint proposed pretrial order and two drafts of jury instructions and verdict forms. Any incriminating statements that Wood Group and GIS now seek to avoid making have already been made. The motion to stay relies heavily on an issue that is largely moot at this point, and which Wood Group *agreed* was moot even in February 2015, when it filed an opposition to the government's motion to intervene in and stay the civil proceedings.[112] More than nine months ago, Wood Group argued that a stay was unnecessary because "all fact discovery is now, essentially, complete."[113]

The case is nearly ready for trial, and therefore the overlap between the civil and criminal

---

[109] *Id.*

[110] Rec. Doc. 778 at p. 1.

[111] Srubar, for example, who has also recently been indicted, argues that since his deposition has already been taken, any potential prejudice has already occurred. Rec. Doc. 773 at p. 1.

[112] Rec. Doc. 621.

[113] *Id.* at p. 1.

cases—and thus the risk that Wood Group and GIS would incriminate themselves—does not weigh as heavily in favor of a stay as it would have if the government had issued an indictment toward the beginning of the civil litigation. At this stage of the proceedings, however, the damage, if any, is done. Therefore, this factor does not weigh in favor of a stay.

### 2.      Status of Criminal Proceedings

Generally, a stay of a civil case is "most appropriate" when a party to the civil action has already been indicted for the same conduct.[114] Here, the government has indicted numerous parties in this case. Therefore, this factor weighs in favor of a stay. However, this factor alone is not dispositive of the issue.

### 3.      Plaintiffs' Interest

Plaintiffs contend that they would be prejudiced by a stay, considering that the trial in this matter is set to commence on June 20, 2016. Wood Group, when it opposed the government's motion to stay proceedings in February of 2015, recognized even then that a stay "would mean additional years of delay for these plaintiffs whose financial futures are likely to be significantly impacted by the outcome of this litigation. They are entitled to know what, if anything, they may recover and they are entitled to know in a timely fashion."[115] The Court is unpersuaded by Wood Group and GIS's argument now that Plaintiffs face no substantial prejudice and that they may, after all, see some recovery in the event that the defendants in the criminal case are convicted or plead guilty and because the applicable sentencing statutes "may allow" the sentencing court to "consider

---

[114] *See United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 762–63 (W.D. Tex. 2008).

[115] Rec. Doc. 621 at p. 7.

restitution."[116]

In February 2015, Wood Group argued that the government provided no time frame for its investigation, and that a stay could therefore result in "years" of delay.[117] Although the Court ultimately granted a limited stay of just 60 days,[118] Wood Group and GIS now seek an indefinite stay until the criminal proceedings are resolved, noting that because they have not waived their Speedy Trial rights, "a short stay may be all that is required."[119] Clearly, they are not factoring in the possible delays during appeal should convictions be imposed. Such appeals could take years.

Given the numerous delays in this complex civil litigation, the Court is unconvinced that any criminal proceedings in this matter will be resolved so quickly that Plaintiffs will suffer no significant prejudice in this civil litigation. Although Wood Group and GIS suggest that the Court could grant this motion to stay the case and then reconsider whether a further stay is necessary in the event that the trial in the criminal case is later delayed,[120] the Court finds that the harm that would be caused by such a stay, coupled with the unlikelihood that the criminal trial would proceed as rapidly as alleged by Wood Group and GIS, weigh against granting even a temporary stay.

Plaintiffs have a strong interest in the resolution of this matter, as they have noted in five oppositions filed to the instant motion. The incident at issue—in which three individuals died and numerous others were severely injured—occurred on November 16, 2012, and more than three years have passed since, with multiple continuations of the trial date, which is now six months away.

---

[116] Rec. Doc. 755-1 at p. 6.

[117] Rec. Doc. 621 at p. 7.

[118] Rec. Doc. 636.

[119] Rec. Doc. 761-1 at p. 4.

[120] Rec. Doc. 755-1 at p. 6.

Therefore, this factor weighs against staying the case.

### 4.     Defendants' Interest

When the government was still investigating its case, and when Wood Group presumably was aware that it was the target of a government investigation but before it had been indicted,[121] Wood Group argued that it would be prejudiced by a stay because it was eager for its day in court and was entitled to resolution of the pending claims.[122] Then, Wood Group argued that a stay would push any hope of a resolution of this matter "years into the future," and that witnesses and experts may be unavailable at that time.[123] Now, however, Wood Group has changed its tune, arguing that it will be substantially prejudiced if a stay is not granted, presumably because of the arguments, articulated above, concerning privilege and strategy.[124]

The Court begins by noting that two of the criminal defendants who have been indicted— Srubar, a plaintiff in the civil matter, and BEEOO, a defendant in the civil matter—oppose Wood Group and GIS's motion.[125] BEEOO notes that it "is in the exact same predicament as Wood Group," insofar as it faces a criminal indictment, "albeit for additional and more serious charges," but that any damage allegedly done to its criminal defense has already been completed.[126] In particular, BEEOO argues that there is no prejudice to defendants in the civil matter because liability discovery is "very nearly complete," because Wood Group's "defense strategy" has been published

---

[121] Rec. Doc. 778 at p. 10.

[122] Rec. Doc. 621 at p. 7.

[123] *Id.*

[124] Rec. Doc. 755-1 at pp. 5–6.

[125] Rec. Docs. 773, 778.

[126] Rec. Doc. 778 at p. 8.

and outlined in its own liability expert's report, the expert's deposition, Wood Group's two-day corporate deposition testimony, the deposition testimony of its employees on the platform, and the preliminary Pre-Trial Order filed on October 22, 2015.[127] BEEOO further notes that Wood Group has previously admitted that "[t]he Government has had unfettered access to all documents filed in connection with [the civil case] . . . ."[128] The Court addressed these facts under the first factor of the standard for determining whether to grant a motion to stay, and found that any risk of self-incrimination has already occurred through the extensive discovery already completed in this matter.

Moreover, it is hypocritical for Wood Group and GIS to have enjoyed the benefits of civil discovery, which is considerably broader than provided for in criminal proceedings, and to now argue that any additional discovery, however limited, will prejudice them in the criminal proceedings. Wood Group previously opposed a stay when the government requested one to aid its criminal investigation, yet now it seeks to delay the civil proceedings indefinitely when almost all parties who have opined on the matter—including two criminal defendants—seek to move forward with the case.

Wood Group's arguments of February 2015, when it initially opposed a stay of the proceedings, and not those it and GIS have now opportunistically alleged immediately following an indictment that they were well aware could be coming, prevail here. Therefore, the Court finds that, weighing the defendants' interests and burdens here, weighs in favor of a stay.

### 5.      The Court's Interest

In determining the propriety of a stay, a court can consider its own interests in efficient

---

[127] Rec. Doc. 778 at p. 1.

[128] *Id.* at p. 2.

administration and judicial economy," and courts have an interest in moving cases forward expeditiously.[129] "Further, before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'"[130]

Wood Group and GIS cite *Waste Management of Louisiana, LLC v. River Birch, Inc.*, a case in which this Court previously granted a motion to stay a civil trial while criminal proceedings were pending, in arguing that a stay would be warranted in this matter.[131] In *River Birch*, however, the Court granted a motion to stay proceedings just months after civil complaints were filed.[132] There, this Court sought to avoid duplicative discovery, and to possibly streamline the issues presented in the civil matter in light of the results of any criminal proceedings.[133] Here, however, the civil matter has already been pending for three years, and discovery is almost complete. Motions practice is also largely complete and trial is scheduled to commence on June 20, 2016. A preliminary Pre-Trial Order, as well as two drafts of jury instructions and verdict forms, have been submitted.

Wood Group and GIS argue that allowing the criminal trial to proceed first "may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the

---

[129] *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 765 (W.D. Tex. 2008).

[130] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (vacating an indefinite and protracted stay where the court had not even weighed competing interests in ordering the stay)).

[131] Rec. Docs. 755-1 at p. 2; 761-1 at p. 4 (citing *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2012 WL 520660, at *1 (E.D. La. Feb. 15, 2012) (Brown, J.).

[132] *See River Birch*, 2012 WL 520660, at *1.

[133] *Id.* at *5.

issues in this case."[134] The Court has lost track of the number of times it has been assured that the parties are on the cusp of settling. Further delay in order to aid settlement negotiations is clearly unwarranted. The Court has a strong interest in speedily resolving a case that has been pending before it for three years, and therefore this factor also weighs in favor of denying a stay.

### 6.    The Public Interest

Although the public interest in law enforcement sometimes weighs in favor of prioritizing criminal proceedings over civil matters,[135] the public also has an interest in the prompt resolution of civil cases.[136] In its previous Order granting a motion to stay in this case, the Court found that a narrowly tailored stay would not substantially harm Plaintiffs' interests, and the public interest in law enforcement therefore weighed in favor of a stay.[137] Now, however, another seven months have passed, and Wood Group and GIS seek an indefinite stay pending the resolution of all criminal proceedings in this matter. As noted repeatedly above, this case is set for trial on June 20, 2016 and the parties have made substantial additional steps toward preparing the case for trial. On the other hand, Wood Group and GIS have offered no persuasive argument that the public interest favors a stay. Therefore, this factor weighs against staying the case.

### IV. Conclusion

For the reasons stated above, the Court finds that only one of the six factors considered on a motion to stay warrants in favor of granting a stay. On a motion to stay proceedings, the moving

---

[134] Rec. Doc. 761-1 at p. 5.

[135] *Campbell v. Eastland*, 307 F.2d 478, 487 (5 Cir. 1962).

[136] *Fresenius*, 571 F. Supp. 2d at 765.

[137] Rec. Doc. 636 at p. 22.

party bears the burden to show that a stay is warranted.[138] Here, Wood Group and GIS have failed to meet their burden or show that "special circumstances" exist such that a party would suffer substantial and irreparable prejudice if a stay is not granted.[139] Accordingly,

**IT IS HEREBY ORDERED** that Wood Group and GIS's Motion to Stay Civil Proceedings[140] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __4th__ day of December, 2015.


_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[138] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[139] *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[140] Rec. Doc. 755.

23