**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDNA TAJONERA, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0366**<br>**c/w 13-0550, 13-5137, 13-2496,**<br>**13-5508, 13-6022, 13-6099, 13-**<br>**6413, and 14-374** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, L.L.C., et al.** | **SECTION: "G"(5)** |

<u>**ORDER**</u>

Pending before the Court is attorney Robert S. Reich's "Objections to Magistrate Judge North's September 30, 2015, Order and Reasons,"[1] sanctioning Reich for his deposition tactics while questioning adverse witness John Hoffman ("Hoffman"), the former Chief Executive Officer of Black Elk Energy Offshore Operations, L.L.C. ("BEEOO").[2] Having considered the pending motion, the memorandum in support, the record, and the applicable law, the Court will overrule Reich's objections and affirm the Magistrate Judge's September 30, 2015 Order.

**I. Background**

*A.     Procedural History*

On February 25, 2015, Magistrate Judge North imposed sanctions on Reich, attorney for Grand Isle Shipyards, Inc. ("GIS"),[3] for reasons that were articulated by the Magistrate in a separate Order and Reasons issued on March 3, 2015.[4] On March 17, 2015, GIS filed an "Objection to

---

[1] Rec. Doc. 718.

[2] Rec. Doc. 714.

[3] Rec. Doc. 608.

[4] Rec. Doc. 638.

1

Magistrate Judge's Order and Reasons" asserting that the Magistrate Judge erred in imposing sanctions without providing Reich adequate notice or a meaningful opportunity to be heard.[5] GIS also argued that the sanction—requiring Reich to attend an additional ten hours of CLE above that mandated by membership to the Louisiana bar—was "overly burdensome, clearly erroneous, and contrary to the law."[6] BEEOO filed an opposition to GIS's objection.[7] On September 3, 2015, this Court remanded the decision to the Magistrate, finding that he had not provided Reich with sufficient notice or a meaningful opportunity to be heard on the issue of sanctions, but offering no position on the merits of whether the sanctions were appropriate.[8]

Pursuant to this Court's Order, on September 3, 2015, Magistrate Judge North issued a Rule to Show Cause directing Reich to appear and show cause why the Court should not impose sanctions upon him.[9] On September 11, 2015, Reich filed a memorandum in support of his position,[10] to which only BEEOO—the party whose motion initially raised the issue of Reich's deposition conduct before the Magistrate—filed a response, on September 16, 2015.[11] Reich filed a reply on September 19, 2015.[12] The Magistrate Judge held a lengthy hearing on the matter on September 23, 2015, at

---

[5] Rec. Doc. 645-2 at 2.

[6] *Id.*

[7] Rec. Doc. 648.

[8] Rec. Doc. 686.

[9] Rec. Doc. 688.

[10] Rec. Doc. 698.

[11] Rec. Doc. 705.

[12] Rec. Doc. 706.

which Reich appeared and was represented by counsel.[13] On September 30, 2015, the Magistrate issued a 32-page written order sanctioning Reich.[14]

Reich filed the instant objections the Magistrate Judge's decision on October 14, 2015.[15] No party has filed a response to Reich's objections. This Court conducted oral argument on Reich's objections on December 9, 2015.[16]

**B.      *The Magistrate Judge's September 30, 2015 Order***

In his September 30, 2015 Order, the Magistrate noted that there are numerous mechanisms by which district courts exercise sanction powers, and "[r]egardless of the source, it is widely accepted that the primary purpose of sanctions is to deter frivolous litigation and ongoing and abusive tactics."[17] Because BEEOO's motion and the Rule to Show Cause concerned Reich's conduct during a deposition, the Magistrate Judge found it appropriate to analyze the conduct under Rule 30 of the Federal Rules of Civil Procedure and cases construing the rule.[18] Against this backdrop, the Magistrate Judge analyzed Reich's conduct during Hoffman's deposition.[19]

The Magistrate Judge cited a portion of the deposition transcript wherein Reich asked Hoffman whether he "would like to apologize to the families for the casualty and for the death of

---

[13] Rec. Doc. 709.

[14] Rec. Doc. 714.

[15] Rec. Doc. 718.

[16] Rec. Doc. 801.

[17] Rec. Doc. 714 at 8.

[18] *Id.* at 9.

[19] *Id.* at 10.

their loved ones."[20] "As a threshold matter," the Magistrate stated that he "continues to believe the initial question was inappropriate, unprofessional and abusive and [that he] agrees with the statement by counsel for Black Elk in response to the question that Reich was 'completely out of line' for asking it."[21] The Magistrate Judge found "no relevance, probity or other proper purpose in posing such a question."[22]

Reich argued that the question was proper because, early in the deposition, Hoffman had answered in the negative a question posed by Plaintiffs' counsel as to whether Hoffman believed Black Elk bore any responsibility for the casualty, and Hoffman was subsequently made aware of an email indicating that Black Elk may bare some responsibility.[23] The Magistrate Judge found this explanation wholly unconvincing, reasoning that "if circling back around to the question of fault or blame was actually Reich's purpose . . . there are far more acceptable ways of accomplishing that purpose, including, but not limited to, actually asking about fault or blame, rather than skipping straight to the more sensational and inflammatory issue of remorse or apology."[24] The Magistrate stated that based on his "review of the entire deposition transcript (including viewing it on DVD)," he "remain[ed] convinced the question was nothing more than a premeditated stunt with no legitimate objective."[25]

The Magistrate Judge noted that "if the single question was the only instance of problematic

---

[20] *Id.* at 10–13.

[21] *Id.* at 13.

[22] *Id.* at 14.

[23] *Id.*

[24] *Id.*

[25] *Id.*

conduct by Reich in this deposition," he would not have issued sanctions, as the question standing alone was improper but not sanctionable.[26]  However,  the Magistrate Judge noted that the single question did not stand alone, as Reich repeated the question six times, and "[i]n doing so, repeatedly interrupted, argued with and lectured the witness, demanding a 'yes or no' answer to his question in an inappropriately aggressive tone."[27]  The Magistrate found that this conduct was "a violation of Rule 30, the District Judge's April 9, 2014 Order that 'counsel shall not engage in harassing or repetitive questioning' and the Code of Professionalism."[28]

The Magistrate Judge noted that Reich objected to the responsiveness of Hoffman's answers 22 times during the deposition, which he opined was "a highly unusual phenomenon even in hard-fought litigation such as this."[29] Upon review of these objections,  the Magistrate Judge found that "they [were] almost uniformly invalid and [were] simply a tool employed by Reich to set up his demands for 'yes or no' answers after instructing the witness that the preceding question was a 'simple' one."[30]  The Magistrate found that this conduct was improper and sanctionable.[31]  The Magistrate Judge opined that "Reich's 'attacking' style [was] on full display throughout his examination of Hoffman, evident not only in the foregoing exchange but in the countless number of times he lecture[d] the witness as to the type of answer he must give and aggressively interrupts

---

[26] *Id.* at 14.

[27] *Id.* at 15.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

Hoffman while he attempts to answer Reich's often vague and compound questions."[32] The Magistrate Judge found that this conduct "delayed and impeded the fair examination of the witness, in violation of Rule 30."[33]

The Magistrate reviewed another portion of the deposition transcript, wherein counsel for Wood Group, Hal Welch, engaged in an argument with the court reporter, which Reich pointed to as evidence that other attorneys "could equally be seen in violation of Rule 30(b)(2)."[34] The Magistrate Judge noted that during this argument "Reich [made] repeated, lengthy speaking objections and interrupt[ed] his opponent to do it."[35]  The Magistrate Judge opined that the lawyers' speaking over each other "led the court reporter to interrupt and ask that they cease to do so, in order that she could make an 'accurate record.'"[36] The Magistrate stated that Reich's "everyone else is doing it" defense could not be used "to gloss over the gross impropriety of these objections being lodged by a lawyer who—better than anyone—should understand that such conduct would never be allowed in the courtroom."[37]

The Magistrate Judge found unconvincing Reich's argument that references to the Code of Professionalism of the Louisiana Bar Association in the Magistrate's original order issuing sanctions were misplaced.[38] He stated that the Code of Professionalism did not form the basis of the sanction

---

[32] *Id.* at 15–16.

[33] *Id.* at 16.

[34] *Id.*

[35] *Id.* at 19.

[36] *Id.* at 19–20.

[37] *Id.* at 20.

[38] *Id.*

assessed against Reich.[39] Rather, the Magistrate Judge opined that his observations regarding the Code of Professionalism served to underline the unprofessional nature of Reich's questioning and treatment of the witness.[40]

Further, the Magistrate Judge rejected Reich's argument that the term "unprofessional" is too vague to be used as a standard to sanction an attorney.[41] "[G]iven the number of times [Reich] has been sanctioned for unprofessional behaviors," the Magistrate reasoned that "Reich, as much as anyone, should have a fully refined sense of where the line between professionals and unprofessionals can and should be drawn."[42] The Magistrate found that prior sanctions imposed on Reich in other cases are relevant here because Reich made the argument that the term professionalism is too vague a term upon which to issue sanctions.[43] The Magistrate Judge also found that Reich's prior conduct was relevant to his request for leniency and in fashioning the appropriate sanction.[44]

For these reasons, the Magistrate Judge found "Reich's conduct in this case, specifically his repetitive and harassing questioning of Hoffman and his interrupting, arguing with and lecturing the witness, impeded, delayed and frustrated the fair examination of the deponent, in violation of Rule 30 of the Federal Rules of Civil Procedure."[45] The Magistrate Judge further found that Reich's

---

[39] *Id.*

[40] *Id.* at 21.

[41] *Id.*

[42] *Id.* at 22.

[43] *Id.* at 23.

[44] *Id.* at 23–24.

[45] *Id.*

repetitive and abusive questioning of Hoffman and the lengthy speaking objections he lodged during attorney for Wood Group Hal Welch's questioning would not be allowed in any courtroom by any judge in this District.[46] Finally, the Magistrate found that Reich's repetitive and harassing questions violated this Court's April 9, 2014 Order prohibiting harassing or repetitive questioning.[47]

Because he found that prior monetary sanctions had not deterred Reich's conduct in the past, the Magistrate Judge ordered Reich to attend an additional 10 hours of continuing legal education in 2015 over and above what he is required to attend as a member of the Louisiana bar, five of which must be in the area of professionalism or ethics, and as many as five of which may be in the area of federal civil procedure.[48] Reich was ordered to provide the Magistrate with documentation that he had complied with the order by no later than February 1, 2016.[49]

## II. Parties' Arguments

### A. Arguments Made by Reich's in His Objections to the September 30, 2015 Order

Reich urges the Court to review the Magistrate Judge's September 30, 2015 Order, and reverse the decision.[50] Reich asserts that his interrogation of Hoffman, an "adverse witness[,] did not overstep the boundaries of the Code of Professionalism, was not conducted in an 'inappropriately aggressive tone,' did not violate any Rule of Professional Conduct, or violate Rule 30(d)(2) inasmuch as his questioning did not unreasonably 'impede, delay, or frustrate Hoffman's

---

[46] *Id.*

[47] *Id.* at 25.

[48] *Id.* at 30–31.

[49] *Id.* at 31.

[50] Rec. Doc. 718-1 at 1.

deposition.'"[51]

Reich notes that  the Magistrate Judge reviewed a DVD of the deposition.[52] However, Reich was unable to determine who, if anyone, introduced the DVD into the record.[53] "If the DVD is not part of the Court record and/or otherwise is unavailable [for this Court's] review, Reich asks that on this basis alone, the Court reverse the Magistrate Judge's Order and Reasons."[54]

Reich relies on a Northern District of Texas case to support his assertion that the Court should apply a *de novo* standard of review to the issues presented here, because he asserts that the issues presented are legal, not factual.[55] Moreover, even applying a contrary to law standard, Reich asserts that the Magistrate Judge's decision is contrary to law, because the Magistrate "incorrectly applied Rule 30 inasmuch as Reich's questioning did not impede, delay, or frustrate Hoffman's deposition."[56]

Reich asserts that it is important for the Court to consider his "apology" question in context.[57] He notes that at the beginning of the deposition, Hoffman blamed GIS and Wood Group for the explosion.[58] During the deposition, Hoffman read an email suggesting that BEEOO employees

---

[51] *Id.* at 1–2.

[52] *Id.* at 7.

[53] *Id.*

[54] *Id.*

[55] *Id.* at 8 (citing *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904 (N.D. Tex. June 24, 2003) (Fitzwater, J.)).

[56] *Id.*

[57] *Id.* at 9.

[58] *Id.*

directed onsite fabrication that led to the explosion.[59] "Against this backdrop, and with Hoffman having earlier faulted Reich's client for the explosion and resulting deaths," Reich asserts that he asked Hoffman if he "would like to apologize to the families of the casualty for the deaths of their loved ones?"[60]

Reich argues that the Magistrate Judge was incorrect in his criticism of Reich for not first addressing the "question of fault or blame" before skipping "straight to the more sensational and inflammatory issue of remorse or apology."[61] Reich contends that other parties addressed fault or blame before he posed the apology question.[62] "By condemning the timing of Reich's 'apology' question to Hoffman, [Reich asserts that] the Magistrate Judge effectively used Rule 30 to punish Reich for violating trial advocacy precepts, which was improper."[63] Further, Reich asserts that the Magistrate Judge's finding that Reich's "apology" question lacked relevance is of no moment because Rule 30(d)(2) does not speak to the relevance or probative value of any question.[64] Reich notes that if Hoffman had apologized, a jury could have found such an apology relevant in assessing fault.[65] Moreover, Hoffman may not be available to testify at trial, and the deposition may be the only opportunity the attorneys will have to question Hoffman.[66] Finally, Reich notes that the parties

---

[59] *Id.* at 10.

[60] *Id.* at 11.

[61] *Id.*

[62] *Id.* at 12.

[63] *Id.* (citing *Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 643 (N.D. Ind. 1991)).

[64] *Id.*

[65] *Id.* at 13.

[66] *Id.*

involved in the deposition "did not invoke any rule that would have allowed Reich to correct any perceived deposition misconduct," and "[t]heir failure to do so contravenes the Magistrate Judge's finding that Reich's line of questioning was beyond the pale."[67]

Reich asserts that he had not "repeatedly interrupted, argued with and lectured [Hoffman] . . . in an inappropriately aggressive tone."[68] He asserts that the DVD of the deposition speaks for itself, as at no point in the deposition did he yell, lecture or act inappropriately.[69] He contends that depositions may be, to some extent, "annoying, embarrassing or oppressive, at least in the subjective estimation of the individual being examined."[70] Reich contends that "[t]he overwhelming majority of sanction cases falling under Rule 30(d)(2), particularly in this district, deal with either of two instances: (1) when a lawyer improperly defends a deposition . . . or (2) when a lawyer crosses the line in a deposition with threats, shouts, personal attacks, insults, and caustic comments."[71] He argues that neither of these instances apply here.[72] Reich asserts that he "earnestly believes" the questions he posed were necessary to exercise the reasonable diligence he owes to his client.[73]

Reich also objects to  the Magistrate Judge's finding that the objections Reich made to the responsiveness of Hoffman's answers were "almost uniformly invalid."[74] Reich notes that he was

---

[67] *Id.* at 13–14 (citing *Torchin v. Daryl*, 2014 WL 1715519, *2 n.3 (D. VI. May 1, 2014) (Miller, M.J.)).

[68] *Id.* at 14.

[69] *Id.*

[70] *Id.* at 14 (quoting *Smith*, 139 F.R.D. at 646).

[71] *Id.* at 15.

[72] *Id.*

[73] *Id.* at 16.

[74] *Id.*

required to object to the responsiveness of Hoffman's answers in order to preserve his objections.[75] Moreover, Reich asserts that he was required to state the basis of his objection so that the Court could later decide its validity.[76] Reich notes that "[w]hile the Magistrate Judge may not like Reich's style, Rule 30 does not provide a precise road map on deposition technique or punish earnest and vigorous cross-examination."[77] Further, Reich notes that the Magistrate Judge did not find that Reich's requests for "yes or no" answers were made in such manner as to unreasonably annoy, embarrass or oppress Hoffman.[78]

Reich agrees that he should not have asked the "apology" question multiple times.[79] However, he argues that to the extent this Court's instruction against repetitive questions, "dealt with cautioning attorneys, whose clients were in similar positions in the case, not to repeat questions another similarly-situated party's attorney had already asked, as the above wording suggests, then the Magistrate Judge erred by finding Reich violated this Court's April 9, 2014, Order."[80]

Reich requests that "this Court consider the totality of this case—not the other ones to which the Magistrate Judge continued to refer—and to conclude that no sanction is warranted for Reich's questioning of this adverse witness under Rule 30 or otherwise."[81] Accordingly, Reich asserts that

---

[75] *Id.* at 17.

[76] *Id.*

[77] *Id.* at 19.

[78] *Id.* at 20.

[79] *Id.* at 21.

[80] *Id.* at 22.

[81] *Id.* at 23.

12

this Court should reverse and vacate the Magistrate Judge's September 30, 2015 Order.[82]

**B. Arguments in Response to Reich's Objections**

No party has filed an response to Reich's objection despite receiving electronic notice of the objections filed by Reich on October 14, 2015.

### III. Law and Analysis

**A.     Standard of Review**

With certain exceptions not applicable here, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the [district] court."[83] When objections are raised to non-dispositive pretrial matters, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law."[84] Under this highly deferential standard, the court will reverse only when "on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed."[85]

Reich urges the Court to apply a *de novo* standard of review because he asserts that the issues presented here are issues of law. Reich relies on *Jefferson-Pilot Life Insurance Company v. Bellows*, a Northern District of Texas case, where the district court applied a *de novo* standard of review to issues of law raised on an appeal from a magistrate judge on a non-dispositive discovery ruling.[86] The Court is not persuaded by this non-binding authority. Rule 72(a) states that when objections are

---

[82] *Id.* at 24.

[83] 28 U.S.C. § 636(b)(1)(A).

[84] Fed. R. Civ. P. 72(a).

[85] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[86] Civ. Action No. 2002-1992 (June 24, 2003 (Fitzwater, J.) (citing *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex.1996) (Fitzwater, J.)).

timely filed to a non-dispositive order of a magistrate judge, the district court should "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[87]  Rule 72(b) imposes a different standard of review for a district court reviewing a magistrate judge's recommendations on dispositive matters. Pursuant to Rule 72(b)(2), a district court must apply a *de novo* standard of review to any part of a magistrate judge's recommendation on a dispositive matter "which has been properly objected to."[88]  Here, Reich objections relate to a non-dispositive, pretrial matter. Accordingly, pursuant to Rule 72(a), the Court will apply the "clearly erroneous" or "contrary to law" standard.[89]

## B. Applicable Law Under Rule 30

In this case, the Magistrate Judge imposed sanctions on Reich pursuant to Federal Rule of Civil Procedure 30(d)(2), which authorizes courts to impose "appropriate" sanctions on any "person who impedes, delays, or frustrates the fair examination of the deponent."[90]  "The meaning of 'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted as [t]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule."[91]  "Many courts have

---

[87] *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

[88] *See also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

[89] Reich also cites the Fifth Circuit's decision in *Allred v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993), to support his assertion that the Court should apply a *de novo* standard of review. There, the Fifth Circuit noted that it reviewed a district court's factual findings under a clearly erroneous standard and its legal conclusions *de novo*. *Id*. However, the Fifth Circuit noted that pursuant to Rule 72(a) a district court must set aside or modify a magistrate judge's order that is "found to be clearly erroneous or contrary to law." *Id*.

[90] Fed. R. Civ. P. 30(d)(2).

[91] *Howell v. Avante Servs., LLC*, Civ. Action No. 12–293, 2013 WL 824715, at *5 (E.D. La. Mar. 6, 2013) (Vance, J.) (citing *Glick v. Molloy, No*. CV 11–168–M–DWM–JCL, 2013 WL 140100, at *2 (D.Mont. Jan. 10, 2013)) (internal quotation marks omitted).

14

construed Rule 30(d) (2) to apply to circumstances where a party's conduct at a deposition warranted remedial action."[92]

C.     *Analysis*

1.     **Viewing of the DVD**

As a preliminary issue, Reich notes that the Magistrate reviewed a DVD of the deposition, but he was unable to determine who introduced the DVD into the record.[93] "If the DVD is not part of the Court record and/or otherwise is unavailable [for this Court's] review, Reich asks that on this basis alone, the Court reverse the Magistrate Judge's Order and Reasons."[94] The Court has reviewed the record and determined that the DVD of Hoffman's deposition was not made a part of the record by any party. Accordingly, the Court must first assess whether the Magistrate Judge erred in considering evidence outside the record.

In *Creative Soft Solutions v. Soaring Eagle Consulting*, the Fifth Circuit addressed a district court's viewing of a website that was not part of the record.[95] The Fifth Circuit found that any error in the court relying on evidence outside the record was harmless because "it was noted in passing in a footnote, was unrelated to the core of the district court's reasoning, and the outcome of the proceedings was not affected."[96]

In *Creative Soft Solutions*, the Fifth Circuit found the viewing of a website by the district

---

[92] *S. La. Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, Civ. Action Nos. 11–2715 & 12–0379, 2013 WL 1196604, at *8 (E.D. La. Mar. 22, 2013) (citing cases).

[93] Rec. Doc. 718-1 at 7.

[94] *Id.*

[95] 190 F. App'x 348, 349 (5th Cir. 2015).

[96] *Id.*

court distinguishable from its prior decision in *Kennedy v. Great Atlantic & Pacific Tea Co.*, where the court reversed a jury verdict for the plaintiff because the trial court permitted its law clerk to testify regarding his visit to the scene of a slip-and-fall injury.[97] There, the slip-and-fall occurred at the defendant's store on a rainy morning, and the law clerk visited the store after a rain storm, where he observed a puddle of water on the floor.[98] The Fifth Circuit observed that it was the "duty [of the law clerk] as much as that of the trial judge to avoid any contacts outside the record that might affect the outcome of the litigation."[99] The court reasoned that the finder of fact must be "'free from external causes tending to disturb the exercise of deliberate and unbiased judgment,'" noting that "'any ground of suspicion that the administration of justice has been interfered with [must not] be tolerated.'"[100] Accordingly, the Fifth Circuit concluded that the potential for prejudice resulting "from the identification of the witness with the trial judge" was so great that the verdict could not be permitted to stand.[101]

The Court finds the Magistrate Judge's reliance on the DVD was error, as the DVD is not in the record and unavailable for this Court to review. Unlike the Fifth Circuit's opinion in *Creative Soft Solutions*, where the appeals court found that any error in the district court reliance on evidence outside the record was harmless because "it was noted in passing in a footnote, was unrelated to the core of the district court's reasoning, and the outcome of the proceedings was not affected," here, the Magistrate Judge's review of the DVD appeared to significantly influence his decision, as he

---

[97] 551 F.2d 593 (5th Cir. 1977).

[98] *Id.*

[99] *Id.* at 596.

[100] *Id.* at 598

[101] *Id.* (quoting *Mattox v. United States*, 146 U.S. 140, 149 (1892)).

relied on his review of the DVD recording of the deposition at three points in his analysis of Reich's conduct. First, the Magistrate Judge noted that upon review of the deposition transcript, including viewing of the DVD, he remained "convinced the [apology] question [posed by Reich] was nothing more than a premeditated stunt with no legitimate objective."[102] Second, the Magistrate noted that Reich "repeatedly interrupted, argued with and lectured the witness, demanding a 'yes or no' answer to his question in an inappropriately aggressive tone.'"[103] In a footnote, the Magistrate explained that he had twice viewed a DVD of the deposition and found that "during the repetitive questioning of Hoffman at this point in the deposition, Reich was clearly arguing with and interrupting Hoffman and repeatedly failed to treat the witness with 'dignity, civility, courtesy and a sense of fair play,' or to conduct himself in a 'manner that simulates the dignified and serious atmosphere of the courtroom.'"[104] Finally, the Magistrate Judge opined that "[g]iven both the substance and tone" of Reich's questions, he should not be surprised by counsel for BEEOO repeatedly objecting to Reich's line of questioning.[105]

This Court is unable to evaluate the tone of Reich's questions, which appears to have significantly influenced the Magistrate Judge's decision. The Court finds that the Magistrate Judge's review of the DVD was clearly erroneous and contrary to law because the DVD is not in the record. However, the entire transcript of the deposition is in the record, and so, for the reasons that follow, the Court finds that such error was harmless because even relying only on the written transcript of

---

[102] Rec. Doc. 714 at 14.

[103] *Id.* at 15.

[104] *Id.* at n.9 (quoting *Bordelon Marine, Inc. v. F/V KENNY BOY*, 2011 WL 164636 at *5 (E.D. La. Jan. 9, 2011) (citing *Ethicon Endo–Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio 1995)).

[105] *Id.* at 28.

the deposition, the Court finds that the imposition of sanctions was not clearly erroneous or contrary to law.

### 2.      The Imposition of Sanctions

Reich asserts that this Court should consider his "apology" question in context.[106] He argues that at the beginning of the deposition, Hoffman blamed GIS and Wood Group for the explosion, but during the deposition, Hoffman read an email suggesting that BEEOO employees directed onsite fabrication that led to the explosion.[107] "Against this backdrop, and with Hoffman having earlier faulted Reich's client for the explosion and resulting deaths," Reich asserts that he asked Hoffman if he "would like to apologize to the families of the casualty for the deaths of their loved ones?"[108]

Even considering this backdrop, the Court notes that Reich went on to ask Hoffman the apology question at least four additional times.[109] Hoffman initially responded to Reich's question stating:

> Certainly, I have sorrow in my heart as to what happened. I also have a degree of anger in my heart that Grand Isle Shipyard construction workers did not know basic rules of using plumbers plugs, about what was in the oil tanks, about talking about isolation. There was a water release that was reported in the incident investigation which would have suggested that there was no energy isolation. So, sir, I put it back to you, would Grand Isle Shipyard want to apologize to the families.[110]

Following this response, Reich made an objection to responsiveness, stating that the answer should

---

[106] Rec. Doc. 718-1 at 9.

[107] *Id.* at 10.

[108] *Id.* at 10–11.

[109] *Id.* at 50–51.

[110] Rec. Doc. 718-2 at 50.

18

be a "simple yes or no."[111] He then repeated the question multiple times, and when Hoffman responded, objected to his responsiveness.[112] The Magistrate Judge found that Reich's initial posing of the question was inappropriate, but not sanctionable.[113] The Magistrate Judge relied on the fact that Reich repeatedly posed the question in determining that the line of questioning impeded and delayed the deposition.[114] Pursuant to Rule 30(d)(2), a court may impose "appropriate" sanctions on any "person who impedes, delays, or frustrates the fair examination of the deponent."[115] Accordingly, the Magistrate Judge's finding, even against the backdrop of prior admissions made by Hoffman in the deposition, was not contrary to law or clearly erroneous.[116]

Reich also contends that the Magistrate Judge was incorrect in his criticism of Reich for not first addressing the "question of fault or blame" before skipping "straight to the more sensational and inflammatory issue of remorse or apology," because other parties had addressed fault or blame before he asked the question.[117] According to Reich, "[b]y condemning the timing of Reich's 'apology' question to Hoffman, [Reich asserts that] the Magistrate Judge effectively used Rule 30 to punish Reich for violating trial advocacy precepts, which was improper."[118]  The Court finds this argument unpersuasive as the Magistrate Judge did not merely condemn the timing of Reich's

---

[111] *Id.*

[112] *Id.* at 50–15.

[113] Rec. Doc. 714 at 14.

[114] *Id.* at 24.

[115] Fed. R. Civ. P. 30(d)(2).

[116] Moreover, in his brief Reich agrees that he should not have asked the "apology" question multiple times. Rec. Doc. 718-1 at 21.

[117] *Id.* at 11–12.

[118] *Id.* (citing *Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 643 (N.D. Ind. 1991)).

question. While the Magistrate criticized the timing of the question, he based his finding that the conduct was sanctionable on the fact that repetitive and harassing questioning of Hoffman and Reich's interrupting, arguing and lecturing of Hoffman impeded, delayed and frustrated the fair examination of the deponent.[119] For this same reason, Reich's argument that the Magistrate should not have considered the relevance of the question also fails. The Magistrate Judge did not impose sanctions based on the relevance of the question, but instead based on the repetitive and harassing nature of the questioning. Reich asserts that he "earnestly believes" the questions he posed were necessary to exercise the reasonable diligence he owes to his client.[120] However, he provides no explanation for the repetitive nature of his questioning following Hoffman's initial response, and the Magistrate Judge found the repetitiveness of the questions to be harassing.

Reich also objects to the Magistrate Judge's finding that the objections Reich made to the responsiveness of Hoffman's answers were "almost uniformly invalid."[121] Reich notes that he was required to object to the responsiveness of Hoffman's answers in order to preserve his objections.[122] Moreover, Reich asserts that he was required to state the basis of his objection so that the Court could later decide its validity.[123] Further, Reich notes that the Magistrate Judge did not find that Reich's requests for "yes or no" answers were made in such manner as to unreasonably annoy, embarrass or oppress Hoffman.[124] The Court finds this argument equally unpersuasive. The

---

[119] Rec. Doc. 714 at 24.

[120] Rec. Doc. 718-1 at 16.

[121] *Id.*

[122] *Id.* at 17.

[123] *Id.*

[124] *Id.* at 20.

Magistrate Judge found that Reich used his objection as a "deliberate tactic employed by Reich throughout his questioning of Hoffman in furtherance of his intentionally combative deposition strategy."[125] After reviewing the record, this Court finds that such a finding was not clearly erroneous or contrary to law.

Finally, this Court agrees with Reich's assertion that this Court's April 9, 2014 Order instructing against repetitive questions, "dealt with cautioning attorneys, whose clients were in similar positions in the case, not to repeat questions another similarly-situated party's attorney had already asked."[126] However, any error in the Magistrate Judge's reliance on the April 9, 2014 Order is harmless because the Magistrate Judge based the sanctions imposed on a finding that Reich's "repetitive and harassing questioning of Hoffman and his interrupting, arguing with and lecturing the witness, impeded, delayed and frustrated the fair examination of the deponent, in violation of Rule 30 of the Federal Rules of Civil Procedure,"[127] and based upon a review of the record such a finding was not clearly erroneous or contrary to law.

---

[125] Rec. Doc. 714 at 15.

[126] *Id.* at 22.

[127] *Id.* at 24.

**IV. Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Reich's objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's September 30, 2015 Order and

Reasons is **AFFIRMED.**

**NEW ORLEANS, LOUISIANA**, this ___23rd___ day of December, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

22