UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDNA TAJONERA, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0366**<br> c/w 13-0550, 13-5137, 13-2496,<br> 13-5508, 13-6022, 13-6099,<br> 13-6413, 14-374, and 14-1714 |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, L.L.C., et al.** | **SECTION: "G"(5)** |

# ORDER

This litigation arises out of an explosion that occurred on November 16, 2012 on the Black Elk Energy West Delta 32 Block Platform, located in the Gulf of Mexico approximately 17 miles southeast of Grand Isle, Louisiana. Before the Court is Shamrock Management, L.L.C.'s ("Shamrock") "Reurged Motion for Summary Judgment"[1] in Case Numbers 13-366, 13-550, 13-5137, and 14-374. In the current motion, Shamrock reurges a motion for summary judgment that it initially filed on June 17, 2014[2] and which the Court denied on July 25, 2014,[3] arguing that "the undisputed facts in this case establish that Shamrock had no involvement in the events giving rise to plaintiffs' claims and plaintiffs will therefore be unable at trial to bear their burden of proof regarding their claims of negligence against Shamrock."[4]

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. On January 26, 2016, the Canencia Plaintiffs filed a notice of non-opposition to the pending motion, stating that they did

---

[1] Rec. Doc. 819.

[2] Rec. Doc. 310.

[3] Rec. Doc. 379.

[4] Rec. Doc. 819 at p. 1.

not oppose Shamrock's motion to dismiss their claims against the company, with each party to bear its own costs.[5] No opposition to the pending motion, which was set for hearing on February 3, 2016, was otherwise submitted, timely or otherwise. Accordingly, this motion is deemed unopposed. District courts may grant an unopposed motion as long as the motion has merit.[6]

Throughout this litigation, the parties have referred to the plaintiffs in the various cases as follows:

- 13-366: Tajonera Plaintiffs
- 13-550: Corporal Plaintiffs
- 13-5137: Canencia Plaintiffs
- 13-5508: Tamayo and Ilagan Plaintiffs
- 13-6022: Plaintiff Voclain
- 13-6413: Srubar and Gipson Plaintiffs
- 14-374: Plaintiff Dominguez

Recognizing the number of individual plaintiffs spread out across each of these cases, the Court will continue with the parties' naming convention for simplicity.

Shamrock initially filed a motion for summary judgment on June 17, 2014, arguing that depositions of all of the relevant fact witnesses revealed that there was no negligence on the part of either Shamrock or its only employee present on the West Delta 32 platform during the events giving rise to the Plaintiffs' claims, Harold Seghers, Jr. ("Seghers").[7] Shamrock's motion for summary judgment was opposed by Grand Isle Shipyard, Inc. ("GIS"), a co-defendant in the case, as well as Plaintiff Dominguez, the Canencia Plaintiffs, and the Tajonera and Corporal Plaintiffs—the only plaintiffs who have brought claims against Shamrock.[8] The plaintiffs adopted

---

[5] Rec. Doc. 854.

[6] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[7] Rec. Doc. 310-5 at p. 3.

[8] Rec. Docs. 329, 330, 331, 332.

the opposition filed by GIS, which argued that a number of contested facts existed concerning whether Seghers had breached a duty while working aboard the platform.[9]

On July 25, 2014, the Court denied Shamrock's motion for summary judgment, finding that disputed issues of material fact existed concerning: (1) whether Seghers knew about the Lease Automatic Custody Transfer system ("LACT") work being done on the platform; (2) whether Seghers should have known about the LACT unit work; and (3) whether Seghers kept Chris Srubar, an employee of Wood Group PSN, Inc. ("Wood Group") who was the "Person in Charge" of the platform and who supervised the LACT unit work, adequately apprised of the construction work being done on the platform.[10] The Court found that these disputed facts were material because it was undisputed that it was the work being done on the LACT unit that precipitated the incident that gave rise to Plaintiffs' claims in the instant suit.[11]

In the instant motion, Shamrock repeats the arguments it made in its first motion for summary judgment, and furthermore contends that additional depositions, including those of experts retained by the various parties, have since buttressed Shamrock's arguments that it is not liable or responsible for the incident that is the subject matter of the consolidated lawsuits.[12] According to Shamrock, both the fact witnesses previously cited by Shamrock and the expert witnesses now relied upon reveal that Shamrock in no way contributed to causing the incident.[13] In addition to evidence previously cited, Shamrock now urges the Court to consider the deposition testimony of expert

---

[9] Rec. Doc. 329 at p. 2.

[10] Rec. Doc. 379 at p. 22.

[11] *Id.*

[12] Rec. Doc. 819 at p. 2.

[13] Rec. Doc. 819 at pp. 6–7.

3

witnesses retained by both plaintiffs and defendants in this matter, including GIS, the only party to substantively oppose Shamrock's initial motion.[14] According to Shamrock, the experts retained by other parties — including John Hughett, Geoffrey Egan, John Steven Arendt, Jack T. Madeley, and Calvin Barnhill—address the concerns raised by the Court in its Order denying summary judgment and confirm that Seghers had no duty to know about the LACT unit work, and therefore no duty to keep Srubar apprised of the construction work being performed on the platform.[15]

As noted above, no party filed an opposition to Shamrock's motion, and, in fact, the Canencia Plaintiffs provided notice to the Court that they did not oppose Shamrock's motion.[16] Although a district court may not grant summary judgment solely on the basis that no party has filed an opposition,[17] the Court may consider here that the lack of opposition suggests that the material facts at issue are no longer in dispute.

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] The Tajonera Plaintiffs, Corporal Plaintiffs, Canencia Plaintiffs, and Plaintiff Dominguez all brought negligence claims against Shamrock in connection with the November 16, 2012 explosion.[19] In order to prevail on their negligence claims against Shamrock, Plaintiffs must

---

[14] *Id.* at p. 10.

[15] *Id.* at pp. 22–23.

[16] Rec. Doc. 854.

[17] *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

[18] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[19] *See* Rec. Doc. 82 at pp. 12–15; Rec. Doc. 83 at pp. 11–15; Rec. Doc. 86 at pp. 8–11; Case No. 14-374, Rec. Doc. 1 at pp. 5–6.

show that: (1) "the defendant had a duty to conform his conduct to a specific standard;" (2) "the defendant's conduct failed to conform to the appropriate standard;" (3) "the defendant's substandard conduct was a cause in fact of the plaintiff's injuries;" (4) "the defendant's substandard conduct was a legal cause of the plaintiff's injuries;" and (5) "actual damages."[20]

In its prior Order, the Court determined that there were contested issues of fact regarding duty, breach and causation, including whether Seghers knew or should have known about the LACT unit work and whether Seghers' failure to inform Srubar about the LACT work meant that it was done without Srubar's knowledge.[21] In its reurged motion, however, Shamrock includes a statement of uncontested material facts that largely reiterates its earlier arguments and cites deposition testimony of numerous supervisors and workers on the platform who state that Seghers was unaware of any LACT unit work and did not have any duties or responsibilities to oversee work performed by GIS personnel, who were working in the area of the LACT unit on the date in question.[22] Local Rule 56.1 provides that every motion for summary judgment must be accompanied by a separate and concise statement of the material facts which the moving party contends present no genuine issue. Local Rule 56.2 states that any opposition to a motion for summary judgment must include a separate and concise statement of the material facts which the opponent contends present a genuine issue. All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.

---

[20] *Lemann v. Essen Lange Daiquiris, Inc.*, 2005–1095 (La. 3/10/06); 923 So.2d 627.

[21] Rec. Doc. 379 at pp. 19–22.

[22] Rec. Doc. 819-11.

In this case, no parties appear to dispute the facts presented by Shamrock, and the Canencia Plaintiffs affirmatively declined to oppose the motion for summary judgment. Accordingly, the Court considers the facts recited by Shamrock to be uncontested. Although the Court notes that Shamrock has largely repeated factual arguments made in its initial motion for summary judgment, successive motions for summary judgment may be considered by courts where no genuine, disputed issues of material fact remain and there is therefore no need for a trial.[23]

As noted above, in order to prevail on their negligence claims against Shamrock, Plaintiffs must show that all five elements of a negligence claim are met: (1) duty, (2) breach, (3) factual cause, (4) legal cause, and (5) damages.[24] In *Lemann v. Essen Lane Daiquiris*, the Louisiana Supreme Court held that the "threshold issue" of whether a defendant owed a duty "is a question of law."[25] Although duty is a question of law, Louisiana courts do not grant summary judgment on the issue of duty where factual disputes exist or where credibility determinations are required.[26] Furthermore, questions of breach and causation are fact-driven inquiries typically left to the

---

[23] *See Enlow v. Tishomingo Cty.*, 962 F.2d 501, 506–07 (5th Cir. 1992) ("Successive motions for summary judgment . . . are not always aberrational. Courts have found that a subsequent summary judgment motion based on an expanded record is permissible."); *Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) ("While we certainly do not approve in general [of] the piecemeal consideration of successive motions for summary judgment . . . we do not believe the rules prohibit the consideration by a trial court of a second motion of this nature."); *see also Henderson v. Wal-Mart Stores, Inc.*, No. 14-224, 2015 WL 3901755, at *3 (E.D. Tex. June 23, 2015) ("[I]f there is no genuine dispute of material fact that Henderson's injuries were not the result of an activity, as Wal–Mart argues, then there is no need for a trial. It would be a considerable waste of the court's and the parties' resources to have a trial on an issue that could be resolved through motion practice.").

[24] *Lemann v. Essen Lange Daiquiris, Inc.*, 2005–1095 (La. 3/10/06); 923 So.2d 627.

[25] *Id.* at 633.

[26] *Parish v. L.M. Daigle Oil Co., Inc.*, 98-1716 (La. App. 3 Cir. 6/23/99); 742 So.2d 18, 10–11 ("Summary judgment is proper only where no duty exists as a matter of law and no factual or credibility disputes exists."); *Coates v. Nettles*, 563 So.2d 1257, 1259 (La. App. 1 Cir. 1990) ("Where there is no factual dispute which exists and no credibility determination required, the question of the existence of a duty is a legal question within the province of the trial judge."). *See also Robertson v. Blanchard Contractors, Inc.*, No. 11-1453, 2012 WL 6202988 (E.D. La. Dec. 12, 2012) (Brown, J) (same).

factfinder.[27] Given how heavily litigated this case has been, the Court takes the Canencia Plaintiffs' notice of non-opposition and the remaining Plaintiffs' failure to file an opposition as an indication that the material facts regarding duty, breach and causation are no longer genuinely in dispute. The facts, as recited by Shamrock, state that Seghers and Shamrock were in no way involved in the events that led to the explosion at issue in this case. As such, Plaintiffs would be unable to meet their burden at trial of proving all five elements of a negligence claim against Shamrock. Accordingly, summary judgment in Shamrock's favor is warranted.

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Shamrock's "Reurged Motion for Summary Judgment"[28] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 11th day of February, 2016.

*(signature)*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[27] *Brewer v. J.B. Hunt Transport, Inc.*, Nos. 2009-C-1408, 2009-C-1428 (La. 3/16/10); 35 So. 3d 230, 240; *Bridgefield Cas. Ins. Co. v. J.E.S., Inc.*, 2009-0725 (La. App. 1 Cir. 2009); 29 So. 3d 570, 574–75.

[28] Rec. Doc. 819.